**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| IN RE: BLACKBAUD, INC. CUSTOMER DATA SECURITY BREACH LITIGATION | Case No. 3:20-mn-02972-JMC<br><br>MDL No. 2972 |

## ANSWER TO AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Defendant Blackbaud, Inc. ("Blackbaud"), by counsel, states as follows as its Answer to the Amended Consolidated Class Action Complaint ("Amended Complaint").

**I.     INTRODUCTION**

1.     Blackbaud denies the allegations in paragraph no. 1.

2.     Blackbaud denies the allegations in paragraph no. 2.

3.     Blackbaud denies the allegations in paragraph no. 3.

4.     Blackbaud denies the allegations in the second sentence of paragraph no. 4. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

5.     Blackbaud denies the allegations in paragraph no. 5.

6.     Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 6 and consequently denies the same.

7.     Blackbaud denies the allegations in paragraph no. 7.

8.     Blackbaud denies the allegations in paragraph no. 8.

9.     The allegations in paragraph no. 9 purport to quote from or characterize documents authored by various Blackbaud employees or a third party retained by Blackbaud, and testimony offered by one of its employees, which speak for themselves.  To the extent the allegations

misquote, misconstrue, or mischaracterize those documents or testimony, or the documents or testimony reflect speculation or opinions inconsistent with the facts, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

10.     The allegations in paragraph no. 10 purport to quote from or characterize a document authored by Blackbaud, which speaks for itself.  To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations.  The allegations in paragraph no. 10 also purport to quote from or characterize a document authored by various Blackbaud employees and testimony offered by one of its employees, which speak for themselves.  To the extent the allegations misquote, misconstrue, or mischaracterize that document or testimony, or the document or testimony reflect speculation or opinions that are contrary to the facts, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

11.     Blackbaud denies the allegations in paragraph no. 11.

12.     Blackbaud denies the allegations in paragraph no. 12.

13.     The allegations in paragraph no. 13 purport to quote from or characterize testimony offered by one of Blackbaud's former employees, which speaks for itself.  To the extent the allegations misquote, misconstrue, or mischaracterize that testimony, or the testimony reflects speculation or opinions inconsistent with the facts, Blackbaud denies the allegations.

14.     Blackbaud denies the allegations in paragraph no. 14.

15.     Blackbaud denies the allegations in paragraph no. 15.

## II.     NATURE OF THE ACTION

16.     The allegations in paragraph no. 16 purport to quote from or characterize various documents authored by Blackbaud, which speak for themselves.  To the extent the allegations misquote, misconstrue, or mischaracterize those documents, Blackbaud denies the allegations.

Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph no. 16 and consequently denies the same.

17.    The allegations in paragraph no. 17 purport to quote from or characterize a document authored by Blackbaud, which speaks for itself.  To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

18.    The allegations in paragraph no. 18 purport to quote from or characterize a document authored by Blackbaud, which speaks for itself.  To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

19.    The allegations in paragraph no. 19 purport to quote from or characterize a document authored by Blackbaud, which speaks for itself.  To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

20.    The allegations in paragraph no. 20 purport to quote from or characterize various documents authored by Blackbaud, which speak for themselves.  To the extent the allegations misquote, misconstrue, or mischaracterize those documents, Blackbaud denies the allegations. Blackbaud denies any remaining allegations in this paragraph.

21.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 21 and consequently denies the same.

22.    The allegations in paragraph no. 22 purport to quote from or characterize a document authored by a third party, which speaks for itself.  Blackbaud is without knowledge or

information sufficient to form a belief as to the truth of these allegations and consequently denies the same.

23.     Blackbaud denies the allegations in paragraph no. 23.

24.     The allegations in paragraph no. 24 purport to quote from or characterize various documents authored by Blackbaud, which speak for themselves.  To the extent the allegations misquote, misconstrue, or mischaracterize those documents, Blackbaud denies the allegations. The allegations in paragraph no. 24 also purport to quote from or characterize a document authored by a third party, which speaks for itself.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of these allegations and consequently denies the same.  Blackbaud denies any remaining allegations in this paragraph.

25.     The allegations in paragraph no. 25 purport to quote from or characterize a document authored by a third party, which speaks for itself.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of these allegations and consequently denies the same.  Blackbaud denies any remaining allegations in this paragraph.

26.     Blackbaud denies the allegations in paragraph no. 26.

27.     The allegations in paragraph no. 27 purport to quote from or characterize a document authored by Blackbaud, which speaks for itself.  To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations.  The allegations in paragraph no. 27 also purport to quote from or characterize a document authored by a third party, which speaks for itself.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of these allegations and consequently denies the same.  Blackbaud denies any remaining allegations in this paragraph.

28.    The allegations in paragraph no. 28 purport to quote from or characterize a document authored by Blackbaud, which speaks for itself.  To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

29.    The allegations in paragraph no. 29 purport to quote from or characterize a document authored by Blackbaud, which speaks for itself.  To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations.  The allegations in paragraph no. 29 also purport to quote from or characterize a document authored by various Blackbaud employees and testimony offered by one of its employees, which speak for themselves. To the extent the allegations misquote, misconstrue, or mischaracterize that document or testimony, or the document or testimony reflect speculation or opinions inconsistent with the facts, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

30.    In response to paragraph no. 30, Blackbaud admits that its customers may have chosen to collect and store information of certain individuals in their product databases.  In further response, the allegations in paragraph no. 30 purport to quote from or characterize documents authored by third parties, which speak for themselves.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of these allegations and consequently denies the same.  Any remaining allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

31.    Blackbaud does not know the identity of "Confidential Witness No. 1", and thus cannot know this individual's position, time-frame of employment, or any details as to what may

have been said.  Blackbaud denies the truth of the statements purportedly made by "Confidential Witness No. 1" and any remaining allegations in this paragraph.

32.    Blackbaud denies the allegations in paragraph no. 32.

33.    Blackbaud does not know the identity of "Confidential Witness No. 1", and thus cannot know this individual's position, time-frame of employment, or any details as to what may have been said.  Blackbaud denies the truth of the statements purportedly made by "Confidential Witness No. 1" and any remaining allegations in this paragraph.

34.    Blackbaud denies the allegations in paragraph no. 34.

35.    Blackbaud denies the allegations in the first sentence of paragraph no. 35. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

36.    The allegations in paragraph no. 36 purport to quote from or characterize a document authored by a third party.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of these allegations and consequently denies the same.  Blackbaud denies any remaining allegations in this paragraph.

37.    The allegations in paragraph no. 37 purport to quote from or characterize a document authored by Blackbaud, which speaks for itself.  To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

38.    The allegations in paragraph no. 38 purport to quote from or characterize a document authored by Blackbaud, which speaks for itself.  To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

39.     Blackbaud denies the allegations in paragraph no. 39.

40.     Blackbaud denies the allegations in paragraph no. 40.

41.     Blackbaud denies the allegations in paragraph no. 41.

42.     The allegations in paragraph no. 42 purport to quote from or characterize a document authored by Blackbaud, which speaks for itself.  To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

43.     Blackbaud denies the allegations in paragraph no. 43.

44.     In response to paragraph no. 44, Blackbaud admits that it has provided certain customers with vouchers for two-years of Single Bureau Credit Monitoring, Protective Fraud Assistance, and Identity Monitoring and Fraud Resolution Services, which its customers could then provide to their individual constituents.  In further response, the allegations in paragraph no. 44 purport to quote from or characterize various documents authored by Blackbaud, which speak for themselves.  To the extent the allegations misquote, misconstrue, or mischaracterize those documents, Blackbaud denies the allegations.  The allegations in paragraph no. 44 also purport to quote from or characterize documents authored by third parties, which speak for themselves.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of these allegations and consequently denies the same.  Blackbaud denies any remaining allegations in this paragraph.

45.     Blackbaud denies the allegations in paragraph no. 45.

46.     Blackbaud denies the allegations in paragraph no. 46.

47.    The allegations in paragraph no. 47 are a characterization of Plaintiffs' claims, to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

48.    The allegations in paragraph no. 48 are a characterization of Plaintiffs' claims, to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## III.    PARTIES

### A.    Plaintiffs

49.    The allegations in paragraph no. 49 are a characterization of Plaintiffs' claims, to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to bring this action.  Blackbaud denies any remaining allegations in this paragraph.

50.    The allegations in paragraph no. 50 contain a definition of a term referenced in the Amended Complaint, to which no response is required.

### ALABAMA

51.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 51 and consequently denies the same. The remaining allegations in this paragraph are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue claims on behalf of citizens and residents of Alabama.

### ALASKA

52.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 52 and consequently denies the same. The remaining allegations in this paragraph are a characterization of Plaintiffs' claims to which no

response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue claims on behalf of citizens and residents of Alaska.

### ARIZONA

53.     Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 53 and consequently denies the same. The remaining allegations in this paragraph are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue claims on behalf of citizens and residents of Arizona.

### ARKANSAS

54.     Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 54 and consequently denies the same. The remaining allegations in this paragraph are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue claims on behalf of citizens and residents of Arkansas.

### CALIFORNIA

55.     Blackbaud is without knowledge or information sufficient to form a belief as to whether Plaintiff Kassandre Clayton is a resident and citizen of California or whether any of its customers obtained, stored and/or continue to store Plaintiff Clayton's Private Information in their product databases and consequently denies the allegations in the first two sentences of paragraph no. 55.  The allegations in this paragraph regarding Blackbaud's alleged duty are legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and consequently denies the same.

56.     Blackbaud denies the allegations in the second sentence of paragraph no. 56. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

57.     Blackbaud denies the allegations in the first sentence of paragraph no. 57. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

58.     Certain allegations in paragraph no. 58 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

59.     Certain allegations in paragraph no. 59 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

60.     The allegations in paragraph no. 60 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Clayton has suffered emotional distress as a result of the Data Breach.

61.     The allegations in paragraph no. 61 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Clayton has suffered actual injury as a result of the Data Breach.

62.     The allegations in paragraph no. 62 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Clayton has experienced actual identity theft or fraud as a result of the Data Breach.

63.     Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 63 and consequently denies the same.

64.     Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 64 and consequently denies the same. Blackbaud denies the remaining allegations in this paragraph.

65.     Blackbaud is without knowledge or information sufficient to form a belief as to whether Plaintiff Philip Eisen is a resident and citizen of California or whether any of its customers obtained, stored and/or continue to store Plaintiff Eisen's Private Information in their product databases and consequently denies the allegations in the first two sentences of paragraph no. 65. The allegations in this paragraph regarding Blackbaud's alleged duty are legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and consequently denies the same.

66.     Blackbaud denies the allegations in the second sentence of paragraph no. 66. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

67.     Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 67 and consequently denies the same.

68.     Blackbaud denies the allegations in the second sentence of paragraph no. 68. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

69.     Certain allegations in paragraph no. 69 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations.

Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

70.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 70 and consequently denies the same.

71.    The allegations in paragraph no. 71 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Eisen has suffered emotional distress as a result of the Data Breach.

72.    The allegations in paragraph no. 72 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Eisen has suffered actual injury as a result of the Data Breach.

73.    The allegations in paragraph no. 73 contain legal conclusions to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiff Eisen has experienced actual identity theft or fraud as a result of the Data Breach.

74.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 74 and consequently denies the same. Blackbaud denies the remaining allegations in this paragraph.

75.    Blackbaud is without knowledge or information sufficient to form a belief as to whether Plaintiff Mamie Estes is a resident and citizen of California or whether any of its customers obtained, stored and/or continue to store Plaintiff Estes' Private Information in their product databases and consequently denies the allegations in the first two sentences of paragraph no. 75.  The allegations in this paragraph regarding Blackbaud's alleged duty are legal conclusions to which no response is required.   To the extent a response is required, Blackbaud denies the

allegations.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and consequently denies the same.

76.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 76 and consequently denies the same.

77.    Certain allegations in paragraph no. 77 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

78.    Blackbaud denies the allegations in the first sentence of paragraph no. 78. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

79.    In response to paragraph no. 79, Blackbaud denies that it provided Crystal Stairs, Inc. with vouchers for Credit Monitoring, Protective Fraud Assistance, and Identity Monitoring and Fraud Resolution Services.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

80.    The allegations in paragraph no. 80 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Estes has suffered emotional distress as a result of the Data Breach.

81.    The allegations in paragraph no. 81 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Estes has suffered actual injury as a result of the Data Breach.

82.     The allegations in paragraph no. 82 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Estes has experienced actual identity theft or fraud as a result of the Data Breach.

83. Certain allegations in paragraph no. 83 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations that Plaintiff Estes has experienced identity theft or fraud as a result of the Data Breach.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

84.     Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 84 and consequently denies the same. Blackbaud denies the remaining allegations in this paragraph.

## COLORADO

85.     Blackbaud is without knowledge or information sufficient to form a belief as to whether Plaintiff Alexandra Mitchell is a resident and citizen of Colorado or whether any of its customers obtained, stored and/or continue to store Plaintiff Mitchell's Private Information in their product databases and consequently denies the allegations in the first two sentences of paragraph no. 85.  The allegations in this paragraph regarding Blackbaud's alleged duty are legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and consequently denies the same.

86.     Blackbaud denies the allegations in the second sentence of paragraph no. 86. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

87.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 87 and consequently denies the same.

88.    Blackbaud denies the allegations in the first sentence of paragraph no. 88. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

89.    Certain allegations in paragraph no. 89 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

90.    The allegations in paragraph no. 90 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Mitchell has suffered emotional distress as a result of the Data Breach.

91.    The allegations in paragraph no. 91 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Mitchell has suffered actual injury as a result of the Data Breach.

92.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 92 and consequently denies the same. Blackbaud denies the remaining allegations in this paragraph.

## CONNECTICUT

93.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 93 and consequently denies the same. The remaining allegations in this paragraph are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue claims on behalf of citizens and residents of Connecticut.

## DELAWARE

94.     Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 94 and consequently denies the same. The remaining allegations in this paragraph are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue claims on behalf of citizens and residents of Delaware.

## DISTRICT OF COLUMBIA

95.     Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 95 and consequently denies the same. The remaining allegations in this paragraph are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue claims on behalf of citizens and residents of the District of Columbia.

## FLORIDA

96.     Blackbaud is without knowledge or information sufficient to form a belief as to whether Plaintiff William Carpenella is a resident and citizen of Florida or whether any of its customers obtained, stored and/or continue to store Plaintiff Carpenella's Private Information in their product databases and consequently denies the allegations in the first two sentences of paragraph no. 96.  The allegations in this paragraph regarding Blackbaud's alleged duty are legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and consequently denies the same.

97.     Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 97 and consequently denies the same.

98.     Certain allegations in paragraph no. 98 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

99.     Blackbaud denies the allegations in the first sentence of paragraph no. 99. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

100.     The allegations in paragraph no. 100 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Carpenella has suffered emotional distress as a result of the Data Breach.

101.     The allegations in paragraph no. 101 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Carpenella has suffered injury as a result of the Data Breach.

102.     Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 102 and consequently denies the same.

103.     Certain allegations in paragraph no. 103 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations that Plaintiff Carpenella has experienced identity theft or fraud as a result of the Data Breach. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

104.     Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 104 and consequently denies the same. Blackbaud denies the remaining allegations in this paragraph.

105.    Blackbaud is without knowledge or information sufficient to form a belief as to whether Plaintiff Dorothy Kamm is a resident and citizen of Florida or whether any of its customers obtained, stored and/or continue to store Plaintiff Kamm's Private Information in their product databases and consequently denies the allegations in the first two sentences of paragraph no. 105. The allegations in this paragraph regarding Blackbaud's alleged duty are legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations.  Blackbaud is without knowledge or information sufficient to form a belief as to truth of any remaining allegations in this paragraph and consequently denies the same.

106.    Blackbaud denies the allegations in the second sentence of paragraph no. 106. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

107.    Blackbaud denies the allegations in the third sentence of paragraph no. 107. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

108.    Certain allegations in paragraph no. 108 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

109.    The allegations in paragraph no. 109 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Kamm has suffered emotional distress as a result of the Data Breach.

110.     The allegations in paragraph no. 110 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Kamm has suffered actual injury as a result of the Data Breach.

111.     Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 111 and consequently denies the same.

112.     Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 112 and consequently denies the same.

113.     Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 113 and consequently denies the same. Blackbaud denies the remaining allegations in this paragraph.

## GEORGIA

114.     Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 114 and consequently denies the same. The remaining allegations in this paragraph are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue claims on behalf of citizens and residents of Georgia.

## HAWAII

115.     Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 115 and consequently denies the same. The remaining allegations in this paragraph are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue claims on behalf of citizens and residents of Hawaii.

**IDAHO**

116.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 116 and consequently denies the same. The remaining allegations in this paragraph are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue claims on behalf of citizens and residents of Idaho.

**ILLINOIS**

117.    Blackbaud is without knowledge or information sufficient to form a belief as to whether Plaintiff Kathleen Arman is a resident and citizen of Illinois or whether any of its customers obtained, stored and/or continue to store Plaintiff Arman's Private Information in their product databases and consequently denies the allegations in the first two sentences of paragraph no. 117.   The allegations in this paragraph regarding Blackbaud's alleged duty are legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and consequently denies the same.

118.    Blackbaud denies the allegations in the second sentence of paragraph no. 118. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

119.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 119 and consequently denies the same.

120.    Blackbaud denies the allegations in the second sentence of paragraph no. 120. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

121.     Certain allegations in paragraph no. 121 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

122.     In response to paragraph no. 122, Blackbaud admits that it did not offer credit monitoring or identity theft protection services directly to Plaintiff Arman, with whom Blackbaud had no direct relationship, contractual or otherwise.

123.     The allegations in paragraph no. 123 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Arman has suffered emotional distress as a result of the Data Breach.

124.     The allegations in paragraph no. 124 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Arman has suffered actual injury as a result of the Data Breach.

125.     The allegations in paragraph no. 125 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Arman has experienced actual identity theft or fraud as a result of the Data Breach.

126.     Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 126 and consequently denies the same. Blackbaud denies the remaining allegations in this paragraph.

127.     Blackbaud is without knowledge or information sufficient to form a belief as to whether Plaintiff Helen Lofton is a resident and citizen of Illinois or whether any of its customers obtained, stored and/or continue to store Plaintiff Lofton's Private Information in their product databases and consequently denies the allegations in the first two sentences of paragraph no. 127.

The allegations in this paragraph regarding Blackbaud's alleged duty are legal conclusions to which no response is required. To the extent a response is required, Blackbaud denies the allegations. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and consequently denies the same.

128.    Blackbaud denies the allegations in the second sentence of paragraph no. 128. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

129.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 129 and consequently denies the same.

130.    Blackbaud denies the allegations in the first sentence of paragraph no. 130. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

131.    Certain allegations in paragraph no. 131 contain legal conclusions to which no response is required. To the extent a response is required, Blackbaud denies the allegations. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

132.    The allegations in paragraph no. 132 contain legal conclusions to which no response is required. To the extent a response is required, Blackbaud denies that Plaintiff Lofton has suffered emotional distress as a result of the Data Breach.

133.    The allegations in paragraph no. 133 contain legal conclusions to which no response is required. To the extent a response is required, Blackbaud denies that Plaintiff Lofton has suffered actual injury as a result of the Data Breach.

134.    The allegations in paragraph no. 134 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Lofton has experienced actual identity theft or fraud as a result of the Data Breach.

135.    Certain allegations in paragraph no. 135 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations that Plaintiff Lofton has experienced identity theft or fraud as a result of the Data Breach.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

136.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 136 and consequently denies the same. Blackbaud denies the remaining allegations in this paragraph.

### INDIANA

137.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 137 and consequently denies the same. The remaining allegations in this paragraph are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue claims on behalf of citizens and residents of Indiana.

### IOWA

138.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 138 and consequently denies the same. The remaining allegations in this paragraph are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue claims on behalf of citizens and residents of Iowa.

## KANSAS

139.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 139 and consequently denies the same. The remaining allegations in this paragraph are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue claims on behalf of citizens and residents of Kansas.

## KENTUCKY

140.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 140 and consequently denies the same. The remaining allegations in this paragraph are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue claims on behalf of citizens and residents of Kentucky.

## LOUISIANA

141.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 141 and consequently denies the same. The remaining allegations in this paragraph are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue claims on behalf of citizens and residents of Louisiana.

## MAINE

142.    Blackbaud is without knowledge or information sufficient to form a belief as to whether Plaintiff Catharine Gignac is a resident and citizen of Maine or whether any of its customers obtained, stored and/or continue to store Plaintiff Gignac's Private Information in their product databases and consequently denies the allegations in the first two sentences of paragraph no. 142.   The allegations in this paragraph regarding Blackbaud's alleged duty are legal

conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and consequently denies the same.

143.    Blackbaud denies the allegations in the second sentence of paragraph no. 143. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

144.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 144 and consequently denies the same.

145.    Blackbaud denies the allegations in the second sentence of paragraph no. 145. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

146.    Certain allegations in paragraph no. 146 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

147.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 147 and consequently denies the same.

148.    The allegations in paragraph no. 148 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Gignac has suffered emotional distress as a result of the Data Breach.

149.    The allegations in paragraph no. 149 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Gignac has suffered actual injury as a result of the Data Breach.

150.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 150 and consequently denies the same.

151.    Certain allegations in paragraph no. 151 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations that Plaintiff Gignac has experienced identity theft or fraud as a result of the Data Breach.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

152.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 152 and consequently denies the same. Blackbaud denies the remaining allegations in this paragraph.

## MARYLAND

153.    Blackbaud is without knowledge or information sufficient to form a belief as to whether Plaintiff Joseph Frontera is a resident and citizen of Maryland or whether any of its customers obtained, stored and/or continue to store Plaintiff Frontera's Private Information in their product databases and consequently denies the allegations in the first two sentences of paragraph no. 153.  The allegations in this paragraph regarding Blackbaud's alleged duty are legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and consequently denies the same.

154.    Blackbaud denies the allegations in the second sentence of paragraph no. 154. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

155.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 155 and consequently denies the same.

156.    Blackbaud denies the allegations in the second sentence of paragraph no. 156. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

157.    Certain allegations in paragraph no. 157 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

158.    In response to paragraph no. 158, Blackbaud admits that it did not offer credit monitoring or identity theft protection services directly to Plaintiff Frontera, with whom Blackbaud had no direct relationship, contractual or otherwise.

159.    The allegations in paragraph no. 159 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Frontera has suffered emotional distress as a result of the Data Breach.

160.    The allegations in paragraph no. 160 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Frontera has suffered actual injury as a result of the Data Breach.

161.    The allegations in paragraph no. 161 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Frontera has experienced actual identity theft or fraud as a result of the Data Breach.

162.    Certain allegations in paragraph no. 162 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations that Plaintiff Frontera has experienced identity theft or fraud as a result of the Data Breach.  Blackbaud

is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

163.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 163 and consequently denies the same. Blackbaud denies the remaining allegations in this paragraph.

## MASSACHUSETTS

164.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 164 and consequently denies the same. The remaining allegations in this paragraph are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue claims on behalf of citizens and residents of Massachusetts.

## MICHIGAN

165.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 165 and consequently denies the same. The remaining allegations in this paragraph are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue claims on behalf of citizens and residents of Michigan.

## MINNESOTA

166.    Blackbaud is without knowledge or information sufficient to form a belief as to whether Plaintiff William Glasper is a resident and citizen of Minnesota or whether any of its customers obtained, stored and/or continue to store Plaintiff Glasper's Private Information in their product databases and consequently denies the allegations in the first two sentences of paragraph no. 166.  The allegations in this paragraph regarding Blackbaud's alleged duty are legal conclusions to which no response is required.  To the extent a response is required, Blackbaud

denies the allegations.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and consequently denies the same.

167.    Blackbaud denies the allegations in the second sentence of paragraph no. 167. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

168.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 168 and consequently denies the same.

169.    Blackbaud denies the allegations in the second sentence of paragraph no. 169. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

170.    Certain allegations in paragraph no. 170 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

171.    The allegations in paragraph no. 171 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Glasper has suffered emotional distress as a result of the Data Breach.

172.    In response to paragraph no. 172, Blackbaud admits that it did not offer credit monitoring or identity theft protection services directly to Plaintiff Glasper, with whom Blackbaud had no direct relationship, contractual or otherwise.

173.    The allegations in paragraph no. 173 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Glasper has suffered actual injury as a result of the Data Breach.

174.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 174 and consequently denies the same.

175.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 175 and consequently denies the same. Blackbaud denies the remaining allegations in this paragraph.

176.    Blackbaud is without knowledge or information sufficient to form a belief as to whether Plaintiff Eric Mandel is a resident and citizen of Minnesota or whether any of its customers obtained, stored and/or continue to store Plaintiff Mandel's Private Information in their product databases and consequently denies the allegations in the first two sentences of paragraph no. 176. The allegations in this paragraph regarding Blackbaud's alleged duty are legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and consequently denies the same.

177.    Blackbaud denies the allegations in the second sentence of paragraph no. 177. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

178.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 178 and consequently denies the same.

179.    Blackbaud denies the allegations in the second sentence of paragraph no. 179. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

180.    Certain allegations in paragraph no. 180 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations.

Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

181.    In response to paragraph no. 181, Blackbaud admits that it did not offer credit monitoring or identity theft protection services directly to Plaintiff Mandel, with whom Blackbaud had no direct relationship, contractual or otherwise.

182.    The allegations in paragraph no. 182 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Mandel has suffered emotional distress as a result of the Data Breach.

183.    The allegations in paragraph no. 183 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Mandel has suffered actual injury as a result of the Data Breach.

184.    The allegations in paragraph no. 184 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Mandel has experienced actual identity theft or fraud as a result of the Data Breach.

185.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 185 and consequently denies the same. Blackbaud denies the remaining allegations in this paragraph.

## MISSISSIPPI

186.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 186 and consequently denies the same. The remaining allegations in this paragraph are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue claims on behalf of citizens and residents of Mississippi.

## MISSOURI

187.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 187 and consequently denies the same. The remaining allegations in this paragraph are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue claims on behalf of citizens and residents of Missouri.

## MONTANA

188.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 188 and consequently denies the same. The remaining allegations in this paragraph are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue claims on behalf of citizens and residents of Montana.

## NEBRASKA

189.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 189 and consequently denies the same. The remaining allegations in this paragraph are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue claims on behalf of citizens and residents of Nebraska.

## NEVADA

190.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 190 and consequently denies the same. The remaining allegations in this paragraph are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue claims on behalf of citizens and residents of Nevada.

## NEW HAMPSHIRE

191.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 191 and consequently denies the same. The remaining allegations in this paragraph are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue claims on behalf of citizens and residents of New Hampshire.

## NEW JERSEY

192.    Blackbaud is without knowledge or information sufficient to form a belief as to whether Plaintiff Donna Steinhorn is a resident and citizen of New Jersey or whether any of its customers obtained, stored and/or continue to store Plaintiff Steinhorn's Private Information in their product databases and consequently denies the allegations in the first two sentences of paragraph no. 192.  The allegations in this paragraph regarding Blackbaud's alleged duty are legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and consequently denies the same.

193.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 193 and consequently denies the same.

194.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 194 and consequently denies the same.

195.    Blackbaud denies the allegations in the second sentence of paragraph no. 195. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

196.    Certain allegations in paragraph no. 196 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations.

Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

197.    In response to paragraph no. 197, Blackbaud admits that it did not offer credit monitoring or identity theft protection services directly to Plaintiff Steinhorn, with whom Blackbaud had no direct relationship, contractual or otherwise.

198.    The allegations in paragraph no. 198 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Steinhorn has suffered emotional distress as a result of the Data Breach.

199.    The allegations in paragraph no. 199 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Steinhorn has suffered actual injury as a result of the Data Breach.

200.    The allegations in paragraph no. 200 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Steinhorn has experienced actual fraud as a result of the Data Breach.

201.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 201 and consequently denies the same.

202.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 202 and consequently denies the same. Blackbaud denies the remaining allegations in this paragraph.

203.    Blackbaud is without knowledge or information sufficient to form a belief as to whether Plaintiff Rachel Roth is a resident and citizen of New York or whether any of its customers obtained, stored and/or continue to store Plaintiff Roth's Private Information in their product databases and consequently denies the allegations in the first two sentences of paragraph no. 203.

The allegations in this paragraph regarding Blackbaud's alleged duty are legal conclusions to which no response is required. To the extent a response is required, Blackbaud denies the allegations. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and consequently denies the same.

204.    Blackbaud denies the allegations in the third sentence of paragraph no. 204. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

205.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 205 and consequently denies the same.

206.    Certain allegations in paragraph no. 206 contain legal conclusions to which no response is required. To the extent a response is required, Blackbaud denies the allegations. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

207.    The allegations in paragraph no. 207 contain legal conclusions to which no response is required. To the extent a response is required, Blackbaud denies that Plaintiff Roth has suffered emotional distress as a result of the Data Breach.

208.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 208 and consequently denies the same.

209.    The allegations in paragraph no. 209 contain legal conclusions to which no response is required. To the extent a response is required, Blackbaud denies that Plaintiff Roth has suffered actual injury as a result of the Data Breach.

210.    The allegations in paragraph no. 210 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Roth has experienced actual identity theft or fraud as a result of the Data Breach.

211.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 211 and consequently denies the same. Blackbaud denies the remaining allegations in this paragraph.

### NEW MEXICO

212.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 212 and consequently denies the same. The remaining allegations in this paragraph are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue claims on behalf of citizens and residents of New Mexico.

### NEW YORK

213.    Blackbaud is without knowledge or information sufficient to form a belief as to whether Plaintiff Ralph Peragine is a resident and citizen of New York or whether any of its customers obtained, stored and/or continue to store Plaintiff Peragine's Private Information in their product databases and consequently denies the allegations in the first two sentences of paragraph no. 213.  The allegations in this paragraph regarding Blackbaud's alleged duty are legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and consequently denies the same.

214.    Blackbaud denies the allegations in the second sentence of paragraph no. 214. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

215.     Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 215 and consequently denies the same.

216.     Blackbaud denies the allegations in the second sentence of paragraph no. 216. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

217.     Certain allegations in paragraph no. 217 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

218.     In response to paragraph no. 218, Blackbaud admits that it did not offer credit monitoring or identity theft protection services directly to Plaintiff Peragine, with whom Blackbaud had no direct relationship, contractual or otherwise.

219.     The allegations in paragraph no. 219 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Peragine has suffered emotional distress as a result of the Data Breach.

220.     The allegations in paragraph no. 220 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Peragine has suffered actual injury as a result of the Data Breach.

221.     The allegations in paragraph no. 221 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Peragine has experienced actual identity theft or fraud as a result of the Data Breach.

222.     Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 222 and consequently denies the same. Blackbaud denies the remaining allegations in this paragraph.

223.     Blackbaud is without knowledge or information sufficient to form a belief as to whether Plaintiff Karen Zielinski is a resident and citizen of New York or whether any of its customers obtained, stored and/or continue to store Plaintiff Zielinski's Private Information in their product databases and consequently denies the allegations in the first two sentences of paragraph no. 223.   The allegations in this paragraph regarding Blackbaud's alleged duty are legal conclusions to which no response is required.   To the extent a response is required, Blackbaud denies the allegations.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and consequently denies the same.

224.     Blackbaud denies the allegations in the second sentence of paragraph no. 224. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

225.     Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 225 and consequently denies the same.

226.     Blackbaud denies the allegations in the third sentence of paragraph no. 226. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

227.     Certain allegations in paragraph no. 227 contain legal conclusions to which no response is required.   To the extent a response is required, Blackbaud denies the allegations. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

228.     In response to paragraph no. 228, Blackbaud admits that it did not offer credit monitoring or identity theft protection services directly to Plaintiff Zielinski, with whom Blackbaud had no direct relationship, contractual or otherwise.

229.     The allegations in paragraph no. 229 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Zielinski has suffered emotional distress as a result of the Data Breach.

230.     The allegations in paragraph no. 230 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Zielinski has suffered actual injury as a result of the Data Breach.

231.     The allegations in paragraph no. 231 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Zielinski has experienced actual identity theft or fraud as a result of the Data Breach.

232.     Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 232 and consequently denies the same. Blackbaud denies the remaining allegations in this paragraph.

### NORTH CAROLINA

233.     Blackbaud is without knowledge or information sufficient to form a belief as to whether Plaintiff William Allen is a resident and citizen of North Carolina or whether any of its customers obtained, stored and/or continue to store Plaintiff Allen's Private Information in their product databases and consequently denies the allegations in the first two sentences of paragraph no. 233.  The allegations in this paragraph regarding Blackbaud's alleged duty are legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and consequently denies the same.

234.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 234 and consequently denies the same.

235.    Blackbaud denies the allegations in the third sentence of paragraph no. 235. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

236.    Certain allegations in paragraph no. 236 contain legal conclusions to which no response is required.   To the extent a response is required, Blackbaud denies the allegations. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

237.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 237 and consequently denies the same.

238.    The allegations in paragraph no. 238 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Allen has suffered emotional distress as a result of the Data Breach.

239.    The allegations in paragraph no. 239 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Allen has suffered actual injury as a result of the Data Breach.

240.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 240 and consequently denies the same.

241.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 241 and consequently denies the same. Blackbaud denies the remaining allegations in this paragraph.

242.     Blackbaud is without knowledge or information sufficient to form a belief as to whether either Plaintiff Coty Martin or his minor child is a resident and citizen of North Carolina or whether any of its customers obtained, stored and/or continue to store Plaintiff Martin's or his minor child's Private Information in their product databases and consequently denies the allegations in the first two sentences of paragraph no. 242.  The allegations in this paragraph regarding Blackbaud's alleged duty are legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and consequently denies the same.

243.     Blackbaud denies the allegations in the second sentence of paragraph no. 243. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

244.     Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 244 and consequently denies the same.

245.     Blackbaud denies the allegations in the third sentence of paragraph no. 245. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

246.     Certain allegations in paragraph no. 246 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

247.     Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 247 and consequently denies the same.

248.     The allegations in paragraph no. 248 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Martin has suffered emotional distress as a result of the Data Breach.

249.     The allegations in paragraph no. 249 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that either Plaintiff Martin or his minor child have suffered actual injury as a result of the Data Breach.

250.     The allegations in paragraph no. 250 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Martin has experienced actual identity theft or fraud as a result of the Data Breach.

251.     Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 251 and consequently denies the same. Blackbaud denies the remaining allegations in this paragraph.

## NORTH DAKOTA

252.     Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 252 and consequently denies the same. The remaining allegations in this paragraph are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue claims on behalf of citizens and residents of North Dakota.

## OHIO

253.     Blackbaud is without knowledge or information sufficient to form a belief as to whether Plaintiff Michele Pettiford is a resident and citizen of Ohio or whether any of its customers obtained, stored and/or continue to store Plaintiff Pettiford's Private Information in their product databases and consequently denies the allegations in the first two sentences of paragraph no. 253. The allegations in this paragraph regarding Blackbaud's alleged duty are legal conclusions to

which no response is required. To the extent a response is required, Blackbaud denies the allegations. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and consequently denies the same.

254. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 254 and consequently denies the same.

255. Blackbaud denies the allegations in the second sentence of paragraph no. 255. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

256. Certain allegations in paragraph no. 256 contain legal conclusions to which no response is required. To the extent a response is required, Blackbaud denies the allegations. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

257. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 257 and consequently denies the same.

258. The allegations in paragraph no. 258 contain legal conclusions to which no response is required. To the extent a response is required, Blackbaud denies that Plaintiff Pettiford has suffered emotional distress as a result of the Data Breach.

259. The allegations in paragraph no. 259 contain legal conclusions to which no response is required. To the extent a response is required, Blackbaud denies that Plaintiff Pettiford has suffered actual injury as a result of the Data Breach.

260. The allegations in paragraph no. 260 contain legal conclusions to which no response is required. To the extent a response is required, Blackbaud denies that Plaintiff Pettiford has experienced actual identity theft or fraud as a result of the Data Breach.

261.    Certain allegations in paragraph no. 261 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations that Plaintiff Pettiford has experienced identity theft or fraud as a result of the Data Breach.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

262.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 262 and consequently denies the same. Blackbaud denies the remaining allegations in this paragraph.

## OKLAHOMA

263.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 263 and consequently denies the same. The remaining allegations in this paragraph are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue claims on behalf of citizens and residents of Oklahoma.

## OREGON

264.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 264 and consequently denies the same. The remaining allegations in this paragraph are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue claims on behalf of citizens and residents of Oregon.

## PENNSYLVANIA

265.    Blackbaud is without knowledge or information sufficient to form a belief as to whether Plaintiff Christina Duranko is a resident and citizen of Pennsylvania or whether any of its customers obtained, stored and/or continue to store Plaintiff Duranko's Private Information in their

product databases and consequently denies the allegations in the first two sentences of paragraph no. 265. The allegations in this paragraph regarding Blackbaud's alleged duty are legal conclusions to which no response is required. To the extent a response is required, Blackbaud denies the allegations. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and consequently denies the same.

266. Blackbaud denies the allegations in the second sentence of paragraph no. 266. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

267. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 267 and consequently denies the same.

268. Blackbaud denies the allegations in the second sentence of paragraph no. 268. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

269. Certain allegations in paragraph no. 269 contain legal conclusions to which no response is required. To the extent a response is required, Blackbaud denies the allegations. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

270. In response to paragraph no. 270, Blackbaud admits that it did not offer credit monitoring or identity theft protection services directly to Plaintiff Duranko, with whom Blackbaud had no direct relationship, contractual or otherwise.

271. The allegations in paragraph no. 271 contain legal conclusions to which no response is required. To the extent a response is required, Blackbaud denies that Plaintiff Duranko has suffered emotional distress as a result of the Data Breach.

272.     The allegations in paragraph no. 272 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Duranko has suffered actual injury as a result of the Data Breach.

273.     Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 273 and consequently denies the same. Blackbaud denies the remaining allegations in this paragraph.

### PUERTO RICO

274.     Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 274 and consequently denies the same. The remaining allegations in this paragraph are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue claims on behalf of citizens and residents of Puerto Rico.

### RHODE ISLAND

275.     Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 275 and consequently denies the same. The remaining allegations in this paragraph are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue claims on behalf of citizens and residents of Rhode Island.

### SOUTH CAROLINA

276.     Blackbaud is without knowledge or information sufficient to form a belief as to whether Plaintiff Latricia Ford is a resident and citizen of South Carolina or whether any of its customers obtained, stored and/or continue to store Plaintiff Ford's Private Information in their product databases and consequently denies the allegations in the first two sentences of paragraph no. 276.   The allegations in this paragraph regarding Blackbaud's alleged duty are legal

conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and consequently denies the same.

277.    Blackbaud denies the allegations in the second sentence of paragraph no. 277. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

278.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 278 and consequently denies the same.

279.    Blackbaud denies the allegations in the second sentence of paragraph no. 279. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

280.    Certain allegations in paragraph no. 280 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

281.    In response to paragraph no. 281, Blackbaud admits that it did not offer credit monitoring or identity theft protection services directly to Plaintiff Ford, with whom Blackbaud had no direct relationship, contractual or otherwise.

282.    The allegations in paragraph no. 282 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Ford has suffered emotional distress as a result of the Data Breach.

283.    The allegations in paragraph no. 283 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Ford has suffered actual injury as a result of the Data Breach.

284.    The allegations in paragraph no. 284 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Ford has experienced actual identity theft or fraud as a result of the Data Breach.

285.    Certain allegations in paragraph no. 285 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations that Plaintiff Ford has experienced identity theft or fraud as a result of the Data Breach.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

286.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 286 and consequently denies the same. Blackbaud denies the remaining allegations in this paragraph.

287.    Blackbaud is without knowledge or information sufficient to form a belief as to whether Plaintiff Clifford Scott is a resident and citizen of South Carolina or whether any of its customers obtained, stored and/or continue to store Plaintiff Scott's Private Information in their product databases and consequently denies the allegations in the first two sentences of paragraph no. 287.  The allegations in this paragraph regarding Blackbaud's alleged duty are legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and consequently denies the same.

288.    Blackbaud denies the allegations in the second sentence of paragraph no. 288. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

289.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 289 and consequently denies the same.

290.    Certain allegations in paragraph no. 290 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

291.    In response to paragraph no. 291, Blackbaud admits that it did not offer credit monitoring or identity theft protection services directly to Plaintiff Scott, with whom Blackbaud had no direct relationship, contractual or otherwise.

292.    The allegations in paragraph no. 292 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Scott has suffered emotional distress as a result of the Data Breach.

293.    The allegations in paragraph no. 293 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Scott has suffered actual injury as a result of the Data Breach.

294.    The allegations in paragraph no. 294 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Scott has experienced actual identity theft or fraud as a result of the Data Breach.

295.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 295 and consequently denies the same. Blackbaud denies the remaining allegations in this paragraph.

## SOUTH DAKOTA

296.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 296 and consequently denies the same. The remaining allegations in this paragraph are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue claims on behalf of citizens and residents of South Dakota.

## TENNESSEE

297.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 297 and consequently denies the same. The remaining allegations in this paragraph are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue claims on behalf of citizens and residents of Tennessee.

## TEXAS

298.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 298 and consequently denies the same. The remaining allegations in this paragraph are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue claims on behalf of citizens and residents of Texas.

## UTAH

299.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 299 and consequently denies the same.

The remaining allegations in this paragraph are a characterization of Plaintiffs' claims to which no response is required. To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue claims on behalf of citizens and residents of Utah.

## VERMONT

300.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 300 and consequently denies the same. The remaining allegations in this paragraph are a characterization of Plaintiffs' claims to which no response is required. To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue claims on behalf of citizens and residents of Vermont.

## VIRGIN ISLANDS

301.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 301 and consequently denies the same. The remaining allegations in this paragraph are a characterization of Plaintiffs' claims to which no response is required. To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue claims on behalf of citizens and residents of the Virgin Islands.

## VIRGINIA

302.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 302 and consequently denies the same. The remaining allegations in this paragraph are a characterization of Plaintiffs' claims to which no response is required. To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue claims on behalf of citizens and residents of Virginia.

## WASHINGTON

303.    Blackbaud is without knowledge or information sufficient to form a belief as to whether Plaintiff Jessica Case is a resident and citizen of Washington or whether any of its

customers obtained, stored and/or continue to store Plaintiff Case's Private Information in their product databases and consequently denies the allegations in the first two sentences of paragraph no. 303. The allegations in this paragraph regarding Blackbaud's alleged duty are legal conclusions to which no response is required. To the extent a response is required, Blackbaud denies the allegations. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and consequently denies the same.

304. Blackbaud denies the allegations in the second sentence of paragraph no. 304. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

305. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 305 and consequently denies the same.

306. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 306 and consequently denies the same.

307. Blackbaud denies the allegations in the first sentence of paragraph no. 307. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

308. Certain allegations in paragraph no. 308 contain legal conclusions to which no response is required. To the extent a response is required, Blackbaud denies the allegations. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

309. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 309 and consequently denies the same.

310.     The allegations in paragraph no. 310 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Case has suffered emotional distress as a result of the Data Breach.

311.     The allegations in paragraph no. 311 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Case has suffered actual injury as a result of the Data Breach.

312.     The allegations in paragraph no. 312 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Case has experienced actual identity theft or fraud as a result of the Data Breach.

313.     Certain allegations in paragraph no. 313 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations that Plaintiff Case has experienced identity theft or fraud as a result of the Data Breach.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

314.     Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 314 and consequently denies the same. Blackbaud denies the remaining allegations in this paragraph.

315.     Blackbaud is without knowledge or information sufficient to form a belief as to whether Plaintiff Abhi Sheth is a resident and citizen of Washington or whether any of its customers obtained, stored and/or continue to store Plaintiff Sheth's Private Information in their product databases and consequently denies the allegations in the first two sentences of paragraph no. 315.  The allegations in this paragraph regarding Blackbaud's alleged duty are legal conclusions to which no response is required.  To the extent a response is required, Blackbaud

denies the allegations.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and consequently denies the same.

316.    Blackbaud denies the allegations in the second sentence of paragraph no. 316. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

317.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 317 and consequently denies the same.

318.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 318 and consequently denies the same.

319.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 319 and consequently denies the same.

320.    Blackbaud denies the allegations in the second sentence of paragraph no. 320. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

321.    Certain allegations in paragraph no. 321 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

322.    In response to paragraph no. 322, Blackbaud admits that it did not offer credit monitoring or identity theft protection services directly to Plaintiff Sheth, with whom Blackbaud had no direct relationship, contractual or otherwise.

323.     The allegations in paragraph no. 323 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Sheth has suffered emotional distress as a result of the Data Breach.

324.     The allegations in paragraph no. 324 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Sheth has suffered actual injury as a result of the Data Breach.

325.     The allegations in paragraph no. 325 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff Sheth has experienced actual fraud as a result of the Data Breach.

326.     Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 326 and consequently denies the same.

327.     Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 327 and consequently denies the same. Blackbaud denies the remaining allegations in this paragraph.

## WEST VIRGINIA

328.     Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 328 and consequently denies the same. The remaining allegations in this paragraph are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue claims on behalf of citizens and residents of West Virginia.

## WISCONSIN

329.     Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 329 and consequently denies the same. The remaining allegations in this paragraph are a characterization of Plaintiffs' claims to which no

response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue claims on behalf of citizens and residents of Wisconsin.

## WYOMING

330.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 330 and consequently denies the same. The remaining allegations in this paragraph are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue claims on behalf of citizens and residents of Wyoming.

### B.    Defendant

331.    Blackbaud admits the allegations in the first and second sentences of paragraph no. 331. The remaining allegations in this paragraph purport to quote from or characterize various documents authored by Blackbaud, which speak for themselves.  To the extent the allegations misquote, misconstrue, or mischaracterize those documents, Blackbaud denies the allegations.

## IV.    JURISDICTION AND VENUE

332.    The allegations in paragraph no. 332 are a characterization of the purpose of Plaintiffs' Amended Complaint to which no response is required.

333.    The allegations in paragraph no. 333 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

334.    In response to paragraph no. 334, Blackbaud admits that it maintains its principal place of business in this District.  The remaining allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

335.     In response to paragraph no. 335, Blackbaud admits that its principal place of business is located in this District.  The remaining allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

## V.    STATEMENT OF FACTS

### A.    A Sophisticated Cloud-Service Provider, Blackbaud Knew of the Risk That Cybercriminals Posed to Hosted Data

336.     The allegations in paragraph no. 336 purport to quote from or characterize a document authored by Blackbaud, which speaks for itself.  To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations. Blackbaud denies any remaining allegations in this paragraph.

337.     The allegations in paragraph no. 337 purport to quote from or characterize a document authored by Blackbaud, which speaks for itself.  To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of this paragraph and consequently denies the same.  Blackbaud denies any remaining allegations in this paragraph.

338.     The allegations in paragraph no. 338 purport to quote from or characterize a document authored by Blackbaud, which speaks for itself.  To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

339.     Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 339 regarding interactions between Blackbaud's customers

and their individual constituents and consequently denies the same. Blackbaud denies any remaining allegations in this paragraph.

340. Blackbaud denies the allegations in paragraph no. 340.

341. The allegations in paragraph no. 341 purport to quote from or characterize a document authored by Blackbaud, which speaks for itself. To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations. Blackbaud denies any remaining allegations in this paragraph.

342. The allegations in paragraph no. 342 purport to quote from or characterize a document authored by Blackbaud, which speaks for itself. To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations. Blackbaud denies any remaining allegations in this paragraph.

343. The allegations in paragraph no. 343 purport to quote from or characterize a document authored by Blackbaud, which speaks for itself. To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations. Blackbaud denies any remaining allegations in this paragraph.

344. The allegations in paragraph no. 344 purport to quote from or characterize a document authored by Blackbaud, which speaks for itself. To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations. Blackbaud denies any remaining allegations in this paragraph.

345. The allegations in paragraph no. 345 purport to quote from or characterize a document authored by Blackbaud, which speaks for itself. To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations. Blackbaud denies any remaining allegations in this paragraph.

346.    The allegations in paragraph no. 346 purport to quote from or characterize a document authored by Blackbaud, which speaks for itself.  To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

347.    The allegations in paragraph no. 347 purport to quote from or characterize a document authored by Blackbaud, which speaks for itself.  To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

348.    The allegations in paragraph no. 348 purport to quote from or characterize a document authored by Blackbaud, which speaks for itself.  To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

349.    The allegations in paragraph no. 349 purport to quote from or characterize a document authored by Blackbaud, which speaks for itself.  To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

350.    The allegations in paragraph no. 350 purport to quote from or characterize a document authored by Blackbaud, which speaks for itself.  To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

**B.    Blackbaud's Cybersecurity at the Time of the February 2020**

351.    The allegations in paragraph no. 351 purport to quote from or characterize various documents authored by Blackbaud, which speak for themselves.  To the extent the allegations misquote, misconstrue, or mischaracterize those documents, Blackbaud denies the allegations.

The allegations in paragraph no. 351 also purport to quote from or characterize a document authored by a third party, which speaks for itself. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of these allegations and consequently denies the same. Blackbaud denies any remaining allegations in this paragraph.

352. The allegations in paragraph no. 352 purport to quote from or characterize a document authored, and testimony offered, by one of Blackbaud's employees, which speak for themselves. To the extent the allegations misquote, misconstrue, or mischaracterize that document or testimony, or the document or testimony reflect speculation or opinions inconsistent with the facts, Blackbaud denies the allegations. Blackbaud denies any remaining allegations in this paragraph.

353. The allegations in paragraph no. 353 purport to quote from or characterize a document authored by one of Blackbaud's employees, and testimony offered by one of Blackbaud's former employees, which speak for themselves. To the extent the allegations misquote, misconstrue, or mischaracterize that document or testimony, or the document or testimony reflect speculation or opinions inconsistent with the facts, Blackbaud denies the allegations. Blackbaud denies any remaining allegations in this paragraph.

354. The allegations in paragraph no. 354 purport to quote from or characterize a document authored by one of Blackbaud's employees, and testimony offered by one of Blackbaud's former employees, which speak for themselves. To the extent the allegations misquote, misconstrue, or mischaracterize that document or testimony, or the document or testimony reflect speculation or opinions inconsistent with the facts, Blackbaud denies the allegations. Blackbaud denies any remaining allegations in this paragraph.

355.    The allegations in paragraph no. 355 purport to quote from or characterize a document authored by one of Blackbaud's employees, and testimony offered by one of Blackbaud's former employees, which speak for themselves.  To the extent the allegations misquote, misconstrue, or mischaracterize that document or testimony, or the document or testimony reflect speculation or opinions inconsistent with the facts, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

356.    The allegations in paragraph no. 356 purport to quote from or characterize testimony offered by one of Blackbaud's former employees, which speaks for itself.  To the extent the allegations misquote, misconstrue, or mischaracterize that testimony, or the testimony reflects speculation or opinions inconsistent with the facts, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

357.    The allegations in paragraph no. 357 purport to quote from or characterize documents authored by various Blackbaud employees, and testimony offered by one of Blackbaud's employees, which speak for themselves.  To the extent the allegations misquote, misconstrue, or mischaracterize those documents or testimony, or the documents or testimony reflect speculation or opinions inconsistent with the facts, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

358.    Blackbaud denies the allegations in paragraph no. 358.

359.    The allegations in paragraph no. 359 purport to quote from or characterize a document authored by Blackbaud, which speaks for itself.  To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

360.    The allegations in paragraph no. 360 purport to quote from or characterize a document authored by Blackbaud, which speaks for itself.  To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

361.    The allegations in paragraph no. 361 purport to quote from or characterize a document authored by Blackbaud, which speaks for itself.  To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

362.    The allegations in paragraph no. 362 purport to quote from or characterize a document authored by Blackbaud, which speaks for itself.  To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

363.    The allegations in paragraph no. 363 purport to quote from or characterize documents authored by third parties, which speak for themselves.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of these allegations and consequently denies the same.  Blackbaud denies any remaining allegations in this paragraph.

364.    The allegations in paragraph no. 364 purport to quote from or characterize a document authored by a third party, which speaks for itself.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of these allegations and consequently denies the same.  Blackbaud denies any remaining allegations in this paragraph.

365.    The allegations in paragraph no. 365 purport to quote from or characterize a document authored by Blackbaud, which speaks for itself.  To the extent the allegations misquote,

misconstrue, or mischaracterize that document, Blackbaud denies the allegations.   Blackbaud denies any remaining allegations in this paragraph.

366.    The allegations in paragraph no. 366 purport to quote from or characterize a document authored by Blackbaud, which speaks for itself.  To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

367.    The allegations in paragraph no. 367 purport to quote from or characterize a document authored by Blackbaud, which speaks for itself.  To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

368.    The allegations in paragraph no. 368 purport to quote from or characterize various documents authored by Blackbaud, which speak for themselves.  To the extent the allegations misquote, misconstrue, or mischaracterize those documents, Blackbaud denies the allegations. Blackbaud denies any remaining allegations in this paragraph.

369.    The allegations in paragraph no. 369 purport to quote from or characterize a document authored by Blackbaud, which speaks for itself.  To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

370.    The allegations in paragraph no. 370 purport to quote from or characterize a document authored by Blackbaud, which speaks for itself.  To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

371.    The allegations in paragraph no. 371 purport to quote from or characterize a document authored by Blackbaud, which speaks for itself. To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations. The allegations in paragraph no. 371 also purport to quote from a characterize a document authored by a third party, which speaks for itself. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of these allegations and consequently denies the same. Blackbaud denies any remaining allegations in this paragraph.

372.    The allegations in paragraph no. 372 purport to quote from or characterize documents authored by third parties, which speak for themselves. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of these allegations and consequently denies the same. Blackbaud denies any remaining allegations in this paragraph.

373.    To the extent the allegations in paragraph no. 373 purport to quote from or characterize Blackbaud's Privacy Shield Notice posted on its website, the document speaks for itself. To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations. Blackbaud denies any remaining allegations in this paragraph.

374.    To the extent the allegations in paragraph no. 374 purport to quote from or characterize Blackbaud's Privacy Shield Notice posted on its website, the document speaks for itself. To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations.

375.    To the extent the allegations in paragraph no. 375 purport to quote from or characterize Blackbaud's Privacy Shield Notice posted on its website, the document speaks for itself. To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations.

376.     Blackbaud denies the allegations in paragraph no. 376.

377.     To the extent the allegations in paragraph no. 377 purport to quote from or characterize Blackbaud's Privacy Shield Notice posted on its website, the document speaks for itself.  To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations.

378.     The allegations in paragraph no. 378 purport to quote from or characterize various documents authored by Blackbaud, which speak for themselves.  To the extent the allegations misquote, misconstrue, or mischaracterize those documents, Blackbaud denies the allegations. Blackbaud denies any remaining allegations in this paragraph.

379.     In response to paragraph no. 379, Blackbaud admits that certain of its customers collected and stored data that may include Private Information relating to those customers' individual constituents and that it developed a robust cybersecurity program to prevent data breaches.  Blackbaud denies any remaining allegations in this paragraph.

380.     Blackbaud denies the allegations in paragraph no. 380.

**C.     Blackbaud's Responsibility to Safeguard Information**

381.     Blackbaud denies the allegations in paragraph no. 381.

382.     The allegations in paragraph no. 382 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.   Blackbaud denies any remaining allegations in this paragraph.

383.     Blackbaud denies the allegations in paragraph no. 383.

384.     Blackbaud denies the allegations in paragraph no. 384.

385.     The allegations in paragraph no. 385 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

386.    Blackbaud denies the allegations in paragraph no. 386.

**D.    Blackbaud Failed to Meet Its Obligations to Protect Private Information or Comply with its own Privacy Policies**

387.    In response to paragraph no. 387, Blackbaud admits that it has certain privacy policies and security practices and provides some information about its privacy policies and security practices on its website.  Blackbaud denies any remaining allegations in this paragraph.

388.    The allegations in paragraph no. 388 purport to quote from or characterize a document authored by Blackbaud, which speaks for itself.  To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

389.    The allegations in paragraph no. 389 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

390.    Blackbaud denies the allegations in paragraph no. 390.

391.    Blackbaud denies the allegations in paragraph no. 391.

392.    The allegations in paragraph no. 392 purport to quote from or characterize a document authored by a third party, which speaks for itself.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of these allegations and consequently denies the same.  Blackbaud denies any remaining allegations in this paragraph.

393.    The allegations in the first sentence of paragraph no. 393 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

**E.    Blackbaud Failed to Comply with Industry and Regulatory Standards**

394.    The allegations in paragraph no. 394 purport to quote from or characterize a document authored by a third party, which speaks for itself.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of these allegations and consequently denies the same.  Blackbaud denies the remaining allegations in this paragraph.

395.    Blackbaud does not know the identity of "Confidential Witness No. 1", and thus cannot know this individual's position, time-frame of employment, or any details as to what may have been said.  Blackbaud denies the truth of the statements purportedly made by "Confidential Witness No. 1" and any remaining allegations in this paragraph.

396.    The allegations in paragraph no. 396 purport to quote from or characterize a document authored by a third party, which speaks for itself.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of these allegations and consequently denies the same.  Blackbaud denies any remaining allegations in this paragraph.

397.    The allegations in paragraph no. 397 purport to quote from or characterize documents authored by third parties, which speak for themselves.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of these allegations and consequently denies the same.  Blackbaud denies any remaining allegations in this paragraph.

398.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 398 and consequently denies the same.

399.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 399 and consequently denies the same.

400.    The allegations in paragraph no. 400 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

401.    Blackbaud denies the allegations in paragraph no. 401.

402.    The allegations in paragraph no. 402 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

403.    The allegations in paragraph no. 403 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies these allegations.  Blackbaud denies any remaining allegations in this paragraph.

404.    Blackbaud denies the allegations in paragraph no. 404.

405.    Blackbaud denies the allegations in paragraph no. 405.

406.    Blackbaud denies the allegations in paragraph no. 406.

**F.    Blackbaud's Failures Resulted in a Data Breach**

407.    The allegations in paragraph no. 407 purport to quote from or characterize testimony offered by one of Blackbaud's employees, which speaks for itself.  To the extent the allegations misquote, misconstrue, or mischaracterize that testimony, or the testimony reflects speculation or opinions inconsistent with the facts, Blackbaud denies the allegations.  The allegations in paragraph no. 407 also purport to quote from or characterize a document, PX8, that Blackbaud is unable to identify.  Blackbaud accordingly is without knowledge or information sufficient to form a belief as to the truth of these allegations and consequently denies the same.  Blackbaud denies any remaining allegations in this paragraph.

408.    The allegations in paragraph no. 408 purport to quote from or characterize documents authored by various Blackbaud employees or the threat actor, and testimony offered by one of Blackbaud's employees, which speak for themselves.  To the extent the allegations misquote, misconstrue, or mischaracterize those documents or testimony, or the documents or

testimony reflect speculation or opinions inconsistent with the facts, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

409.    The allegations in paragraph no. 409 purport to quote from or characterize documents authored by various Blackbaud employees or the threat actor, and testimony offered by one of Blackbaud's employees, which speak for themselves.  To the extent the allegations misquote, misconstrue, or mischaracterize those documents or testimony, or the documents or testimony reflect speculation or opinions inconsistent with the facts, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

410.    The allegations in paragraph no. 410 purport to quote from or characterize documents authored by various Blackbaud employees or a third party retained by Blackbaud, and testimony offered by one of Blackbaud's employees, which speak for themselves.  To the extent the allegations misquote, misconstrue, or mischaracterize those documents or testimony, or the documents or testimony reflect speculation or opinions inconsistent with the facts, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

411.    Blackbaud denies the allegations in paragraph no. 411.

412.    The allegations in paragraph no. 412 purport to quote from or characterize a document authored by the threat actor and a third party retained by Blackbaud, and testimony offered by one of Blackbaud's employees, which speak for themselves. To the extent the allegations misquote, misconstrue, or mischaracterize that document or testimony, or the documents or testimony reflect speculation or opinions inconsistent with the facts, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

413.    The allegations in paragraph no. 413 appear to be based on a document cited in footnote 138.  However, the Amended Complaint includes multiple footnotes numbered 138.  As

such, Blackbaud is without knowledge or information sufficient to form a belief as to the truth of these allegations and consequently denies the same.

414.    The allegations in paragraph no. 414 purport to quote from or characterize a document authored by a third party retained by Blackbaud and testimony offered by one of its employees.  To the extent the allegations misquote, misconstrue, or mischaracterize that document or testimony, or the document or testimony reflect speculation or opinions inconsistent with the facts, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

415.    The allegations in paragraph no. 415 purport to quote from or characterize documents authored by various Blackbaud employees and testimony offered by one of Blackbaud's employees, which speak for themselves.  To the extent the allegations misquote, misconstrue, or mischaracterize those documents or testimony, or the documents or testimony reflect speculation or opinions inconsistent with the facts, Blackbaud denies the allegations. Blackbaud denies any remaining allegations in this paragraph.

416.    The allegations in paragraph no. 416 purport to quote from or characterize various documents authored by Blackbaud or its employees, and testimony offered by one of its employees, which speak for themselves.  To the extent the allegations misquote, misconstrue, or mischaracterize a document authored by Blackbaud, Blackbaud denies the allegations.  To the extent the allegations misquote, misconstrue, or mischaracterize documents authored by Blackbaud's employees or testimony offered by its employee, or the documents or testimony reflect speculation or opinions inconsistent with the facts, Blackbaud denies the allegations. Blackbaud denies any remaining allegations in this paragraph.

417.    The allegations in paragraph no. 417 purport to quote from or characterize testimony offered by one of Blackbaud's employees.  To the extent the allegations misquote, misconstrue, or mischaracterize that testimony, or the testimony reflects speculation or opinions inconsistent with the facts, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

418.    The allegations in paragraph no. 418 purport to quote from or characterize a document authored by various Blackbaud employees, which speaks for itself.  To the extent the allegations misquote, misconstrue, or mischaracterize that document, or the document reflects speculation or opinions inconsistent with the facts, Blackbaud denies the allegations. Blackbaud denies any remaining allegations in this paragraph.

419.    The allegations in paragraph no. 419 purport to quote from or characterize documents authored, and testimony offered, by one of Blackbaud's employees, which speak for themselves.  To the extent the allegations misquote, misconstrue, or mischaracterize those documents or testimony, or the documents or testimony reflect speculation or opinions inconsistent with the facts, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

420.    In response to paragraph no. 420, Blackbaud denies that Plaintiffs provided any information directly to Blackbaud.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

421.    Blackbaud denies the allegations in paragraph no. 421.

422.    Blackbaud does not know the identity of "Confidential Witness No. 1", and thus cannot know this individual's position, time-frame of employment, or any details as to what may

have been said.  Blackbaud denies the truth of the statements purportedly made by "Confidential Witness No. 1" and any remaining allegations in this paragraph.

423.    Blackbaud does not know the identity of "Confidential Witness No. 1", and thus cannot know this individual's position, time-frame of employment, or any details as to what may have been said.  Blackbaud denies the truth of the statements purportedly made by "Confidential Witness No. 1" and any remaining allegations in this paragraph.

424.    Blackbaud does not know the identity of "Confidential Witness No. 1", and thus cannot know this individual's position, time-frame of employment, or any details as to what may have been said.  Blackbaud denies the truth of the statements purportedly made by "Confidential Witness No. 1" and any remaining allegations in this paragraph.

425.    Blackbaud does not know the identity of "Confidential Witness No. 1", and thus cannot know this individual's position, time-frame of employment, or any details as to what may have been said.  Blackbaud denies the truth of the statements purportedly made by "Confidential Witness No. 1" and any remaining allegations in this paragraph.

426.    Blackbaud does not know the identity of "Confidential Witness No. 1", and thus cannot know this individual's position, time-frame of employment, or any details as to what may have been said.  Blackbaud denies the truth of the statements purportedly made by "Confidential Witness No. 1" and any remaining allegations in this paragraph.

427.    The allegations in paragraph no. 427 purport to quote from or characterize a document authored by Blackbaud, which speaks for itself.  To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations.  The allegations in paragraph no. 427 also purport to quote from or characterize a document authored by a third party, which speaks for itself.  Blackbaud is without knowledge or information sufficient to form

a belief as to the truth of these allegations and consequently denies the same.  Blackbaud denies any remaining allegations in this paragraph.

428.    The allegations in paragraph no. 428 purport to quote from or characterize a document authored by Blackbaud, which speaks for itself.  To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

429.    Blackbaud denies the allegations in paragraph no. 429.

430.    The allegations in paragraph no. 430 purport to quote from or characterize various documents authored by Blackbaud, which speak for themselves.  To the extent the allegations misquote, misconstrue, or mischaracterize those documents, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

431.    The allegations in paragraph no. 431 purport to quote from or characterize various documents authored by Blackbaud, which speak for themselves.  To the extent the allegations misquote, misconstrue, or mischaracterize those documents, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

432.    Blackbaud denies the allegations in paragraph no. 432.

433.    Blackbaud denies the allegations in paragraph no. 433.

434.    To the extent the allegations in paragraph no. 434 purport to quote from or characterize various documents authored by Blackbaud, those documents speak for themselves.  To the extent the allegations misquote, misconstrue, or mischaracterize those documents, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

435.    The allegations in paragraph no. 435 purport to quote from or characterize various documents authored by third parties, which speak for themselves.  Blackbaud is without

knowledge or information sufficient to form a belief as to the truth of these allegations and consequently denies the same. Blackbaud denies any remaining allegations in this paragraph.

436.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 436 and consequently denies the same.

437.    To the extent the allegations in paragraph no. 437 purport to quote from or characterize a document authored by Blackbaud, that document speaks for itself. To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations. To the extent the allegations in paragraph no. 437 purport to quote from or characterize a document authored by a third party, that document also speaks for itself. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of these allegations and consequently denies the same. Blackbaud denies any remaining allegations in this paragraph.

438.    Blackbaud denies the allegations in paragraph no. 438.

439.    To the extent the allegations in paragraph no. 439 purport to quote from or characterize a document authored by a third party, that document speaks for itself. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of these allegations and consequently denies the same. Blackbaud denies any remaining allegations in this paragraph.

440.    The allegations in paragraph no. 440 purport to quote from or characterize documents authored by third parties, which speak for themselves. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of these allegations and consequently denies the same. Blackbaud denies any remaining allegations in this paragraph.

441.    To the extent the last sentence in paragraph no. 441 purports to quote from or characterize a document authored by Blackbaud, that document speaks for itself. To the extent

these allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations. Blackbaud denies the remaining allegations in this paragraph.

442. Blackbaud denies the allegations in paragraph no. 442.

443. Blackbaud denies the allegations in paragraph no. 443.

444. Blackbaud denies the allegations in paragraph no. 444.

445. The allegations in paragraph no. 445 purport to quote from or characterize a document authored by a third party retained by Blackbaud, which speaks for itself. To the extent the allegations misquote, misconstrue, or mischaracterize that document, or the document reflects speculation or opinions inconsistent with the facts, Blackbaud denies the allegations. Blackbaud denies any remaining allegations in this paragraph.

446. The allegations in the second sentence of paragraph no. 446 purport to quote from or characterize a document authored by a third party retained by Blackbaud, which speaks for itself. To the extent the allegations misquote, misconstrue, or mischaracterize that document, or the document reflects speculation or opinions inconsistent with the facts, Blackbaud denies the allegations. Blackbaud denies any remaining allegations in this paragraph.

447. Blackbaud denies the allegations in paragraph no. 447.

448. Blackbaud denies the allegations in paragraph no. 448.

449. In response to paragraph no. 449, Blackbaud admits that it has not offered remuneration, but denies that it is obligated to do so. Blackbaud further admits that Plaintiffs have brought this lawsuit, but denies that Plaintiffs are entitled to the relief requested. Blackbaud denies any remaining allegations in this paragraph.

450. The allegations in paragraph no. 450 purport to quote from or characterize documents authored by third parties, which speak for themselves. Blackbaud is without

knowledge or information sufficient to form a belief as to the truth of these allegations and consequently denies the same. Blackbaud denies any remaining allegations in this paragraph.

451. The allegations in paragraph no. 451 purport to quote from or characterize a document authored by a third party retained by Blackbaud, which speaks for itself. To the extent the allegations misquote, misconstrue, or mischaracterize that document, or the document reflects speculation or opinions inconsistent with the facts, Blackbaud denies the allegations. The allegations in paragraph no. 451 also purport to quote from or characterize documents authored by third parties, which also speak for themselves. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of these allegations and consequently denies the same. Blackbaud denies any remaining allegations in this paragraph.

452. Blackbaud denies the allegations in paragraph no. 452.

453. Blackbaud denies the allegations in paragraph no. 453.

454. The allegations in paragraph no. 454 contain legal conclusions to which no response is required. To the extent a response is required, Blackbaud denies the allegations. Blackbaud denies any remaining allegations in this paragraph.

455. The allegations in paragraph no. 455 purport to quote from or characterize a document authored by a third party, which speaks for itself. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of these allegations and consequently denies the same. Blackbaud denies any remaining allegations in this paragraph.

456. The allegations in paragraph no. 456 purport to quote from or characterize a document authored by Blackbaud, which speaks for itself. To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations. Blackbaud denies any remaining allegations in this paragraph.

457.    Blackbaud denies the allegations in paragraph no. 457.

458.    Blackbaud denies the allegations in paragraph no. 458.

459.    Blackbaud denies the allegations in paragraph no. 459.

**G.    Data Breaches Put Consumers at Increased Risk of Fraud and Identify Theft**

460.    The allegations in paragraph no. 460 purport to quote from or characterize a document authored by a third party, which speaks for itself.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of these allegations and consequently denies the same.  Blackbaud denies any remaining allegations in this paragraph.

461.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 461 and consequently denies the same.

462.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 462 and consequently denies the same.

463.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 463 and consequently denies the same.

464.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 464 and consequently denies the same.

465.    The allegations in paragraph no. 465 purport to quote from or characterize a document authored by a third party, which speaks for itself.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of these allegations and consequently denies the same.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and consequently denies the same.

466.    The allegations in paragraph no. 466 purport to quote from or characterize a document authored by a third party, which speaks for itself.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of these allegations and consequently denies

the same.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and consequently denies the same.

467.    The allegations in paragraph no. 467 purport to quote from or characterize a document authored by a third party, which speaks for itself.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of these allegations and consequently denies the same.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and consequently denies the same.

468.    The allegations in paragraph no. 468 purport to quote from or characterize a document authored by a third party, which speaks for itself.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of these allegations and consequently denies the same.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and consequently denies the same.

469.    The allegations in paragraph no. 469 purport to quote from or characterize a document authored by a third party, which speaks for itself.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of these allegations and consequently denies the same.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and consequently denies the same.

470.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 470 and consequently denies the same.

471.    The allegations in paragraph no. 471 purport to quote from or characterize a document authored by a third party, which speaks for itself.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of these allegations and consequently denies

the same. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and consequently denies the same.

472. The allegations in paragraph no. 472 purport to quote from or characterize a document authored by a third party, which speaks for itself. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of these allegations and consequently denies the same. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and consequently denies the same.

473. The allegations in paragraph no. 473 purport to quote from or characterize a document authored by a third party, which speaks for itself. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of these allegations and consequently denies the same. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and consequently denies the same.

474. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 474 and consequently denies the same.

475. The allegations in paragraph no. 475 purport to quote from or characterize a document authored by a third party, which speaks for itself. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of these allegations and consequently denies the same. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and consequently denies the same.

476. The allegations in paragraph no. 476 purport to quote from or characterize a document authored by a third party, which speaks for itself. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of these allegations and consequently denies

the same.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and consequently denies the same

477.    Blackbaud denies the allegations in paragraph no. 477.

478.    The allegations in paragraph no. 478 purport to quote from or characterize a document authored by a third party, which speaks for itself.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of these allegations and consequently denies the same.  Blackbaud denies any remaining allegations in this paragraph.

479.    The allegations in paragraph no. 479 purport to quote from or characterize a document authored by a third party, which speaks for itself.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of these allegations and consequently denies the same.  Blackbaud denies any remaining allegations in this paragraph.

480.    Blackbaud denies the allegations in paragraph no. 480.

**H.    Blackbaud's Inadequate Response to the Data Breach**

481.    The allegations in paragraph no. 481 purport to quote from or characterize a report authored by a third party retained by Blackbaud, which speaks for itself.  To the extent the allegations misquote, misconstrue, or mischaracterize that document, or the document reflects speculation or opinions inconsistent with the facts, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

482.    The allegations in paragraph no. 482 purport to quote from documents authored by various Blackbaud employees and testimony offered by one of Blackbaud's former employees, which speak for themselves.    To the extent the allegations misquote, misconstrue, or mischaracterize those documents or testimony, or the documents or testimony reflects speculation or opinions inconsistent with the facts, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

483.     Blackbaud denies the allegations in paragraph no. 483.

484.     In response to paragraph no. 484, Blackbaud admits that it provided certain customers with vouchers for two-years of Single Bureau Credit Monitoring, Protective Fraud Assistance, and Identity Monitoring and Fraud Resolution Services, which its customers could then provide to their individual constituents.  Blackbaud denies any remaining allegations in this paragraph.

485.     Blackbaud denies the allegations in paragraph no. 485.

486.     Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 486 and consequently denies the same. Blackbaud denies the remaining allegations in this paragraph.

**I.     Blackbaud's Inadequate and Misleading Notice**

487.     The allegations in paragraph no. 487 purport to quote from or characterize a document authored by Blackbaud, which speaks for itself.  To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

488.     Blackbaud denies the allegation in paragraph no. 488.

489.     The allegations in paragraph no. 489 purport to quote from or characterize documents authored by various Blackbaud employees or third parties retained by Blackbaud, and testimony offered by one of Blackbaud's employees, which speak for themselves.  To the extent the allegations misquote, misconstrue, or mischaracterize those documents or testimony, or the documents or testimony reflect speculation or opinions inconsistent with the facts, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

490.     The allegations in paragraph no. 490 purport to quote from or characterize documents authored by various Blackbaud employees or the threat actor, and testimony offered by

one of Blackbaud's employees, which speak for themselves. To the extent the allegations misquote, misconstrue, or mischaracterize those documents, or the documents or testimony reflect speculation or opinions inconsistent with the facts, Blackbaud denies the allegations. Blackbaud denies any remaining allegations in this paragraph.

491.    The allegations in paragraph no. 491 purport to quote from or characterize a document authored by various Blackbaud employees and testimony offered by one of Blackbaud's employees, which speak for themselves. To the extent the allegations misquote, misconstrue, or mischaracterize that document or testimony, or the document or testimony reflect speculation or opinions inconsistent with the facts, Blackbaud denies the allegations. The allegations in paragraph no. 491 also purport to quote from or characterize documents authored by third parties, which speak for themselves. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of these allegations and consequently denies the same. Blackbaud denies any remaining allegations in this paragraph.

492.    The allegations in paragraph no. 492 purport to quote from or characterize a document authored by a Blackbaud employee and a third party retained by Blackbaud, which speaks for itself. To the extent the allegations misquote, misconstrue, or mischaracterize that document, or the document reflects speculation or opinions inconsistent with the facts, Blackbaud denies the allegations. Blackbaud denies any remaining allegations in this paragraph.

493.    The allegations in paragraph no. 493 purport to quote from or characterize testimony offered by one of Blackbaud's employees, which speaks for itself. To the extent the allegations misquote, misconstrue, or mischaracterize that testimony, or the testimony reflects speculation or opinions inconsistent with the facts, Blackbaud denies the allegations. The allegations in paragraph no. 493 also purport to quote from or characterize a document, PX8, that

Blackbaud is unable to identify. Blackbaud is accordingly without knowledge or information sufficient to form a belief as to the truth of these allegations and consequently denies the same. Blackbaud denies any remaining allegations in this paragraph.

494. Blackbaud does not know the identity of "Confidential Witness No. 1", and thus cannot know this individual's position, time-frame of employment, or any details as to what may have been said. Blackbaud denies the truth of the statements purportedly made by "Confidential Witness No. 1" and any remaining allegations in this paragraph.

495. Blackbaud denies the allegations in the first sentence of paragraph no. 495. The remaining allegations in this paragraph purport to quote from or characterize a document authored, and testimony offered, by one of Blackbaud's employees, which speak for themselves. To the extent the allegations misquote, misconstrue, or mischaracterize those documents or testimony, or the documents or testimony reflect speculation or opinions inconsistent with the facts, Blackbaud denies the allegations.

496. The allegations in paragraph no. 496 purport to quote from or characterize a document authored by Blackbaud, which speaks for itself. To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations. Blackbaud denies any remaining allegations in this paragraph.

497. The allegations in paragraph no. 497 purport to quote from or characterize documents authored by various Blackbaud employees or the threat actor, and testimony offered by one of Blackbaud's employees, which speak for themselves. To the extent the allegations misquote, misconstrue, or mischaracterize those documents or testimony, or the documents or testimony reflect speculation or opinions inconsistent with the facts, Blackbaud denies the allegations. Blackbaud denies any remaining allegations in this paragraph.

## VI.    PLAINTIFFS' AND CLASS MEMBERS' INJURIES AND DAMAGES

498.    Blackbaud denies the allegations in the first sentence of paragraph no. 498. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

### A.    Plaintiffs' and Class Members' Private Information was Compromised in the Data Breach

499.    Blackbaud denies the allegations in paragraph no. 499.

500.    The allegations in the last sentence of paragraph no. 500 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph no. 500 and consequently denies the same.

501.    Blackbaud denies the allegations in paragraph no. 501.

502.    Blackbaud denies the allegations in paragraph no. 502.

503.    Blackbaud denies the allegations in paragraph no. 503.

504.    The allegations in paragraph no. 504 purport to quote from or characterize a document authored by a third party, which speaks for itself.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of these allegations and consequently denies the same.  Blackbaud denies any remaining allegations in this paragraph.

505.    Blackbaud denies the allegations in paragraph no. 505.

506.    Blackbaud denies the allegations in paragraph no. 506.

507.    Blackbaud denies the allegations in paragraph no. 507.

508.    Blackbaud denies the allegations in paragraph no. 508.

509.    Blackbaud denies the allegations in paragraph no. 509.

510.    Blackbaud denies the allegations in paragraph no. 510.

511.    Blackbaud denies the allegations in paragraph no. 511.

512.    Blackbaud denies the allegations in paragraph no. 512.

513.    Blackbaud denies the allegations in paragraph no. 513.

514.    Blackbaud denies the allegations in paragraph no. 514.

515.    Blackbaud denies the allegations in paragraph no. 515.

516.    Blackbaud denies the allegations in paragraph no. 516.

517.    Blackbaud denies the allegations in paragraph no. 517.

518.    Blackbaud denies the allegations in paragraph no. 518.

519.    Blackbaud denies the allegations in paragraph no. 519.

**B.      The Private Information of Minors Was Also Compromised in the Data Breach**

520.    Blackbaud denies the allegations in paragraph no. 520.

521.    The allegations in paragraph no. 521 purport to quote from or characterize a document authored by a third party, which speaks for itself. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of these allegations and consequently denies the same. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and consequently denies the same.

522.    The allegations in paragraph no. 522 purport to quote from or characterize a document authored by a third party, which speaks for itself. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of these allegations and consequently denies the same. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and consequently denies the same.

523.    The allegations in paragraph no. 523 purport to quote from or characterize a document authored by a third party, which speaks for itself. Blackbaud is without knowledge or

information sufficient to form a belief as to the truth of these allegations and consequently denies the same. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and consequently denies the same.

524.    The allegations in paragraph no. 524 purport to quote from or characterize a document authored by a third party, which speaks for itself. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of these allegations and consequently denies the same. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and consequently denies the same.

525.    The allegations in paragraph no. 525 purport to quote from or characterize a document authored by a third party, which speaks for itself. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of these allegations and consequently denies the same. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and consequently denies the same.

526.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 526 and consequently denies the same.

527.    The allegations in paragraph no. 527 purport to quote from or characterize a document authored by Blackbaud, which speaks for itself. To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations. Blackbaud denies any remaining allegations in this paragraph.

528.    In response to paragraph no. 528, Blackbaud denies that it made any representations directly to its customers' constituents. The remaining allegations in this paragraph purport to quote from or characterize a document authored by Blackbaud, which speaks for itself. To the extent

the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations.

529.     In response to paragraph no. 529, Blackbaud denies that it made any representations directly to its customers' constituents.  The remaining allegations in this paragraph purport to quote from or characterize a document authored by Blackbaud, which speaks for itself.  To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations.

530.     Blackbaud denies the allegations in paragraph no. 530.

**C.     Plaintiffs' and Class Members' PHI was Compromised in the Data Breach**

531.     Blackbaud denies the allegations in paragraph no. 531.

532.     The allegations in paragraph no. 532 purport to characterize the law, which speaks for itself.  To the extent the allegations misconstrue or mischaracterize the law, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

533.     The allegations in paragraph no. 533 purport to characterize the law, which speaks for itself.  To the extent the allegations misconstrue or mischaracterize the law, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

534.     The allegations in paragraph no. 534 purport to quote from or characterize the law, which speaks for itself.  To the extent the allegations misquote, misconstrue, or mischaracterize the law, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

535.     The allegations in paragraph no. 535 purport to characterize the law, which speaks for itself.  To the extent the allegations misconstrue or mischaracterize the law, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

536.     In response to paragraph no. 536, Blackbaud admits that some of its customers may be Covered Entities with GPPs.

537.     Blackbaud denies the allegations in paragraph no. 537.

538.     The allegations in paragraph no. 538 purport to quote from or characterize a document authored by Blackbaud, which speaks for itself.  To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

539.     The allegations in paragraph no. 539 purport to characterize the law, which speaks for itself.  To the extent the allegations misconstrue or mischaracterize the law, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

540.     The allegations in paragraph no. 540 purport to quote from or characterize the law, which speaks for itself.  To the extent the allegations misquote, misconstrue, or mischaracterize the law, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

541.     Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 541 and consequently denies the same.

542.     The allegations in paragraph no. 542 purport to quote from or characterize HHS requirements, which speak for themselves.  To the extent the allegations misquote, misconstrue, or mischaracterize HHS requirements, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

543.     The allegations in paragraph no. 543 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

544.     Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 544 and consequently denies the same.

545.     The allegations in paragraph no. 545 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

546.     The allegations in paragraph no. 546 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

547.     The allegations in paragraph no. 547 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

548.     The allegations in paragraph no. 548 purport to characterize the law, which speaks for itself.  To the extent the allegations misconstrue or mischaracterize the law, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

549.     The allegations in paragraph no. 549 purport to characterize the law, which speaks for itself.  To the extent the allegations misconstrue or mischaracterize the law, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

550.     The allegations in paragraph no. 550 purport to quote from or characterize a document authored by a third party, which speaks for itself.  To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

551.     In response to paragraph no. 551, Blackbaud admits that obligations of Covered Entities and their Business Associates as defined by HIPAA and HITECH and the Privacy and

Security Rules apply to such entities to the extent they store, control, or maintain Personal Health Information as defined by those statutes that is otherwise not exempted. Blackbaud denies any remaining allegations in this paragraph.

552.    The allegations in paragraph no. 552 purport to quote from or characterize a document authored by Blackbaud, which speaks for itself. To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations. Blackbaud denies any remaining allegations in this paragraph.

553.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 553 and consequently denies the same.

554.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 554 and consequently denies the same.

555.    In response to paragraph no. 555, Blackbaud admits that certain of its customers may engage in GPPs and use certain of its products. In further response, the allegations in paragraph no. 555 purport to quote from or characterize a document authored by a third party, which speaks for itself. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of these allegations and consequently denies the same. Blackbaud denies any remaining allegations in this paragraph.

556.    Blackbaud denies the allegations in paragraph no. 556 implying that it has a GPP. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and consequently denies the same.

557.    Blackbaud denies the allegations in paragraph no. 557.

## VII.    CLASS ACTION ALLEGATIONS

558.    The allegations in paragraph no. 558 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to bring this action.

559.    The allegations in paragraph no. 559 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue claims on behalf of a Nationwide Class.

560.    The allegations in paragraph no. 560 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue claims on behalf of Statewide Subclasses.

561.    The allegations in paragraph no. 561 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue claims on behalf of either a Nationwide Class or Statewide Subclasses.

562.    Blackbaud denies the allegations in paragraph no. 562.

563.    Blackbaud denies the allegations in paragraph no. 563.

564.    Blackbaud denies the allegations in paragraph no. 564.

565.    Blackbaud denies the allegations in paragraph no. 565.

566.    Blackbaud denies the allegations in paragraph no. 566.

567.    Blackbaud denies the allegations in paragraph no. 567.

568.    Blackbaud denies the allegations in paragraph no. 568.

569.    Blackbaud denies the allegations in paragraph no. 569.

## VIII.  **CAUSES OF ACTION**

570.    The allegations in the first sentence of paragraph no. 570 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to bring these causes of action.  Blackbaud denies the remaining allegations in this paragraph.

571.    In response to paragraph no. 571, Blackbaud admits that, at various times, the following individuals were based in Blackbaud's South Carolina Office: Chief Information Security Officer, Rich Friedberg; Executive Vice President and Chief Products Officer, Kevin McDearis; Senior Director and Director, Cyber Security, Ryan Hammer; Senior Director, Risk and Compliance, Ryan Roberts; Security Architect, Cyber Security Architecture and Engagement, James Underwood; Cyber Security Governance Team Lead, Ashley Wyand; and CEO and President, Mike Gianoni.  Blackbaud denies any remaining allegations in this paragraph.

572.    The allegations in paragraph no. 572 purport to quote from or characterize documents authored, and testimony offered, by one of Blackbaud's employees, which speak for themselves.  To the extent the allegations misquote, misconstrue, or mischaracterize those documents or testimony, or the documents or testimony reflect speculation or opinions inconsistent with the facts, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

573.    To the extent the allegations in paragraph no. 573 purport to quote from or characterize testimony offered by a former Blackbaud employee, that testimony speaks for itself.  To the extent the allegations misquote, misconstrue, or mischaracterize that testimony, or the testimony reflects speculation or opinions inconsistent with the facts, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

574.     To the extent the allegations in paragraph no. 574 purport to quote from or characterize testimony offered by a former Blackbaud employee, that testimony speaks for itself. To the extent the allegations misquote, misconstrue, or mischaracterize that testimony, or the testimony reflects speculation or opinions inconsistent with the facts, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

575.     The allegations in paragraph no. 575 purport to quote from or characterize testimony offered by a former Blackbaud employee, which speaks for itself.  To the extent the allegations misquote, misconstrue, or mischaracterize that testimony, or the testimony reflects speculation or opinions inconsistent with the facts, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

576.     Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 576 and consequently denies the same

577.     The allegations in paragraph no. 577 purport to quote from or characterize documents authored by various Blackbaud employees and testimony offered by one of Blackbaud's employees, which speak for themselves.  To the extent the allegations misquote, misconstrue, or mischaracterize those documents or testimony, or the documents or testimony reflect speculation or opinions inconsistent with the facts, Blackbaud denies the allegations. Blackbaud denies any remaining allegations in this paragraph.

578.     The allegations in paragraph no. 578 purport to quote from or characterize documents authored by various Blackbaud employees, which speak for themselves.  To the extent the allegations misquote, misconstrue, or mischaracterize those documents, or the documents reflect speculation or opinions inconsistent with the facts, Blackbaud denies the allegations. Blackbaud denies any remaining allegations in this paragraph.

579.     The allegations in paragraph no. 579 purport to quote from or characterize a document that Blackbaud is unable to identify due to an apparent inaccurate citation.  Blackbaud is accordingly without knowledge or information sufficient to form a belief as to the truth of these allegations and consequently denies the same.  Blackbaud denies any remaining allegations in this paragraph.

580.     The allegations in paragraph no. 580 purport to quote from or characterize a document that Blackbaud is unable to identify due to an apparent inaccurate citation.  Blackbaud is accordingly without knowledge or information sufficient to form a belief as to the truth of these allegations and consequently denies the same.  Blackbaud denies any remaining allegations in this paragraph.

581.     The allegations in paragraph no. 581 purport to quote from or characterize a document that Blackbaud is unable to identify due to an apparent inaccurate citation.  Blackbaud is accordingly without knowledge or information sufficient to form a belief as to the truth of these allegations and consequently denies the same.  Blackbaud denies any remaining allegations in this paragraph.

582.     The allegations in paragraph no. 582 purport to quote from or characterize testimony offered by one of Blackbaud's former employees, which speaks for itself.  To the extent the allegations misquote, misconstrue, or mischaracterize that testimony, or the testimony reflects speculation or opinions inconsistent with the facts, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

583.     The allegations in paragraph no. 583 purport to quote from or characterize testimony offered by one of Blackbaud's former employees, which speaks for itself.  To the extent the allegations misquote, misconstrue, or mischaracterize that testimony, or the testimony reflects

speculation or opinions inconsistent with the facts, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

584.     The allegations in paragraph no. 584 purport to quote from or characterize a document executed by Blackbaud, which speaks for itself.  To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

585.     The allegations in paragraph no. 585 purport to quote from or characterize a document that Blackbaud is unable to identify due to an apparent inaccurate citation.  Blackbaud is accordingly without knowledge or information sufficient to form a belief as to the truth of these allegations and consequently denies the same.  Blackbaud denies any remaining allegations in this paragraph.

586.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 586 and consequently denies the same. Blackbaud denies the remaining allegations in this paragraph.

A.     CLAIMS ON BEHALF OF THE NATIONWIDE CLASS

CLAIM 1: NEGLIGENCE

587.  Blackbaud incorporates its responses to paragraphs 1 through 586 as if fully set forth herein.

588.  Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 588 and consequently denies the same.

589.     The allegations in paragraph no. 589 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

590.     The allegations in paragraph no. 590 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

591.     Blackbaud denies the allegations in paragraph no. 591.

592.     Blackbaud denies the allegations in paragraph no. 592.

593.     Blackbaud denies the allegations in paragraph no. 593.

594.     The allegations in paragraph no. 594 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

595.     Blackbaud denies the allegations in paragraph no. 595.

596.     Blackbaud denies the allegations in paragraph no. 596.

597.     Blackbaud denies the allegations in paragraph no. 597.

598.     The allegations in paragraph no. 598 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations.

599.     Blackbaud denies the allegations in paragraph no. 599.

600.     The allegations in paragraph no. 600 purport to quote from or characterize a document authored by Blackbaud, which speaks for itself.  To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

601.     Blackbaud denies the allegations in paragraph no. 601.

602.     The allegations in paragraph no. 602 purport to quote from or characterize documents authored by various Blackbaud employees or a third party retained by Blackbaud, and testimony offered by one of Blackbaud's employees, which speak for themselves.  To the extent

the allegations misquote, misconstrue, or mischaracterize those documents or testimony, or the documents or testimony reflect speculation or opinions inconsistent with the facts, Blackbaud denies the allegations. The allegations in paragraph no. 602 also purport to quote from or characterize a document authored by a third party, which speaks for itself. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of these allegations and consequently denies the same. Blackbaud denies any remaining allegations in this paragraph.

603. Blackbaud denies the allegations in the first sentence of paragraph no. 603. The remaining allegations in this paragraph purport to quote from or characterize documents authored by various Blackbaud employees or a third party retained by Blackbaud, and testimony offered by one of Blackbaud's employees, which speak for themselves. To the extent the allegations misquote, misconstrue, or mischaracterize those documents or testimony, or the documents or testimony reflect speculation or opinions inconsistent with the facts, Blackbaud denies the allegations.

604. The allegations in paragraph no. 604 contain legal conclusions to which no response is required. To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

605. Blackbaud denies the allegations in paragraph no. 605.

606. Blackbaud denies the allegations in paragraph no. 606.

607. Blackbaud denies the allegations in paragraph no. 607.

608. Blackbaud denies the allegations in paragraph no. 608.

609. Blackbaud denies the allegations in paragraph no. 609.

610. Blackbaud denies the allegations in paragraph no. 610.

611. Blackbaud denies the allegations in paragraph no. 611.

## CLAIM 2: GROSS NEGLIGENCE

612.     Blackbaud incorporates its responses to paragraphs 1 through 611 as if fully set forth herein.

613.     Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 613 and consequently denies the same. Blackbaud denies the remaining allegations in this paragraph.

614.     Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph no. 614 because "Personal Information" is not defined in the Amended Complaint.  Blackbaud denies the allegations in the second sentence of this paragraph.

615.     Blackbaud denies the allegations in paragraph no. 615.

616.     Blackbaud denies the allegations in paragraph no. 616.

617.     Blackbaud denies the allegations in paragraph no. 617.

618.     Blackbaud denies the allegations in paragraph no. 618.

619.     Blackbaud denies the allegations in paragraph no. 619.

620.     The allegations in paragraph no. 620 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

621.     Blackbaud denies the allegations in paragraph no. 621.

622.     Blackbaud denies the allegations in paragraph no. 622.

623.     Blackbaud denies the allegations in paragraph no. 623.

624.     The allegations in paragraph no. 624 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations.

625.     The allegations in paragraph no. 625 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations.

626.     The allegations in paragraph no. 626 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations.

627.     Blackbaud denies the allegations in paragraph no. 627.

628.     Blackbaud denies the allegations in paragraph no. 628.

629.     Blackbaud denies the allegations in paragraph no. 629.

630.     Blackbaud denies the allegations in paragraph no. 630.

631.     Blackbaud denies the allegations in paragraph no. 631.

632.     Blackbaud denies the allegations in paragraph no. 632.

633.     Blackbaud denies the allegations in paragraph no. 633.

## CLAIM 3: DECLARATORY JUDGMENT

634.     Blackbaud incorporates its responses to paragraphs 1 through 633 as if fully set forth herein.

635.     The allegations in paragraph no. 635 purport to characterize the law, which speaks for itself.  To the extent the allegations mischaracterize or misconstrue the law, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

636.     Blackbaud denies the allegations in paragraph no. 636.

637.     The allegations in paragraph no. 637 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies the allegations.

638.     Blackbaud denies the allegations in paragraph no. 638.

639.     Blackbaud denies the allegations in paragraph no. 639.

640.     Blackbaud denies the allegations in paragraph no. 640.

641.    Blackbaud denies the allegations in paragraph no. 641.

642.    Blackbaud denies the allegations in paragraph no. 642.

643.    Blackbaud denies the allegations in paragraph no. 643.

### CLAIM 4: INVASION OF PRIVACY

644.    Blackbaud incorporates its responses to paragraphs 1 through 643 as if fully set forth herein.

645.    Blackbaud denies the allegations in paragraph no. 645.

646.    The allegations in paragraph no. 646 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

647.    Blackbaud denies the allegations in paragraph no. 647.

648.    Blackbaud denies the allegations of paragraph no. 648.

649.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 649 and consequently denies the same.

650.    Blackbaud denies the allegations in paragraph no. 650.

651.    Blackbaud denies the allegations in paragraph no. 651.

652.    Blackbaud denies the allegations in paragraph no. 652.

653.    Blackbaud denies the allegations in paragraph no. 653.

654.    The allegations in paragraph no. 654 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

655.    Blackbaud denies the allegations in paragraph no. 655.

### B.    CLAIMS ON BEHALF OF THE STATE SUBCLASSES

### CLAIMS ON BEHALF OF THE ALABAMA SUBCLASS

## CLAIM 5: ALABAMA DECEPTIVE TRADE PRACTICES ACT,
### Ala. Code §§ 8-19-1, *ET SEQ*.

656.    Blackbaud incorporates its responses to paragraphs 1 through 655 as if fully set forth herein. The allegations in paragraph no. 656 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

657.    The allegations in paragraph no. 657 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

658.    The Amended Complaint does not identify a Plaintiff resident of Alabama. Blackbaud consequently denies the allegations in paragraph no. 658.

659.    Blackbaud denies the allegations in paragraph no. 659.

660.    In response to paragraph no. 660, Blackbaud admits that certain of its customers or former customers may be located in Alabama.  Any remaining allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

661.    Blackbaud denies the allegations in paragraph no. 661.

662.    Blackbaud denies the allegations in paragraph no. 662.

663.    Blackbaud denies the allegations in paragraph no. 663.

664.    Blackbaud denies the allegations in paragraph no. 664.

665.    Blackbaud denies the allegations in paragraph no. 665.

666.    Blackbaud denies the allegations in paragraph no. 666.

667.    Blackbaud denies the allegations in paragraph no. 667.

668.    Blackbaud denies the allegations in paragraph no. 668.

669.    Blackbaud denies the allegations in paragraph no. 669.

670.    Blackbaud denies the allegations in paragraph no. 670.

671.    Blackbaud denies the allegations in paragraph no. 671.

672.    The allegations in paragraph no. 672 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIMS ON BEHALF OF THE ALASKA SUBCLASS

## CLAIM 6: PERSONAL INFORMATION PROTECTION ACT,
### Alaska Stat. §§ 45.48.010, *ET SEQ*.

673.    Blackbaud incorporates its responses to paragraphs 1 through 672 as if fully set forth herein. The allegations in paragraph no. 673 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

674.    Blackbaud denies the allegations in paragraph no. 674.

675.    The Amended Complaint does not identify a Plaintiff resident of Alaska. Blackbaud consequently denies the allegations in paragraph no. 675.

676.    Blackbaud denies the allegations in paragraph no. 676.

677.    Blackbaud denies the allegations in paragraph no. 677.

678.    Blackbaud denies the allegations in paragraph no. 678.

679.    Blackbaud denies the allegations in paragraph no. 679.

680.    The allegations in paragraph no. 680 purport to characterize the law, which speaks for itself.  To the extent the allegations misconstrue or mischaracterize the law, Blackbaud denies the allegations.

681.    Blackbaud denies the allegations in paragraph no. 681.

682.    Blackbaud denies the allegations in paragraph no. 682.

683.    The allegations in paragraph no. 683 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

### CLAIM 7: ALASKA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT, Alaska Stat. §§ 45.50.471, *ET SEQ*.

684.    Blackbaud incorporates its responses to paragraphs 1 through 683 as if fully set forth herein. The allegations in paragraph no. 684 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

685.    In response to paragraph no. 685, Blackbaud admits that certain of its customers or former customers may be located in Alaska.  Any remaining allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

686.    The Amended Complaint does not identify a Plaintiff resident of Alaska. Blackbaud consequently denies the allegations in paragraph no. 686.

687.    Blackbaud denies the allegations in paragraph no. 687.

688.    Blackbaud denies the allegations in paragraph no. 688.

689.    Blackbaud denies the allegations in paragraph no. 689.

690.    Blackbaud denies the allegations in paragraph no. 690.

691.    Blackbaud denies the allegations in paragraph no. 691.

692.    Blackbaud denies the allegations in paragraph no. 692.

693.    Blackbaud denies the allegations in paragraph no. 693.

694.    The allegations in paragraph no. 694 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIMS ON BEHALF OF THE ARIZONA SUBCLASS

## CLAIM 8: ARIZONA CONSUMER FRAUD ACT,
### Ariz. Rev. Stat. §§ 44-1521, *ET SEQ*.

695.    Blackbaud incorporates its responses to paragraphs 1 through 694 as if fully set forth herein. The allegations in paragraph no. 695 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

696.    The allegations in paragraph no. 696 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

697.    In response to paragraph no. 697, Blackbaud admits that certain of its customers or former customers may be located in Arizona.  Any remaining allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

698.    Blackbaud denies the allegations in paragraph no. 698.

699.    Blackbaud denies the allegations in paragraph no. 699.

700.    Blackbaud denies the allegations in paragraph no. 700.

701.    Blackbaud denies the allegations in paragraph no. 701.

702.    Blackbaud denies the allegations in paragraph no. 702.

703.    Blackbaud denies the allegations in paragraph no. 703.

704.    Blackbaud denies the allegations in paragraph no. 704.

705.    The allegations in paragraph no. 705 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIMS ON BEHALF OF THE ARKANSAS SUBCLASS

### CLAIM 9: ARKANSAS DECEPTIVE TRADE PRACTICES ACT, Ark. Code Ann. §§ 4-88-101, *ET SEQ.*

706.    Blackbaud incorporates its responses to paragraphs 1 through 705 as if fully set forth herein. The allegations in paragraph no. 706 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

707.    The allegations in paragraph no. 707 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

708.    The allegations in paragraph no. 708 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

709.    In response to paragraph no. 709, Blackbaud admits that certain of its customers or former customers may be located in Arkansas.  Any remaining allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

710.    The allegations in paragraph no. 710 purport to characterize the law, which speaks for itself.  To the extent the allegations misconstrue or mischaracterize the law, Blackbaud denies the allegations.

711.    Blackbaud denies the allegations in paragraph no. 711.

712.    Blackbaud denies the allegations in paragraph no. 712.

713.    Blackbaud denies the allegations in paragraph no. 713.

714.    Blackbaud denies the allegations in paragraph no. 714.

715.    Blackbaud denies the allegations in paragraph no. 715.

716.    Blackbaud denies the allegations in paragraph no. 716.

717.    Blackbaud denies the allegations in paragraph no. 717.

718.    The allegations in paragraph no. 718 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIMS ON BEHALF OF THE CALIFORNIA SUBCLASS

## CLAIM 10: CALIFORNIA CUSTOMER RECORDS ACT,
### Cal. Civ. Code §§ 1798.80, *et seq*.

719.    Blackbaud incorporates its responses to paragraphs 1 through 718 as if fully set forth herein. The allegations in paragraph no. 719 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

720.    The allegations in paragraph no. 720 purport to characterize the law, which speaks for itself.  To the extent the allegations misconstrue or mischaracterize the law, Blackbaud denies the allegations.

721.    Blackbaud denies the allegations in paragraph no. 721.

722.    In response to paragraph no. 722, Blackbaud admits that it is a registered data broker in California, but denies that this registration is relevant to any of Plaintiffs' claims.  The remaining allegations in this paragraph contain legal conclusions to which no response is required.

To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

723.    The allegations in paragraph no. 723 purport to characterize the law, which speaks for itself.  To the extent the allegations misconstrue or mischaracterize the law, Blackbaud denies the allegations.

724.    Blackbaud denies the allegations in paragraph no. 724.

725.    The allegations in paragraph no. 725 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

726.    Blackbaud denies the allegations in paragraph no. 726.

727.    Blackbaud denies the allegations in paragraph no. 727.

728.    Blackbaud denies the allegations in paragraph no. 728.

729.    Blackbaud denies the allegations in paragraph no. 729.

730.    The allegations in paragraph no. 730 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIM 11: CALIFORNIA UNFAIR COMPETITION LAW,
### Cal. Bus. & Prof. Code §§ 17200, *et seq*.

731.    Blackbaud incorporates its responses to paragraphs 1 through 730 as if fully set forth herein. The allegations in paragraph no. 731 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

732.    The allegations in paragraph no. 732 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

733.    Blackbaud denies the allegations in paragraph no. 733.

734.    Blackbaud denies the allegations in paragraph no. 734.

735.    Blackbaud denies the allegations in paragraph no. 735.

736.    Blackbaud denies the allegations in paragraph no. 736.

737.    Blackbaud denies the allegations in paragraph no. 737.

738.    Blackbaud denies the allegations in paragraph no. 738.

739.    Blackbaud denies the allegations in paragraph no. 739.

740.    Blackbaud denies the allegations in paragraph no. 740.

741.    The allegations in paragraph no. 741 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

**CLAIM 12: CALIFORNIA CONSUMER LEGAL REMEDIES ACT,**
**Cal. Civ. Code §§ 1750, *et seq*.**

742.    Blackbaud incorporates its responses to paragraphs 1 through 741 as if fully set forth herein. The allegations in paragraph no. 742 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

743.    The allegations in paragraph no. 743 purport to characterize the law, which speaks for itself.  To the extent the allegations misconstrue or mischaracterize the law, Blackbaud denies the allegations.

—

744.    The allegations in paragraph no. 744 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.  Blackbaud denies any remaining allegations in this paragraph.

745.    The allegations in paragraph no. 745 purport to quote from or characterize a document authored by Blackbaud, which speaks for itself.  To the extent the allegations misquote, misconstrue, or mischaracterize that document, Blackbaud denies the allegations. Blackbaud denies any remaining allegations in this paragraph.

746.    The allegations in paragraph no. 746 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

747.    Blackbaud denies the allegations in paragraph no. 747.

748.    Blackbaud denies the allegations in paragraph no. 748.

749.    Blackbaud denies the allegations in paragraph no. 749.

750.    Blackbaud denies the allegations in paragraph no. 750.

751.    Blackbaud denies the allegations in paragraph no. 751.

752.    Blackbaud denies the allegations in paragraph no. 752.

753.    The allegations in paragraph no. 753 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

### CLAIM 13: CALIFORNIA CONSUMER PRIVACY ACT,
### Cal. Civ. Code §§ 1798.100, *et seq*.

754.    Blackbaud incorporates its responses to paragraphs 1 through 753 as if fully set forth herein. The allegations in paragraph no. 754 are a characterization of Plaintiffs' claims to

which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

755.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 755 and consequently denies the same.

756.    In response to paragraph no. 756, Blackbaud admits that it is a corporation and that it has annual gross revenues over $25 million.  Blackbaud denies any remaining allegations in this paragraph.

757.    The allegations in paragraph no. 757 contain legal conclusions to which no response is required. To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

758.    Blackbaud denies the allegations in paragraph no. 758.

759.    In response to paragraph no. 759, Blackbaud admits that it is a registered data broker in California, but denies that this registration is relevant to any of Plaintiffs' claims.  The remaining allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

760.    Blackbaud denies the allegations in paragraph no. 760.

761.    Blackbaud denies the allegations in paragraph no. 761.

762.    Blackbaud denies the allegations in paragraph no. 762.

763.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 763 and consequently denies the same.

764.    Blackbaud denies the allegations in paragraph no. 764.

765.    The allegations in paragraph no. 765 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

766.    The allegations in paragraph no. 766 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

767.    Blackbaud denies the allegations in paragraph no. 767.

768.    In response to the first two sentences of paragraph no. 768, Blackbaud admits it received a letter from Mamie Estes on September 9, 2020, and a letter from Kassandre Clayton on October 2, 2020.  Blackbaud denies any remaining allegations in this paragraph.

769.    Blackbaud denies the allegations in paragraph no. 769.

## CLAIM 14: CALIFORNIA CONFIDENTIALITY OF MEDICAL INFORMATION ACT, Cal. Civil Code § 56, *et seq*.

770.    Blackbaud incorporates its responses to paragraphs 1 through 769 as if fully set forth herein. The allegations in paragraph no. 770 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

771.    The allegations in paragraph no. 771 purport to characterize the law, which speaks for itself.  To the extent the allegations misconstrue or mischaracterize the law, Blackbaud denies the allegations.

772.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 772 regarding Plaintiff Clayton's interactions with any Social Good Entity and consequently denies the same.  The remaining allegations in this paragraph

are legal conclusions to which no response is required. To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

773. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 773 and consequently denies the same.

774. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 774 regarding Plaintiff's interactions with any Social Good Entity and consequently denies the same. The remaining allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

775. The allegations in paragraph no. 775 contain legal conclusions to which no response is required. To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

776. Blackbaud denies the allegations in paragraph no. 776.

777. The allegations in paragraph no. 777 contain legal conclusions to which no response is required. To the extent a response is required, Blackbaud denies that it collected and stored Plaintiff's medical information.

778. Blackbaud denies the allegations in paragraph no. 778.

779. Blackbaud denies the allegations in paragraph no. 779.

780. Blackbaud denies the allegations in paragraph no. 780.

781. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 781 and consequently denies the same.

782.    The allegations in paragraph no. 782 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIMS ON BEHALF OF THE COLORADO SUBCLASS

### CLAIM 15: COLORADO SECURITY BREACH NOTIFICATION ACT,
### Colo. Rev. Stat. §§ 6-1-716, *et seq.*

783.    Blackbaud incorporates its responses to paragraphs 1 through 782 as if fully set forth herein. The allegations in paragraph no. 783 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

784.    Blackbaud denies the allegations in paragraph no. 784.

785.    The allegations in paragraph no. 785 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

786.    Blackbaud denies the allegations in paragraph no. 786.

787.    Blackbaud denies the allegations in paragraph no. 787.

788.    Blackbaud denies the allegations in paragraph no. 788.

789.    Blackbaud denies the allegations in paragraph no. 789.

790.    The allegations in paragraph no. 790 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

### CLAIM 16: COLORADO CONSUMER PROTECTION ACT,
### Colo. Rev. Stat. §§ 6-1-101, *et seq.*

791.    Blackbaud incorporates its responses to paragraphs 1 through 790 as if fully set forth herein. The allegations in paragraph no. 791 are a characterization of Plaintiffs' claims to

which no response is required. To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

792. The allegations in paragraph no. 792 contain legal conclusions to which no response is required. To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

793. The allegations in paragraph no. 793 contain legal conclusions to which no response is required. To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

794. Blackbaud denies the allegations in paragraph no. 794.

795. Blackbaud denies the allegations in paragraph no. 795.

796. Blackbaud denies the allegations in paragraph no. 796.

797. Blackbaud denies the allegations in paragraph no. 797.

798. Blackbaud denies the allegations in paragraph no. 798.

799. Blackbaud denies the allegations in paragraph no. 799.

800. Blackbaud denies the allegations in paragraph no. 800.

801. Blackbaud denies the allegations in paragraph no. 801.

802. Blackbaud denies the allegations in paragraph no. 802.

803. The allegations in paragraph no. 803 are a characterization of Plaintiffs' claims to which no response is required. To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIMS ON BEHALF OF THE CONNECTICUT SUBCLASS

## CLAIM 17: BREACH OF SECURITY REGARDING COMPUTERIZED DATA, C.G.S.A. § 36a-701b

804.    Blackbaud incorporates its responses to paragraphs 1 through 803 as if fully set forth herein. The allegations in paragraph no. 804 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

805.    Blackbaud denies the allegations in the first sentence of paragraph no. 805.  The remaining allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

806.    The Amended Complaint does not identify a Plaintiff resident of Connecticut. Blackbaud consequently denies the allegations in paragraph no. 806.

807.    Blackbaud denies the allegations in paragraph no. 807.

808.    Blackbaud denies the allegations in paragraph no. 808.

809.    Blackbaud denies the allegations in paragraph no. 809.

810.    Blackbaud denies the allegations in paragraph no. 810.

811.    Blackbaud denies the allegations in paragraph no. 811.

812.    The allegations in paragraph no. 812 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

813.    Blackbaud incorporates its responses to paragraphs 1 through 812 as if fully set forth herein.

814.    The allegations in paragraph no. 814 purport to characterize the law, which speaks for itself.  To the extent the allegations misconstrue or mischaracterize the law, Blackbaud denies the allegations.

815.    The allegations in paragraph no. 815 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

816.    Blackbaud denies the allegations in paragraph no. 816.

817.    Blackbaud denies the allegations in paragraph no. 817.

818.    Blackbaud denies the allegations in paragraph no. 818.

819.    Blackbaud denies the allegations in paragraph no. 819.

820.    Blackbaud denies the allegations in paragraph no. 820.

821.    Blackbaud denies the allegations in paragraph no. 821.

822.    Blackbaud denies the allegations in paragraph no. 822.

823.    Blackbaud denies the allegations in paragraph no. 823.

824.    Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 824 and consequently denies the same.

**CLAIMS ON BEHALF OF THE DELAWARE SUBCLASS**

**CLAIM 18: DELAWARE COMPUTER SECURITY BREACH ACT,
6 Del. Code Ann. §§ 12b-102, *et seq*.**

825.    Blackbaud incorporates its responses to paragraphs 1 through 824 as if fully set forth herein. The allegations in paragraph no. 825 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

826.    Blackbaud denies the allegations in paragraph no. 826.

827.    The Amended Complaint does not identify a Plaintiff resident of Delaware. Blackbaud consequently denies the allegations in paragraph no. 827.

828.    Blackbaud denies the allegations in paragraph no. 828.

829.    Blackbaud denies the allegations in paragraph no. 829.

830.    Blackbaud denies the allegations in paragraph no. 830.

831.    Blackbaud denies the allegations in paragraph no. 831.

832.    The allegations in paragraph no. 832 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

### CLAIM 19: DELAWARE CONSUMER FRAUD ACT, 6 Del. Code §§ 2513, *et seq.*

833.    Blackbaud incorporates its responses to paragraphs 1 through 832 as if fully set forth herein. The allegations in paragraph no. 833 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

834.    The allegations in paragraph no. 834 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

835.    In response to paragraph no. 835, Blackbaud admits that certain of its customers or former customers may be located in Delaware.  Any remaining allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

836.    Blackbaud denies the allegations in paragraph no. 836.

837.    Blackbaud denies the allegations in paragraph no. 837.

838. Blackbaud denies the allegations in paragraph no. 838.

839. Blackbaud denies the allegations in paragraph no. 839.

840. Blackbaud denies the allegations in paragraph no. 840.

841. Blackbaud denies the allegations in paragraph no. 841.

842. Blackbaud denies the allegations in paragraph no. 842.

843. The allegations in paragraph no. 843 are a characterization of Plaintiffs' claims to which no response is required. To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIMS ON BEHALF OF THE DISTRICT OF COLUMBIA SUBCLASS

## CLAIM 20: DISTRICT OF COLUMBIA CONSUMER SECURITY BREACH NOTIFICATION ACT, D.C. Code §§ 28-3851, *et seq.*

844. Blackbaud incorporates its responses to paragraphs 1 through 843 as if fully set forth herein. The allegations in paragraph no. 844 are a characterization of Plaintiffs' claims to which no response is required. To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

845. Blackbaud denies the allegations in paragraph no. 845.

846. The Amended Complaint does not identify a Plaintiff resident of the District of Columbia. Blackbaud consequently denies the allegations in paragraph no. 846.

847. Blackbaud denies the allegations in paragraph no. 847.

848. Blackbaud denies the allegations in paragraph no. 848.

849. Blackbaud denies the allegations in paragraph no. 849.

850. Blackbaud denies the allegations in paragraph no. 850.

851.    The allegations in paragraph no. 851 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

**CLAIM 21: DISTRICT OF COLUMBIA CONSUMER PROTECTION PROCEDURES ACT, D.C. code §§ 28-3904, *et seq.***

852.    Blackbaud incorporates its responses to paragraphs 1 through 851 as if fully set forth herein. The allegations in paragraph no. 852 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

853.    The allegations in paragraph no. 853 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

854.    The allegations in paragraph no. 854 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

855.    The Amended Complaint does not identify a Plaintiff resident of the District of Columbia.  Blackbaud consequently denies the allegations in paragraph no. 855.

856.    In response to paragraph no. 856, Blackbaud admits that certain of its customers or former customers may be located in the District of Columbia.  Any remaining allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

857.    Blackbaud denies the allegations in paragraph no. 857.

858.    Blackbaud denies the allegations in paragraph no. 858.

859.    Blackbaud denies the allegations in paragraph no. 859.

860.     Blackbaud denies the allegations in paragraph no. 860.

861.     Blackbaud denies the allegations in paragraph no. 861.

862.     Blackbaud denies the allegations in paragraph no. 862.

863.     Blackbaud denies the allegations in paragraph no. 863.

864.     Blackbaud denies the allegations in paragraph no. 864.

865.     The allegations in paragraph no. 865 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIMS ON BEHALF OF THE FLORIDA SUBCLASS

## CLAIM 22: FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, Fla. Stat. §§ 501.201, *et seq*.

866.     Blackbaud incorporates its responses to paragraphs 1 through 865 as if fully set forth herein. The allegations in paragraph no. 866 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

867.     The allegations in the first sentence of paragraph no. 867 are a characterization of Plaintiffs' claim to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to bring this claim.  The remaining allegations in this paragraph purport to characterize the law, which speaks for itself.  To the extent the allegations misconstrue or mischaracterize the law, Blackbaud denies the allegations.

868.     The allegations in paragraph no. 868 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

869.     In response to paragraph no. 869, Blackbaud admits that certain of its customers or former customers may be located in Florida.  Any remaining allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

870.     Blackbaud denies the allegations in paragraph no. 870.

871.     Blackbaud denies the allegations in paragraph no. 871.

872.     Blackbaud denies the allegations in paragraph no. 872.

873.     Blackbaud denies the allegations in paragraph no. 873.

874.     Blackbaud denies the allegations in paragraph no. 874.

875.     Blackbaud denies the allegations in paragraph no. 875.

876.     Blackbaud denies the allegations in paragraph no. 876.

877.     Blackbaud denies the allegations in paragraph no. 877.

878.     Blackbaud denies the allegations in paragraph no. 878.

879.     Blackbaud denies the allegations in paragraph no. 879.

880.     Blackbaud denies the allegations in paragraph no. 880.

881.     The allegations in paragraph no. 881 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIMS ON BEHALF OF THE GEORGIA SUBCLASS

## CLAIM 23: GEORGIA SECURITY BREACH NOTIFICATION ACT,
O.C.G.A. §§ 10-1-912, *et seq*.

882.     Blackbaud incorporates its responses to paragraphs 1 through 881 as if fully set forth herein. The allegations in paragraph no. 882 are a characterization of Plaintiffs' claims to

which no response is required. To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

883. Blackbaud denies the allegations in paragraph no. 883.

884. The Amended Complaint does not identify a Plaintiff resident of Georgia. Blackbaud consequently denies the allegations in paragraph no. 884.

885. Blackbaud denies the allegations in paragraph no. 885.

886. Blackbaud denies the allegations in paragraph no. 886.

887. Blackbaud denies the allegations in paragraph no. 887.

888. Blackbaud denies the allegations in paragraph no. 888.

889. The allegations in paragraph no. 889 are a characterization of Plaintiffs' claims to which no response is required. To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

### CLAIM 24: GEORGIA FAIR BUSINESS PRACTICES ACT, O.C.G.A. § 10-1-390, *et seq.*

890. Blackbaud incorporates its responses to paragraphs 1 through 889 as if fully set forth herein. The allegations in paragraph no. 890 are a characterization of Plaintiffs' claims to which no response is required. To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

891. Blackbaud denies the allegations in paragraph no. 891.

892. The allegations in paragraph no. 892 contain legal conclusions to which no response is required. To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

893. The allegations in the first sentence of paragraph no. 893 contain legal conclusions to which no response is required. To the extent a response is required and the allegations are

contrary to law or fact, Blackbaud denies the allegations. Blackbaud denies any remaining allegations in this paragraph.

894.    Blackbaud denies the allegations in paragraph no. 894.

895.    Blackbaud denies the allegations in paragraph no. 895.

896.    Blackbaud denies the allegations in paragraph no. 896.

897.    Blackbaud denies the allegations in paragraph no. 897.

898.    Blackbaud denies the allegations in paragraph no. 898.

899.    Blackbaud denies the allegations in paragraph no. 899.

900.    Blackbaud denies the allegations in paragraph no. 900.

901.    Blackbaud denies the allegations in paragraph no. 901.

902.    Blackbaud denies the allegations in paragraph no. 902.

903.    Blackbaud denies the allegations in paragraph no. 903.

904.    Blackbaud denies the allegations in paragraph no. 904.

905.    Blackbaud denies the allegations in paragraph no. 905.

906.    Blackbaud denies the allegations in paragraph no. 906.

907.    Blackbaud denies the allegations in paragraph no. 907.

908.    Blackbaud denies the allegations in paragraph no. 908.

909.    Blackbaud denies the allegations in paragraph no. 909.

910.    Blackbaud denies the allegations in paragraph no. 910.

911.    Blackbaud denies the allegations in paragraph no. 911.

912.    Blackbaud denies the allegations in paragraph no. 912.

913.    Blackbaud denies the allegations in paragraph no. 913.

914.    Blackbaud denies the allegations in paragraph no. 914.

915.    Blackbaud denies the allegations in paragraph no. 915.

916.    Blackbaud denies the allegations in paragraph no. 916.

917.    The allegations in paragraph no. 917 purport to characterize the law, which speaks for itself.  To the extent the allegations misconstrue or mischaracterize the law, Blackbaud denies the allegations.

918.    Blackbaud denies the allegations in paragraph no. 918.

919.    The allegations in paragraph no. 919 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

920.    Blackbaud denies the allegations in paragraph no. 920.

**CLAIM 25: GEORGIA UNIFORM DECEPTIVE TRADE PRACTICES ACT, O.C.G.A. §§ 10-1-370, *et seq*.**

921.    Blackbaud incorporates its responses to paragraphs 1 through 920 as if fully set forth herein. The allegations in paragraph no. 921 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

922.    The allegations in paragraph no. 922 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

923.    Blackbaud denies the allegations in paragraph no. 923.

924.    Blackbaud denies the allegations in paragraph no. 924.

925.    Blackbaud denies the allegations in paragraph no. 925.

926.    Blackbaud denies the allegations in paragraph no. 926.

927.    Blackbaud denies the allegations in paragraph no. 927.

928.    Blackbaud denies the allegations in paragraph no. 928.

929.    Blackbaud denies the allegations in paragraph no. 929.

930.    Blackbaud denies the allegations in paragraph no. 930.

931.    Blackbaud denies the allegations in paragraph no. 931.

932.    The allegations in paragraph no. 932 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIMS ON BEHALF OF THE HAWAII SUBCLASS

## CLAIM 26: HAWAII SECURITY BREACH NOTIFICATION ACT, Haw. Rev. Stat. §§ 487N-1, *et seq*.

933.    Blackbaud incorporates its responses to paragraphs 1 through 932 as if fully set forth herein. The allegations in paragraph no. 933 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

934.    Blackbaud denies the allegations in paragraph no. 934.

935.    The Amended Complaint does not identify a Plaintiff resident of Hawaii. Blackbaud consequently denies the allegations in paragraph no. 935.

936.    Blackbaud denies the allegations in paragraph no. 936.

937.    The Amended Complaint does not identify a Plaintiff resident of Hawaii. Blackbaud consequently denies the allegations in paragraph no. 937.

938.    Blackbaud denies the allegations in paragraph no. 938.

939.    Blackbaud denies the allegations in paragraph no. 939.

940.    Blackbaud denies the allegations in paragraph no. 940.

941.    Blackbaud denies the allegations in paragraph no. 941.

942.    The allegations in paragraph no. 942 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

### CLAIM 27: HAWAII UNFAIR PRACTICES AND UNFAIR COMPETITION ACT, Haw. Rev. Stat. §§ 480-1, *et seq*.

943.    Blackbaud incorporates its responses to paragraphs 1 through 942 as if fully set forth herein. The allegations in paragraph no. 943 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

944.    The Amended Complaint does not identify a Plaintiff resident of Hawaii. Blackbaud consequently denies the allegations in paragraph no. 944.

945.    The allegations in paragraph no. 945 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

946.    In response to paragraph no. 946, Blackbaud admits that certain of its customers or former customers may be located in Hawaii.  Any remaining allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

947.    Blackbaud denies the allegations in paragraph no. 947.

948.    Blackbaud denies the allegations in paragraph no. 948.

949.    Blackbaud denies the allegations in paragraph no. 949.

950.    Blackbaud denies the allegations in paragraph no. 950.

951.    Blackbaud denies the allegations in paragraph no. 951.

952.    Blackbaud denies the allegations in paragraph no. 952.

953.    Blackbaud denies the allegations in paragraph no. 953.

954.    The allegations in paragraph no. 954 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

### CLAIM 28: HAWAII UNIFORM DECEPTIVE TRADE PRACTICE ACT, Haw. Rev. Stat. §§ 481A-3, *et seq*.

955.    Blackbaud incorporates its responses to paragraphs 1 through 954 as if fully set forth herein. The allegations in paragraph no. 955 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

956.    The Amended Complaint does not identify a Plaintiff resident of Hawaii. Blackbaud consequently denies the allegations in paragraph no. 956.

957.    Blackbaud denies the allegations in paragraph no. 957.

958.    Blackbaud denies the allegations in paragraph no. 958.

959.    Blackbaud denies the allegations in paragraph no. 959.

960.    Blackbaud denies the allegations in paragraph no. 960.

961.    Blackbaud denies the allegations in paragraph no. 961.

962.    Blackbaud denies the allegations in paragraph no. 962.

963.    The allegations in paragraph no. 963 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIMS ON BEHALF OF THE IDAHO SUBCLASS

## CLAIM 29: IDAHO CONSUMER PROTECTION ACT,
### Idaho Code §§ 48-601, *et seq*.

964.    Blackbaud incorporates its responses to paragraphs 1 through 963 as if fully set forth herein. The allegations in paragraph no. 964 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

965.    The allegations in paragraph no. 965 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

966.    The allegations in paragraph no. 966 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

967.    In response to paragraph no. 967, Blackbaud admits that certain of its customers or former customers may be located in Idaho.  Any remaining allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

968.    Blackbaud denies the allegations in paragraph no. 968.

969.    Blackbaud denies the allegations in paragraph no. 969.

970.    Blackbaud denies the allegations in paragraph no. 970.

971.    Blackbaud denies the allegations in paragraph no. 971.

972.    Blackbaud denies the allegations in paragraph no. 972.

973.    Blackbaud denies the allegations in paragraph no. 973.

974.    The allegations in paragraph no. 974 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIMS ON BEHALF OF THE ILLINOIS SUBCLASS

## CLAIM 30: ILLINOIS CONSUMER FRAUD ACT,
### 815 ILCS §§ 505, *et seq.*

975.    Blackbaud incorporates its responses to paragraphs 1 through 974 as if fully set forth herein. The allegations paragraph no. 975 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

976.    The allegations in paragraph no. 976 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

977.    The allegations in paragraph no. 977 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

978.    The allegations in paragraph no. 978 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

979.    Blackbaud denies the allegations in paragraph no. 979.

980.    Blackbaud denies the allegations in paragraph no. 980.

981.    Blackbaud denies the allegations in paragraph no. 981.

982.    Blackbaud denies the allegations in paragraph no. 982.

983.    Blackbaud denies the allegations in paragraph no. 983.

984.    Blackbaud denies the allegations in paragraph no. 984.

985.    Blackbaud denies the allegations in paragraph no. 985.

986.    The allegations in paragraph no. 986 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

### CLAIM 31: ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT, 815 ILCS §§ 510/2, *et seq.*

987.    Blackbaud incorporates its responses to paragraphs 1 through 986 as if fully set forth herein. The allegations in paragraph no. 987 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

988.    The allegations in paragraph no. 988 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

989.    Blackbaud denies the allegations in paragraph no. 989.

990.    Blackbaud denies the allegations in paragraph no. 990.

991.    Blackbaud denies the allegations in paragraph no. 991.

992.    Blackbaud denies the allegations in paragraph no. 992.

993.    Blackbaud denies the allegations in paragraph no. 993.

994.    Blackbaud denies the allegations in paragraph no. 994.

995.    The allegations in paragraph no. 995 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIMS ON BEHALF OF THE INDIANA SUBCLASS

## CLAIM 32: INDIANA DECEPTIVE CONSUMER SALES ACT,
### Ind. Code §§ 24-5-0.5-1, *et seq*.

996.    Blackbaud incorporates its responses to paragraphs 1 through 995 as if fully set forth herein. The allegations in paragraph no. 996 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

997.    The allegations in paragraph no. 997 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

998.    The allegations in paragraph no. 998 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

999.    Blackbaud denies the allegations in paragraph no. 999.

1000.   Blackbaud denies the allegations in paragraph no. 1000.

1001.   Blackbaud denies the allegations in paragraph no. 1001.

1002.   Blackbaud denies the allegations in paragraph no. 1002.

1003.   Blackbaud denies the allegations in paragraph no. 1003.

1004.   Blackbaud denies the allegations in paragraph no. 1004.

1005.   Blackbaud denies the allegations in paragraph no. 1005.

1006.   Blackbaud denies the allegations in paragraph no. 1006.

1007.   Blackbaud denies the allegations in paragraph no. 1007.

1008.   Blackbaud denies the allegations in paragraph no. 1008.

1009.   Blackbaud denies the allegations in paragraph no. 1009.

1010.   Blackbaud denies the allegations in paragraph no. 1010.

1011.   Blackbaud denies the allegations in paragraph no. 1011.

1012.   Blackbaud denies the allegations in paragraph no. 1012.

1013.   Blackbaud denies the allegations in paragraph no. 1013.

1014.   Blackbaud denies the allegations in paragraph no. 1014.

1015.   Blackbaud denies the allegations in paragraph no. 1015.

1016.   Blackbaud denies the allegations in paragraph no. 1016.

1017.   Blackbaud denies the allegations in paragraph no. 1017.

1018.   Blackbaud denies the allegations in paragraph no. 1018.

1019.   Blackbaud denies the allegations in paragraph no. 1019.

1020.   The allegations in paragraph no. 1020 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIMS ON BEHALF OF THE IOWA SUBCLASS

## CLAIM 33: PERSONAL INFORMATION SECURITY BREACH PROTECTION LAW, Iowa Code § 715C.2

1021.   Blackbaud incorporates its responses to paragraphs 1 through 1020 as if fully set forth herein. The allegations in paragraph no. 1021 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1022.   Blackbaud denies the allegations in paragraph no. 1022.

1023.   The Amended Complaint does not identify a Plaintiff resident of Iowa.  Blackbaud consequently denies the allegations in paragraph no. 1023.

1024.   Blackbaud denies the allegations in paragraph no. 1024.

1025.   Blackbaud denies the allegations in paragraph no. 1025.

1026.   Blackbaud denies the allegations in paragraph no. 1026.

1027.   The allegations in paragraph no. 1027 purport to characterize the law, which speaks for itself.  To the extent the allegations misconstrue or mischaracterize the law, Blackbaud denies the allegations.

1028.   Blackbaud denies the allegations in paragraph no. 1028.

1029.   The allegations in paragraph no. 1029 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIM 34: IOWA PRIVATE RIGHT OF ACTION FOR CONSUMER FRAUDS ACT, Iowa Code § 714H

1030.   Blackbaud incorporates its responses to paragraphs 1 through 1029 as if fully set forth herein. The allegations in paragraph no. 1030 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1031.   The allegations in paragraph no. 1031 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1032.   The Amended Complaint does not identify a Plaintiff resident of Iowa.  Blackbaud consequently denies the allegations in paragraph no. 1032.

1033.   The allegations in paragraph no. 1033 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1034.   Blackbaud denies the allegations in paragraph no. 1034.

1035.   Blackbaud denies the allegations in paragraph no. 1035.

1036.   Blackbaud denies the allegations in paragraph no. 1036.

1037.   Blackbaud denies the allegations in paragraph no. 1037.

1038.   Blackbaud denies the allegations in paragraph no. 1038.

1039.   Blackbaud denies the allegations in paragraph no. 1039.

1040.   Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 1040 and consequently denies the same.

1041.   The allegations in paragraph no. 1041 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIMS ON BEHALF OF THE KANSAS SUBCLASS

### CLAIM 35: PROTECTION OF CONSUMER INFORMATION, Kan. Stat. Ann. §§ 50-7a02(a), *et seq*.

1042.   Blackbaud incorporates its responses to paragraphs 1 through 1041 as if fully set forth herein. The allegations in paragraph no. 1042 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1043.   Blackbaud denies the allegations in paragraph no. 1043.

1044.   The Amended Complaint does not identify a Plaintiff resident of Kansas. Blackbaud consequently denies the allegations in paragraph no. 1044.

1045.   Blackbaud denies the allegations in paragraph no. 1045.

1046.   Blackbaud denies the allegations in paragraph no. 1046.

1047.   Blackbaud denies the allegations in paragraph no. 1047.

1048.   Blackbaud denies the allegations in paragraph no. 1048.

1049.   The allegations in paragraph no. 1049 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

### CLAIM 36: KANSAS CONSUMER PROTECTION ACT,
### K.S.A. §§ 50-623, *et seq.*

1050.   Blackbaud incorporates its responses to paragraphs 1 through 1049 as if fully set forth herein. The allegations in paragraph no. 1050 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1051.   The allegations in paragraph no. 1051 purport to characterize the law, which speaks for itself.  To the extent the allegations misconstrue or mischaracterize the law, Blackbaud denies the allegations.

1052.   The Amended Complaint does not identify a Plaintiff resident of Kansas. Blackbaud consequently denies the allegations in paragraph no. 1052.

1053.   The allegations in paragraph no. 1053 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1054.   The allegations in paragraph no. 1054 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1055.   In response to paragraph no. 1055, Blackbaud admits that certain of its customers or former customers may be located in Kansas.  Any remaining allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1056.   Blackbaud denies the allegations in paragraph no. 1056.

1057.   Blackbaud denies the allegations in paragraph no. 1057.

1058.   Blackbaud denies the allegations in paragraph no. 1058.

1059.   Blackbaud denies the allegations in paragraph no. 1059.

1060.   Blackbaud denies the allegations in paragraph no. 1060.

1061.   Blackbaud denies the allegations in paragraph no. 1061.

1062.   Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 1062 and consequently denies the same.

1063.   Blackbaud denies the allegations in paragraph no. 1063.

1064.   Blackbaud denies the allegations in paragraph no. 1064.

1065.   Blackbaud denies the allegations in paragraph no. 1065.

1066.   The allegations in paragraph no. 1066 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIMS ON BEHALF OF THE KENTUCKY SUBCLASS

## CLAIM 37: KENTUCKY COMPUTER SECURITY BREACH NOTIFICATION ACT, Ky. Rev. Stat. Ann. §§ 365.732, *et seq*.

1067.   Blackbaud incorporates its responses to paragraphs 1 through 1066 as if fully set forth herein. The allegations in paragraph no. 1067 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1068.   Blackbaud denies the allegations in paragraph no. 1068.

1069.   Blackbaud denies the allegations in paragraph no. 1069.

1070. The Amended Complaint does not identify a Plaintiff resident of Kentucky. Blackbaud consequently denies the allegations in paragraph no. 1070.

1071. Blackbaud denies the allegations in paragraph no. 1071.

1072. Blackbaud denies the allegations in paragraph no. 1072.

1073. The allegations in paragraph no. 1073 purport to characterize the law, which speaks for itself. To the extent the allegations misconstrue or mischaracterize the law, Blackbaud denies the allegations.

1074. The Amended Complaint does not identify a Plaintiff resident of Kentucky. Blackbaud consequently denies the allegations in paragraph no. 1074.

1075. Blackbaud denies the allegations in paragraph no. 1075.

1076. The allegations in paragraph no. 1076 are a characterization of Plaintiffs' claims to which no response is required. To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

### CLAIM 38: KENTUCKY CONSUMER PROTECTION ACT, Ky. Rev. Stat. §§ 367.110, *et seq.*

1077. Blackbaud incorporates its responses to paragraphs 1 through 1076 as if fully set forth herein. The allegations in paragraph no. 1077 are a characterization of Plaintiffs' claims to which no response is required. To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1078. The allegations in paragraph no. 1078 contain legal conclusions to which no response is required. To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1079. In response to paragraph no. 1079, Blackbaud admits that certain of its customers or former customers may be located in Kentucky. Any remaining allegations in this paragraph are

legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1080.   Blackbaud denies the allegations in paragraph no. 1080.

1081.   Blackbaud denies the allegations in paragraph no. 1081.

1082.   Blackbaud denies the allegations in paragraph no. 1082.

1083.   Blackbaud denies the allegations in paragraph no. 1083.

1084.   Blackbaud denies the allegations in paragraph no. 1084.

1085.   Blackbaud denies the allegations in paragraph no. 1085.

1086.   Blackbaud denies the allegations in paragraph no. 1086.

1087.   Blackbaud denies the allegations in paragraph no. 1087.

1088.   Blackbaud denies the allegations in paragraph no. 1088.

1089.   The allegations in paragraph no. 1089 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

**CLAIMS ON BEHALF OF THE LOUISIANA SUBCLASS**

**CLAIM 39: DATABASE SECURITY BREACH NOTIFICATION LAW,**
**La. Rev. Stat. Ann. §§ 51:3074(A),** *et seq.*

1090.   Blackbaud incorporates its responses to paragraphs 1 through 1089 as if fully set forth herein. The allegations in paragraph no. 1090 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1091.   Blackbaud denies the allegations in paragraph no. 1091.

1092.   The Amended Complaint does not identify a Plaintiff resident of Louisiana. Blackbaud consequently denies the allegations in paragraph no. 1092.

1093.   Blackbaud denies the allegations in paragraph no. 1093.

1094.   Blackbaud denies the allegations in paragraph no. 1094.

1095.   Blackbaud denies the allegations in paragraph no. 1095.

1096.   Blackbaud denies the allegations in paragraph no. 1096.

1097.   The allegations in paragraph no. 1097 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

### CLAIM 40: LOUISIANA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, La. Rev. Stat. Ann. §§ 51:1401, *et seq*.

1098.   Blackbaud incorporates its responses to paragraphs 1 through 1097 as if fully set forth herein. The allegations in paragraph no. 1098 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1099.   The allegations in paragraph no. 1099 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1100.   The Amended Complaint does not identify a Plaintiff resident of Louisiana. Blackbaud consequently denies the allegations in paragraph no. 1100.

1101.   The allegations in paragraph no. 1101 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1102.   The allegations in paragraph no. 1102 purport to characterize the law, which speaks for itself.  To the extent the allegations misconstrue or mischaracterize the law, Blackbaud denies the allegations.

1103.   Blackbaud denies the allegations in paragraph no. 1103.

1104.   Blackbaud denies the allegations in paragraph no. 1104.

1105.   Blackbaud denies the allegations in paragraph no. 1105.

1106.   Blackbaud denies the allegations in paragraph no. 1106.

1107.   Blackbaud denies the allegations in paragraph no. 1107.

1108.   Blackbaud denies the allegations in paragraph no. 1108.

1109.   Blackbaud denies the allegations in paragraph no. 1109.

1110.   Blackbaud denies the allegations in paragraph no. 1110.

1111.   The allegations in paragraph no. 1111 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIMS ON BEHALF OF THE MAINE SUBCLASS

## CLAIM 41: MAINE UNFAIR TRADE PRACTICES ACT,
## 5 Me. Rev. Stat. §§ 205, 213, *et seq.*

1112.   Blackbaud incorporates its responses to paragraphs 1 through 1111 as if fully set forth herein. The allegations in paragraph no. 1112 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1113.   The allegations in paragraph no. 1113 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1114.   The allegations in paragraph no. 114 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1115.   The allegations in paragraph no. 1115 contain legal conclusions to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiff purchased any goods or services directly from Blackbaud.  Blackbaud denies any remaining allegations in this paragraph.

1116.   Blackbaud denies the allegations in paragraph no. 1116.

1117.   Blackbaud denies the allegations in paragraph no. 1117.

1118.   Blackbaud denies the allegations in paragraph no. 1118.

1119.   Blackbaud denies the allegations in paragraph no. 1119.

1120.   Blackbaud denies the allegations in paragraph no. 1120.

1121.   Blackbaud denies the allegations in paragraph no. 1121.

1122.   The allegations in paragraph no. 1122 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

### CLAIM 42: MAINE UNIFORM DECEPTIVE TRADE PRACTICES ACT, 10 Me. Rev. Stat. §§ 1212, *et seq.*

1123.   Blackbaud incorporates its responses to paragraphs 1 through 1122 as if fully set forth herein. The allegations in paragraph no. 1123 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1124.   The allegations in paragraph no. 1124 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1125.   In response to paragraph no. 1125, Blackbaud admits that certain of its customers or former customers may be located in Maine.  Any remaining allegations in this paragraph are

legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1126.   Blackbaud denies the allegations in paragraph no. 1126.

1127.   Blackbaud denies the allegations in paragraph no. 1127.

1128.   Blackbaud denies the allegations in paragraph no. 1128.

1129.   Blackbaud denies the allegations in paragraph no. 1129.

1130.   Blackbaud denies the allegations in paragraph no. 1130.

1131.   Blackbaud denies the allegations in paragraph no. 1131.

1132.   Blackbaud denies the allegations in paragraph no. 1132.

1133.   Blackbaud denies the allegations in paragraph no. 1133.

1134.   The allegations in paragraph no. 1134 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

### CLAIM 43: MAINE CONFIDENTIALITY OF HEALTH CARE INFORMATION LAW, 22 M.R.S. § 1711-C

1135.   Blackbaud incorporates its responses to paragraphs 1 through 1134 as if fully set forth herein. The allegations in paragraph no. 1135 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1136.   The allegations in paragraph no. 1136 purport to characterize the law, which speaks for itself.  To the extent the allegations misconstrue or mischaracterize the law, Blackbaud denies the allegations.

1137.   Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 1137 regarding Plaintiff's interactions with any Social

Good Entity and consequently denies the same. The remaining allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1138. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 1138 regarding Plaintiff's interactions with any Social Good Entity and consequently denies the same. The remaining allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1139. The allegations in paragraph no. 1139 contain legal conclusions to which no response is required. To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1140. The allegations in paragraph no. 1140 contain legal conclusions to which no response is required. To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1141. Blackbaud denies the allegations in paragraph no. 1141.

1142. Blackbaud denies the allegations in paragraph no. 1142.

1143. Blackbaud denies the allegations in paragraph no. 1143.

1144. Blackbaud denies the allegations in paragraph no. 1144.

1145. The allegations in paragraph no. 1145 are a characterization of Plaintiffs' claims to which no response is required. To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIMS ON BEHALF OF THE MARYLAND SUBCLASS

## CLAIM 44: MARYLAND CONSUMER PROTECTION ACT, Md. Comm. Code §§ 13-301, *et seq.*

1146.   Blackbaud incorporates its responses to paragraphs 1 through 1145 as if fully set forth herein. The allegations in paragraph no. 1146 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1147.   The allegations in paragraph no. 1147 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1148.   The allegations in paragraph no. 1148 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1149.   The allegations in paragraph no. 1149 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1150.   Blackbaud denies the allegations in paragraph no. 1150.

1151.   In response to paragraph no. 1151, Blackbaud admits that certain of its customers or former customers may be located in Maryland.  Any remaining allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1152.   Blackbaud denies the allegations in paragraph no. 1152.

1153.   Blackbaud denies the allegations in paragraph no. 1153.

1154.   Blackbaud denies the allegations in paragraph no. 1154.

1155.   Blackbaud denies the allegations in paragraph no. 1155.

1156.   Blackbaud denies the allegations in paragraph no. 1156.

1157.   Blackbaud denies the allegations in paragraph no. 1157.

1158.   Blackbaud denies the allegations in paragraph no. 1158.

1159.   Blackbaud denies the allegations in paragraph no. 1159.

1160.   The allegations in paragraph no. 1160 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

### CLAIM 45: MARYLAND CONFIDENTIALITY OF MEDICAL RECORDS ACT, Md. Health-Gen. Code § 4-301, *et seq.*

1161.   Blackbaud incorporates its responses to paragraphs 1 through 1160 as if fully set forth herein. The allegations in paragraph no. 1161 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1162.   The allegations in paragraph no. 1162 purport to characterize the law, which speaks for itself.   To the extent the allegations misconstrue or mischaracterize the law, Blackbaud denies the allegations.

1163.   Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 1163 regarding Plaintiff's interactions with any Social Good Entity and consequently denies the same.   The remaining allegations in this paragraph are legal conclusions to which no response is required.   To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1164.   Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 1164 regarding Plaintiff's interactions with any Social

Good Entity and consequently denies the same. The remaining allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1165. The allegations in paragraph no. 1165 contain legal conclusions to which no response is required. To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1166. Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 1166 regarding Plaintiff's relationship with any Social Good Entity and consequently denies the same. The remaining allegations in paragraph no. 1166 contain legal conclusions to which no response is required. To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1167. The allegations in paragraph no. 1167 contain legal conclusions to which no response is required. To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1168. Blackbaud denies the allegations in paragraph no. 1168.

1169. Blackbaud denies the allegations in paragraph no. 1169.

1170. Blackbaud denies the allegations in paragraph no. 1170.

1171. The allegations in paragraph no. 1171 are a characterization of Plaintiffs' claims to which no response is required. To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIMS ON BEHALF OF THE MASSACHUSETTS SUBCLASS

## CLAIM 46: MASSACHUSETTS CONSUMER PROTECTION ACT,
### Mass. Gen. Laws Ann. Ch. 93A, §§ 1, *et seq.*

1172.   Blackbaud incorporates its responses to paragraphs 1 through 1171 as if fully set forth herein. The allegations in paragraph no. 1172 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1173.   The allegations in paragraph no. 1173 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1174.   The allegations in paragraph no. 1174 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1175.   In response to paragraph no. 1175, Blackbaud admits that certain of its customers or former customers may be located in Massachusetts.  Any remaining allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1176.   Blackbaud denies the allegations in paragraph no. 1176.

1177.   Blackbaud denies the allegations in paragraph no. 1177.

1178.   Blackbaud denies the allegations in paragraph no. 1178.

1179.   Blackbaud denies the allegations in paragraph no. 1179.

1180.   Blackbaud denies the allegations in paragraph no. 1180.

1181.   Blackbaud denies the allegations in paragraph no. 1181.

1182.   Blackbaud denies the allegations in paragraph no. 1182.

1183.   Blackbaud denies the allegations in paragraph no. 1183.

1184.   Blackbaud denies the allegations in paragraph no. 1184.

1185.   The allegations in paragraph no. 1185 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

### CLAIM 47: MASSACHUSETTS RIGHT TO PRIVACY LAW, Mass. Gen. Laws Ch. 214, § 1B

1186.   Blackbaud incorporates its responses to paragraphs 1 through 1185 as if fully set forth herein. The allegations in paragraph no. 1186 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1187.   The allegations in paragraph no. 1187 purport to characterize the law, which speaks for itself.  To the extent the allegations misconstrue or mischaracterize the law, Blackbaud denies the allegations.

1188.   The allegations in paragraph no. 1188 purport to characterize the law, which speaks for itself.  To the extent the allegations misconstrue or mischaracterize the law, Blackbaud denies the allegations.

1189.   The Amended Complaint does not identify a Plaintiff resident of Massachusetts. Blackbaud consequently denies the allegations in paragraph no. 1189.

1190.   The Amended Complaint does not identify a Plaintiff resident of Massachusetts. Blackbaud consequently denies the allegations in paragraph no. 1190.

1191.   The Amended Complaint does not identify a Plaintiff resident of Massachusetts. Blackbaud consequently denies the allegations in paragraph no. 1191.

1192.   Blackbaud denies the allegations in paragraph no. 1192.

1193.   Blackbaud denies the allegations in paragraph no. 1193.

1194.   Blackbaud denies the allegations in paragraph no. 1194.

1195.   The allegations in paragraph no. 1195 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIMS ON BEHALF OF THE MICHIGAN SUBCLASS

### CLAIM 48: MICHIGAN IDENTITY THEFT PROTECTION ACT,
Mich. Comp. Laws Ann. §§ 445.72, *et seq.*

1196.   Blackbaud incorporates its responses to paragraphs 1 through 1195 as if fully set forth herein. The allegations in paragraph no. 1196 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1197.   Blackbaud denies the allegations in paragraph no. 1197.

1198.   The Amended Complaint does not identify a Plaintiff resident of Michigan. Blackbaud consequently denies the allegations in paragraph no. 1198.

1199.   Blackbaud denies the allegations in paragraph no. 1199.

1200.   The allegations in paragraph no. 1200 contain legal conclusions to which no response is required.   To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1201.   Blackbaud denies the allegations in paragraph no. 1201.

1202.   Blackbaud denies the allegations in paragraph no. 1202.

1203.   The allegations in paragraph no. 1203 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIM 49: MICHIGAN CONSUMER PROTECTION ACT,
### Mich. Comp. Laws Ann. §§ 445.903, *et seq*.

1204.   Blackbaud incorporates its responses to paragraphs 1 through 1203 as if fully set forth herein. The allegations in paragraph no. 1204 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1205.   The allegations in paragraph no. 1205 contain legal conclusions to which no response is required.   To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1206.   In response to paragraph no. 1206, Blackbaud admits that certain of its customers or former customers may be located in Michigan.   Any remaining allegations in this paragraph are legal conclusions to which no response is required.   To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1207.   Blackbaud denies the allegations in paragraph no. 1207.

1208.   Blackbaud denies the allegations in paragraph no. 1208.

1209.   Blackbaud denies the allegations in paragraph no. 1209.

1210.   Blackbaud denies the allegations in paragraph no. 1210.

1211.   Blackbaud denies the allegations in paragraph no. 1211.

1212.   Blackbaud denies the allegations in paragraph no. 1212.

1213.   The allegations in paragraph no. 1213 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIMS ON BEHALF OF THE MINNESOTA SUBCLASS

## CLAIM 50: MINNESOTA CONSUMER FRAUD ACT,
### Minn. Stat. §§ 325F.68, *et seq*. and Minn. Stat. §§ 8.31, *et seq*.

1214.   Blackbaud incorporates its responses to paragraphs 1 through 1213 as if fully set forth herein. The allegations in paragraph no. 1214 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1215.   The allegations in paragraph no. 1215 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1216.   The allegations in paragraph no. 1216 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1217.   The allegations in paragraph no. 1217 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1218.   Blackbaud denies the allegations in paragraph no. 1218.

1219.   Blackbaud denies the allegations in paragraph no. 1219.

1220.   Blackbaud denies the allegations in paragraph no. 1220.

1221.   Blackbaud denies the allegations in paragraph no. 1221.

1222.   Blackbaud denies the allegations in paragraph no. 1222.

1223.   Blackbaud denies the allegations in paragraph no. 1223.

1224.   Blackbaud denies the allegations in paragraph no. 1224.

1225.   Blackbaud denies the allegations in paragraph no. 1225.

1226.   Blackbaud denies the allegations in paragraph no. 1226.

1227.   Blackbaud denies the allegations in paragraph no. 1227.

1228.   Blackbaud denies the allegations in paragraph no. 1228.

1229.   Blackbaud denies the allegations in paragraph no. 1229.

1230.   The allegations in paragraph no. 1230 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

1231.   Blackbaud denies the allegations in paragraph no. 1231.

1232.   The allegations in paragraph no. 1232 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

### CLAIM 51: MINNESOTA UNIFORM DECEPTIVE TRADE PRACTICES ACT, Minn. Stat. §§ 325D.43, *et seq*.

1233.   Blackbaud incorporates its responses to paragraphs 1 through 1232 as if fully set forth herein. The allegations in paragraph no. 1233 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1234.   Blackbaud denies the allegations in paragraph no. 1234.

1235.   Blackbaud denies the allegations in paragraph no. 1235.

1236.   Blackbaud denies the allegations in paragraph no. 1236.

1237.   Blackbaud denies the allegations in paragraph no. 1237.

1238.   Blackbaud denies the allegations in paragraph no. 1238.

1239.   Blackbaud denies the allegations in paragraph no. 1239.

1240.   Blackbaud denies the allegations in paragraph no. 1240.

1241.   Blackbaud denies the allegations in paragraph no. 1241.

1242.   The allegations in paragraph no. 1242 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

1243.   Blackbaud denies the allegations in paragraph no. 1243.

1244.   The allegations in paragraph no. 1244 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIM 52: MINNESOTA HEALTH RECORDS ACT, Minn. Stat. § 144.291, *et seq.*

1245.   Blackbaud incorporates its responses to paragraphs 1 through 1244 as if fully set forth herein. The allegations in paragraph no. 1245 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1246.   Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 1246 regarding Plaintiff's relationship with any Social Good Entity and consequently denies the same.   The remaining allegations in this paragraph are legal conclusions to which no response is required.   To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1247.   Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 1247 regarding Plaintiff's interactions with any Social Good Entity and consequently denies the same.   The remaining allegations in this paragraph are legal conclusions to which no response is required.   To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1248.   The allegations in paragraph no. 1248 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1249.   The allegations in paragraph no. 1249 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1250.   Blackbaud is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 1250 and consequently denies the same.

1251.   Blackbaud denies the allegations in paragraph no. 1251.

1252.   Blackbaud denies the allegations in paragraph no. 1252.

1253.   Blackbaud denies the allegations in paragraph no. 1253.

1254.   The allegations in paragraph no. 1254 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIMS ON BEHALF OF THE MISSISSIPPI SUBCLASS

## CLAIM 53: MISSISSIPPI CONSUMER PROTECTION ACT,
### Miss. Code §§ 75-24-1, *et seq*.

1255.   Blackbaud incorporates its responses to paragraphs 1 through 1254 as if fully set forth herein. The allegations in paragraph no. 1255 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1256.   The allegations in paragraph no. 1256 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1257.   In response to paragraph no. 1257, Blackbaud admits that certain of its customers or former customers may be located in Mississippi.  Any remaining allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1258.   The Amended Complaint does not identify a Plaintiff resident of Mississippi. Blackbaud consequently denies the allegations in paragraph no. 1258.

1259.   Blackbaud denies the allegations in paragraph no. 1259.

1260.   Blackbaud denies the allegations in paragraph no. 1260.

1261.   Blackbaud denies the allegations in paragraph no. 1261.

1262.   Blackbaud denies the allegations in paragraph no. 1262.

1263.   Blackbaud denies the allegations in paragraph no. 1263.

1264.   Blackbaud denies the allegations in paragraph no. 1264.

1265.   Blackbaud denies the allegations in paragraph no. 1265.

1266.   Blackbaud denies the allegations in paragraph no. 1266.

1267.   Blackbaud denies the allegations in paragraph no. 1267.

1268.   Blackbaud denies the allegations in paragraph no. 1268.

1269.   The allegations in paragraph no. 1269 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

### CLAIMS ON BEHALF OF THE MISSOURI SUBCLASS

### CLAIM 54: MISSOURI MERCHANDISE PRACTICES ACT,
### Mo. Rev. Stat. §§ 407.010, *et seq*.

1270.   Blackbaud incorporates its responses to paragraphs 1 through 1269 as if fully set forth herein. The allegations in paragraph no. 1270 are a characterization of Plaintiffs' claims to

which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1271.   The allegations in paragraph no. 1271 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1272.   In response to paragraph no. 1272, Blackbaud admits that certain of its customers or former customers may be located in Missouri.  Any remaining allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1273.   The Amended Complaint does not identify a Plaintiff resident of Missouri. Blackbaud consequently denies the allegations in paragraph no. 1273.

1274.   Blackbaud denies the allegations in paragraph no. 1274.

1275.   Blackbaud denies the allegations in paragraph no. 1275.

1276.   Blackbaud denies the allegations in paragraph no. 1276.

1277.   Blackbaud denies the allegations in paragraph no. 1277.

1278.   Blackbaud denies the allegations in paragraph no. 1278.

1279.   Blackbaud denies the allegations in paragraph no. 1279.

1280.   The allegations in paragraph no. 1280 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIMS ON BEHALF OF THE MONTANA SUBCLASS

## CLAIM 55: COMPUTER SECURITY BREACH LAW,
### Mont. Code Ann. §§ 30-14-1704(1), *et seq*.

1281.   Blackbaud incorporates its responses to paragraphs 1 through 1280 as if fully set forth herein. The allegations in paragraph no. 1281 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1282.   Blackbaud denies the allegations in the first sentence of paragraph no. 1282.  The remaining allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1283.   The Amended Complaint does not identify a Plaintiff resident of Montana. Blackbaud consequently denies the allegations in paragraph no. 1283.

1284.   Blackbaud denies the allegations in paragraph no. 1284.

1285.   Blackbaud denies the allegations in paragraph no. 1285.

1286.   Blackbaud denies the allegations in paragraph no. 1286.

1287.   The allegations in paragraph no. 1287 purport to characterize the law, which speaks for itself.  To the extent the allegations misconstrue or mischaracterize the law, Blackbaud denies the allegations.

1288.   Blackbaud denies the allegations in paragraph no. 1288.

1289.   The allegations in paragraph no. 1289 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

### CLAIM 56: MONTANA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT, M.C.A. §§ 30-14-101, *et seq.*

1290.  Blackbaud incorporates its responses to paragraphs 1 through 1289 as if fully set forth herein. The allegations in paragraph no. 1290 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1291.  The allegations in paragraph no. 1291 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1292.  The Amended Complaint does not identify a Plaintiff resident of Montana. Blackbaud consequently denies the allegations in paragraph no. 1292.

1293.  In response to paragraph no. 1293, Blackbaud admits that certain of its customers or former customers may be located in Montana.  Any remaining allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1294.  Blackbaud denies the allegations in paragraph no. 1294.

1295.  Blackbaud denies the allegations in paragraph no. 1295.

1296.  Blackbaud denies the allegations in paragraph no. 1296.

1297.  Blackbaud denies the allegations in paragraph no. 1297.

1298.  Blackbaud denies the allegations in paragraph no. 1298.

1299.  Blackbaud denies the allegations in paragraph no. 1299.

1300.  Blackbaud denies the allegations in paragraph no. 1300.

1301.   The allegations in paragraph no. 1301 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIMS ON BEHALF OF THE NEBRASKA SUBCLASS

### CLAIM 57: NEBRASKA CONSUMER PROTECTION ACT, Neb. Rev. Stat. §§ 59-1601, *et seq*.

1302.   Blackbaud incorporates its responses to paragraphs 1 through 1301 as if fully set forth herein. The allegations in paragraph no. 1302 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1303.   The allegations in paragraph no. 1303 contain legal conclusions to which no response is required.   To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1304.   In response to paragraph no. 1304, Blackbaud admits that certain of its customers or former customers may be located in Nebraska.   Any remaining allegations in this paragraph are legal conclusions to which no response is required.   To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1305.   Blackbaud denies the allegations in paragraph no. 1305.

1306.   Blackbaud denies the allegations in paragraph no. 1306.

1307.   Blackbaud denies the allegations in paragraph no. 1307.

1308.   Blackbaud denies the allegations in paragraph no. 1308.

1309.   Blackbaud denies the allegations in paragraph no. 1309.

1310.   The allegations in paragraph no. 1310 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

### CLAIM 58: NEBRASKA UNIFORM DECEPTIVE TRADE PRACTICES ACT, Neb. Rev. Stat. §§ 87-301, *et seq*.

1311.   Blackbaud incorporates its responses to paragraphs 1 through 1310 as if fully set forth herein. The allegations in paragraph no. 1311 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1312.   The allegations in paragraph no. 1312 contain legal conclusions to which no response is required.   To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1313.   In response to paragraph no. 1313, Blackbaud admits that certain of its customers or former customers may be located in Nebraska.   Any remaining allegations in this paragraph are legal conclusions to which no response is required.   To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1314.   Blackbaud denies the allegations in paragraph no. 1314.

1315.   Blackbaud denies the allegations in paragraph no. 1315.

1316.   Blackbaud denies the allegations in paragraph no. 1316.

1317.   Blackbaud denies the allegations in paragraph no. 1317.

1318.   Blackbaud denies the allegations in paragraph no. 1318.

1319.   Blackbaud denies the allegations in paragraph no. 1319.

1320.   Blackbaud denies the allegations in paragraph no. 1320.

1321.   Blackbaud denies the allegations in paragraph no. 1321.

1322.   The allegations in paragraph no. 1322 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIMS ON BEHALF OF THE NEVADA SUBCLASS

### CLAIM 59: NEVADA DECEPTIVE TRADE PRACTICES ACT,
Nev. Rev. Stat. Ann. §§ 598.0903, *et seq*.

1323.   Blackbaud incorporates its responses to paragraphs 1 through 1322 as if fully set forth herein. The allegations in paragraph no. 1323 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1324.   In response to paragraph no. 1324, Blackbaud admits that certain of its customers or former customers may be located in Nevada.   Any remaining allegations in this paragraph are legal conclusions to which no response is required.   To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1325.   Blackbaud denies the allegations in paragraph no. 1325.

1326.   Blackbaud denies the allegations in paragraph no. 1326.

1327.   Blackbaud denies the allegations in paragraph no. 1327.

1328.   Blackbaud denies the allegations in paragraph no. 1328.

1329.   Blackbaud denies the allegations in paragraph no. 1329.

1330.   Blackbaud denies the allegations in paragraph no. 1330.

1331.   Blackbaud denies the allegations in paragraph no. 1331.

1332.   The allegations in paragraph no. 1332 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIMS ON BEHALF OF THE NEW HAMPSHIRE SUBCLASS

## CLAIM 60: NOTICE OF SECURITY BREACH,
### N.H. Rev. Stat. Ann. §§ 359-C:20(I)(A), *et seq.*

1333.  Blackbaud incorporates its responses to paragraphs 1 through 1332 as if fully set forth herein. The allegations in paragraph no. 1333 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1334.  Blackbaud denies the allegations in paragraph no. 1334.

1335.  The Amended Complaint does not identify a Plaintiff resident of New Hampshire. Blackbaud consequently denies the allegations in paragraph no. 1335.

1336.  Blackbaud denies the allegations in paragraph no. 1336.

1337.  Blackbaud denies the allegations in paragraph no. 1337.

1338.  Blackbaud denies the allegations in paragraph no. 1338.

1339.  Blackbaud denies the allegations in paragraph no. 1339.

1340.  The allegations in paragraph no. 1340 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIM 61: NEW HAMPSHIRE CONSUMER PROTECTION ACT,
### N.H.R.S.A. §§ 358-A, *et seq.*

1341.  Blackbaud incorporates its responses to paragraphs 1 through 1340 as if fully set forth herein. The allegations in paragraph no. 1341 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1342.   The allegations in paragraph no. 1342 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1343.   In response to paragraph no. 1343, Blackbaud admits that certain of its customers or former customers may be located in New Hampshire.  Any remaining allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1344.   Blackbaud denies the allegations in paragraph no. 1344.

1345.   Blackbaud denies the allegations in paragraph no. 1345.

1346.   Blackbaud denies the allegations in paragraph no. 1346.

1347.   Blackbaud denies the allegations in paragraph no. 1347.

1348.   Blackbaud denies the allegations in paragraph no. 1348.

1349.   The allegations in paragraph no. 1349 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIMS ON BEHALF OF THE NEW JERSEY SUBCLASS

## CLAIM 62: NEW JERSEY CUSTOMER SECURITY BREACH DISCLOSURE ACT, N.J. Stat. Ann. §§ 56:8-163, *et seq*.

1350.   Blackbaud incorporates its responses to paragraphs 1 through 1349 as if fully set forth herein. The allegations in paragraph no. 1350 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1351.   The allegations in paragraph no. 1351 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1352.   The allegations in paragraph no. 1352 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1353.   The allegations in paragraph no. 1353 purport to characterize the law, which speaks for itself.  To the extent the allegations misconstrue or mischaracterize the law, Blackbaud denies the allegations.

1354.   The allegations in paragraph no. 1354 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1355.   Blackbaud denies the allegations in paragraph no. 1355.

1356.   Blackbaud denies the allegations in paragraph no. 1356.

1357.   The allegations in paragraph no. 1357 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIMS ON BEHALF OF THE NEW MEXICO SUBCLASS

### CLAIM 63: NEW MEXICO UNFAIR PRACTICES ACT,
### N.M. Stat. Ann. §§ 57-12-2, *et seq*.

1358.   Blackbaud incorporates its responses to paragraphs 1 through 1357 as if fully set forth herein. The allegations in paragraph no. 1358 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1359.   The allegations in paragraph no. 1359 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1360.   The allegations in paragraph no. 1360 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1361.   The allegations in paragraph no. 1361 purport to characterize the law, which speaks for itself.  To the extent the allegations misconstrue or mischaracterize the law, Blackbaud denies the allegations.

1362.   Blackbaud denies the allegations in paragraph no. 1362.

1363.   Blackbaud denies the allegations in paragraph no. 1363.

1364.   Blackbaud denies the allegations in paragraph no. 1364.

1365.   Blackbaud denies the allegations in paragraph no. 1365.

1366.   Blackbaud denies the allegations in paragraph no. 1366.

1367.   Blackbaud denies the allegations in paragraph no. 1367.

1368.   The allegations in paragraph no. 1368 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

### CLAIMS ON BEHALF OF THE NEW YORK SUBCLASS

### CLAIM 64: NEW YORK GENERAL BUSINESS LAW, N.Y. Gen. Bus. Law §§ 349, *et seq*.

1369.   Blackbaud incorporates its responses to paragraphs 1 through 1368 as if fully set forth herein. The allegations in paragraph no. 1369 are a characterization of Plaintiffs' claims to

which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1370.   Blackbaud denies the allegations in paragraph no. 1370.

1371.   Blackbaud denies the allegations in paragraph no. 1371.

1372.   Blackbaud denies the allegations in paragraph no. 1372.

1373.   Blackbaud denies the allegations in paragraph no. 1373.

1374.   Blackbaud denies the allegations in paragraph no. 1374.

1375.   Blackbaud denies the allegations in paragraph no. 1375.

1376.   Blackbaud denies the allegations in paragraph no. 1376.

1377.   The allegations in paragraph no. 1377 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIMS ON BEHALF OF THE NORTH CAROLINA SUBCLASS

## CLAIM 65: NORTH CAROLINA IDENTITY THEFT PROTECTION ACT, N.C. Gen. Stat. §§ 75-60, *et seq.*

1378.   Blackbaud incorporates its responses to paragraphs 1 through 1377 as if fully set forth herein. The allegations in paragraph no. 1378 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1379.   Blackbaud denies the allegation in paragraph no. 1379.

1380.   The allegations in paragraph no. 1380 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1381.   Blackbaud denies the allegations in paragraph no. 1381.

1382.   The allegations in paragraph no. 1382 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1383.   The allegations in paragraph no. 1383 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1384.   Blackbaud denies the allegations in paragraph no. 1384.

1385.   The allegations in paragraph no. 1385 purport to characterize the law, which speaks for itself.  To the extent the allegations misconstrue or mischaracterize the law, Blackbaud denies the allegations.

1386.   Blackbaud denies the allegations in paragraph no. 1386.

1387.   The allegations in paragraph no. 1387 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

### CLAIM 66: NORTH CAROLINA UNFAIR TRADE PRACTICES ACT, N.C. Gen. Stat. Ann. §§ 75-1.1, *et seq.*

1388.   Blackbaud incorporates its responses to paragraphs 1 through 1387 as if fully set forth herein. The allegations in paragraph no. 1388 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1389.   In response to paragraph no. 1389, Blackbaud admits that certain of its customers or former customers may be located in North Carolina.  Any remaining allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1390.   Blackbaud denies the allegations in paragraph no. 1390.

1391.   Blackbaud denies the allegations in paragraph no. 1391.

1392.   Blackbaud denies the allegations in paragraph no. 1392.

1393.   Blackbaud denies the allegations in paragraph no. 1393.

1394.   Blackbaud denies the allegations in paragraph no. 1394.

1395.   Blackbaud denies the allegations in paragraph no. 1395.

1396.   Blackbaud denies the allegations in paragraph no. 1396.

1397.   Blackbaud denies the allegations in paragraph no. 1397.

1398.   The allegations in paragraph no. 1398 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIMS ON BEHALF OF THE NORTH DAKOTA SUBCLASS

## CLAIM 67: NOTICE OF SECURITY BREACH FOR PERSONAL INFORMATION, N.D. Cent. Code §§ 51-30-02, *et seq*.

1399.   Blackbaud incorporates its responses to paragraphs 1 through 1398 as if fully set forth herein. The allegations in paragraph no. 1399 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1400.   The allegations in the second sentence of paragraph no. 1400 contain legal conclusions to which no response is required.   To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.   Blackbaud denies the remaining allegations in this paragraph.

1401.   The Amended Complaint does not identify a Plaintiff resident of North Dakota. Blackbaud consequently denies the allegations in paragraph no. 1401.

1402.   Blackbaud denies the allegations in paragraph no. 1402.

1403.   Blackbaud denies the allegations in paragraph no. 1403.

1404.   Blackbaud denies the allegations in paragraph no. 1404.

1405.   The allegations in paragraph no. 1405 purport to characterize the law, which speaks for itself.  To the extent the allegations misconstrue or mischaracterize the law, Blackbaud denies the allegations.

1406.   Blackbaud denies the allegations in paragraph no. 1406.

1407.   The allegations in paragraph no. 1407 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

### CLAIM 68: NORTH DAKOTA UNLAWFUL SALES OR ADVERTISING ACT, N.D. Cent. Code §§ 51-15-01, *et seq*.

1408.   Blackbaud incorporates its responses to paragraphs 1 through 1407 as if fully set forth herein. The allegations in paragraph no. 1408 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1409.   The allegations in paragraph no. 1409 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1410.   The allegations in paragraph no. 1410 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1411.   In response to paragraph no. 1411, Blackbaud admits that certain of its customers or former customers may be located in North Dakota.  Any remaining allegations in this paragraph

are legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1412.   Blackbaud denies the allegations in paragraph no. 1412.

1413.   Blackbaud denies the allegations in paragraph no. 1413.

1414.   Blackbaud denies the allegations in paragraph no. 1414.

1415.   Blackbaud denies the allegations in paragraph no. 1415.

1416.   Blackbaud denies the allegations in paragraph no. 1416.

1417.   Blackbaud denies the allegations in paragraph no. 1417.

1418.   Blackbaud denies the allegations in paragraph no. 1418.

1419.   The allegations in paragraph no. 1419 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIMS ON BEHALF OF THE OHIO SUBCLASS

### CLAIM 69: OHIO DECEPTIVE TRADE PRACTICES ACT,
#### Ohio Rev. Code §§ 4165.01, *et seq*.

1420.   Blackbaud incorporates its responses to paragraphs 1 through 1419 as if fully set forth herein. The allegations in paragraph no. 1420 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1421.   The allegations in paragraph no. 1421 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1422.   In response to paragraph no. 1422, Blackbaud admits that certain of its customers or former customers may be located in Ohio.  Any remaining allegations in this paragraph are legal

conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1423.   Blackbaud denies the allegations in paragraph no. 1423.

1424.   Blackbaud denies the allegations in paragraph no. 1424.

1425.   Blackbaud denies the allegations in paragraph no. 1425.

1426.   Blackbaud denies the allegations in paragraph no. 1426.

1427.   Blackbaud denies the allegations in paragraph no. 1427.

1428.   Blackbaud denies the allegations in paragraph no. 1428.

1429.   Blackbaud denies the allegations in paragraph no. 1429.

1430.   The allegations in paragraph no. 1430 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIMS ON BEHALF OF THE OKLAHOMA SUBCLASS

### CLAIM 71: OKLAHOMA CONSUMER PROTECTION ACT, Okla. Stat. tit. 15, §§ 751, *et seq.*

1431.   Blackbaud incorporates its responses to paragraphs 1 through 1430 as if fully set forth herein. The allegations in paragraph no. 1431 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1432.   The allegations in paragraph no. 1432 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1433.   The allegations in paragraph no. 1433 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1434.   Blackbaud denies the allegations in paragraph no. 1434.

1435.   Blackbaud denies the allegations in paragraph no. 1435.

1436.   Blackbaud denies the allegations in paragraph no. 1436.

1437.   Blackbaud denies the allegations in paragraph no. 1437.

1438.   Blackbaud denies the allegations in paragraph no. 1438.

1439.   Blackbaud denies the allegations in paragraph no. 1439.

1440.   Blackbaud denies the allegations in paragraph no. 1440.

1441.   Blackbaud denies the allegations in paragraph no. 1441.

1442.   Blackbaud denies the allegations in paragraph no. 1442.

1443.   The allegations in paragraph no. 1443 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIMS ON BEHALF OF THE OREGON SUBCLASS

## CLAIM 71: OREGON UNLAWFUL TRADE PRACTICES ACT,
### Or. Rev. Stat. §§ 646.608, *et seq.*

1444.   Blackbaud incorporates its responses to paragraphs 1 through 1443 as if fully set forth herein. The allegations in paragraph no. 1444 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1445.  The allegations in paragraph no. 1445 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1446.  The allegations in paragraph no. 1446 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1447.  The allegations in paragraph no. 1447 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1448.  In response to paragraph no. 1448, Blackbaud admits that certain of its customers or former customers may be located in Oregon.  Any remaining allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1449.  Blackbaud denies the allegations in paragraph no. 1449.

1450.  Blackbaud denies the allegations in paragraph no. 1450.

1451.  Blackbaud denies the allegations in paragraph no. 1451.

1452.  Blackbaud denies the allegations in paragraph no. 1452.

1453.  Blackbaud denies the allegations in paragraph no. 1453.

1454.  Blackbaud denies the allegations in paragraph no. 1454.

1455.  Blackbaud denies the allegations in paragraph no. 1455.

1456.  The allegations in paragraph no. 1456 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIMS ON BEHALF OF THE PUERTO RICO SUBCLASS

## CLAIM 72: CITIZEN INFORMATION ON DATA BANKS SECURITY ACT,
### P.R. Laws Ann. tit. 10, §§ 4051, *et seq.*

1457.   Blackbaud incorporates its responses to paragraphs 1 through 1456 as if fully set forth herein. The allegations in paragraph no. 1457 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1458.   The allegations in paragraph no. 1458 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1459.   The Amended Complaint does not identify a Plaintiff resident of Puerto Rico. Blackbaud consequently denies the allegations in paragraph no. 1459.

1460.   The Amended Complaint does not identify a Plaintiff resident of Puerto Rico. Blackbaud consequently denies the allegations in paragraph no. 1460.

1461.   The allegations in paragraph no. 1461 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1462.   Blackbaud denies the allegations in paragraph no. 1462.

1463.   Blackbaud denies the allegations in paragraph no. 1463.

1464.   The allegations in paragraph no. 1464 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIMS ON BEHALF OF THE RHODE ISLAND SUBCLASS

## CLAIM 73: RHODE ISLAND DECEPTIVE TRADE PRACTICES ACT,
R.I. Gen. Laws §§ 6-13.1, *et seq.*

1465.   Blackbaud incorporates its responses to paragraphs 1 through 1464 as if fully set forth herein. The allegations in paragraph no. 1465 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1466.   The Amended Complaint does not identify a Plaintiff resident of Rhode Island. Blackbaud consequently denies the allegations in paragraph no. 1466.

1467.   The Amended Complaint does not identify a Plaintiff resident of Rhode Island. Blackbaud consequently denies the allegations in paragraph no. 1467.

1468.   In response to paragraph no. 1468, Blackbaud admits that certain of its customers or former customers may be located in Rhode Island.  Any remaining allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1469.   Blackbaud denies the allegations in paragraph no. 1469.

1470.   Blackbaud denies the allegations in paragraph no. 1470.

1471.   Blackbaud denies the allegations in paragraph no. 1471.

1472.   Blackbaud denies the allegations in paragraph no. 1472.

1473.   Blackbaud denies the allegations in paragraph no. 1473.

1474.   Blackbaud denies the allegations in paragraph no. 1474.

1475.   Blackbaud denies the allegations in paragraph no. 1475.

1476.   The allegations in paragraph no. 1476 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

### CLAIM 74: RHODE ISLAND CONFIDENTIALITY OF HEALTH CARE INFORMATION ACT, R.I. Gen. Laws § 5-37.3-1, *et seq.*

1477.   Blackbaud incorporates its responses to paragraphs 1 through 1476 as if fully set forth herein. The allegations in paragraph no. 1477 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1478.   The allegations in paragraph no. 1478 purport to characterize the law, which speaks for itself.   To the extent the allegations misconstrue or mischaracterize the law, Blackbaud denies the allegations.

1479.   The Amended Complaint does not identify a Plaintiff resident of Rhode Island. Blackbaud consequently denies the allegations in paragraph no. 1479.

1480.   The Amended Complaint does not identify a Plaintiff resident of Rhode Island. Blackbaud consequently denies the allegations in paragraph no. 1480.

1481.   The Amended Complaint does not identify a Plaintiff resident of Rhode Island. Blackbaud consequently denies the allegations in paragraph no. 1481.

1482.   The Amended Complaint does not identify a Plaintiff resident of Rhode Island. Blackbaud consequently denies the allegations in paragraph no. 1482.

1483.   Blackbaud denies the allegations in paragraph no. 1483.

1484.   Blackbaud denies the allegations in paragraph no. 1484.

1485.   Blackbaud denies the allegations in paragraph no. 1485.

1486.   Blackbaud denies the allegations in paragraph no. 1486.

1487.   The allegations in paragraph no. 1487 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIMS ON BEHALF OF THE SOUTH DAKOTA SUBCLASS

### CLAIM 75: SOUTH DAKOTA DECEPTIVE TRADE PRACTICES AND CONSUMER PROTECTION ACT, S.D. Codified Laws §§ 37-24-1, *et seq.*

1488.   Blackbaud incorporates its responses to paragraphs 1 through 1487 as if fully set forth herein. The allegations in paragraph no. 1488 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1489.   The allegations in paragraph no. 1489 contain legal conclusions to which no response is required.   To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1490.   The allegations in paragraph no. 1490 contain legal conclusions to which no response is required.   To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1491.   In response to paragraph no. 1491, Blackbaud admits that certain of its customers or former customers may be located in South Dakota.   Any remaining allegations in this paragraph are legal conclusions to which no response is required.   To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1492.   Blackbaud denies the allegations in paragraph no. 1492.

1493.   Blackbaud denies the allegations in paragraph no. 1493.

1494.   Blackbaud denies the allegations in paragraph no. 1494.

1495.   Blackbaud denies the allegations in paragraph no. 1495.

1496.   Blackbaud denies the allegations in paragraph no. 1496.

1497.   Blackbaud denies the allegations in paragraph no. 1497.

1498.   Blackbaud denies the allegations in paragraph no. 1498.

1499.   Blackbaud denies the allegations in paragraph no. 1499.

1500.   The allegations in paragraph no. 1500 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

**CLAIMS ON BEHALF OF THE TENNESSEE SUBCLASS**

**CLAIM 76: TENNESSEE PERSONAL CONSUMER INFORMATION RELEASE ACT,
Tenn. Code Ann. §§ 47-18-2107, *et seq.***

1501.   Blackbaud incorporates its responses to paragraphs 1 through 1500 as if fully set forth herein. The allegations in paragraph no. 1501 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1502.   The allegations in paragraph no. 1502 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue these claims.

1503.   Blackbaud denies the allegations in paragraph no. 1503.

1504.   The Amended Complaint does not identify a Plaintiff resident of Tennessee. Blackbaud consequently denies the allegations in paragraph no. 1504.

1505.   Blackbaud denies the allegations in paragraph no. 1505.

1506.   Blackbaud denies the allegations in paragraph no. 1506.

1507.   Blackbaud denies the allegations in paragraph no. 1507.

1508.   Blackbaud denies the allegations in paragraph no. 1508.

1509.   The allegations in paragraph no. 1509 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIMS ON BEHALF OF THE TEXAS SUBCLASS

## CLAIM 77: DECEPTIVE TRADE PRACTICES—CONSUMER PROTECTION ACT, Texas Bus. & Com. Code §§ 17.41, *et seq*.

1510.   Blackbaud incorporates its responses to paragraphs 1 through 1509 as if fully set forth herein. The allegations in paragraph no. 1510 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1511.   The allegations in paragraph no. 1511 contain legal conclusions to which no response is required.   To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1512.   The Amended Complaint does not identify a Plaintiff resident of Texas.   Blackbaud consequently denies the allegations in paragraph no. 1512.

1513.   In response to paragraph no. 1513, Blackbaud admits that certain of its customers or former customers may be located in Texas.   Any remaining allegations in this paragraph are legal conclusions to which no response is required.   To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1514.   Blackbaud denies the allegations in paragraph no. 1514.

1515.   Blackbaud denies the allegations in paragraph no. 1515.

1516.   Blackbaud denies the allegations in paragraph no. 1516.

1517.   Blackbaud denies the allegations in paragraph no. 1517.

1518.   Blackbaud denies the allegations in paragraph no. 1518.

1519.   Blackbaud denies the allegations in paragraph no. 1519.

1520.   Blackbaud denies the allegations in paragraph no. 1520.

1521.   Blackbaud denies the allegations in paragraph no. 1521.

1522.   Blackbaud denies the allegations in paragraph no. 1522.

1523.   Blackbaud denies the allegations in paragraph no. 1523.

1524.   Blackbaud denies the allegations in paragraph no. 1524.

1525.   Blackbaud denies the allegations in paragraph no. 1525.

1526.   The allegations in paragraph no. 1526 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

### CLAIM 78: TEXAS HEALTH & SAFETY CODE § 241.152

1527.   Blackbaud incorporates its responses to paragraphs 1 through 1526 as if fully set forth herein. The allegations in paragraph no. 1527 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1528.   The allegations in paragraph no. 1528 are a characterization of the procedural posture of this lawsuit, to which no response is required.

1529.   The allegations in paragraph no. 1529 purport to characterize the law, which speaks for itself.  To the extent the allegations misconstrue or mischaracterize the law, Blackbaud denies the allegations.

1530.   The Amended Complaint does not identify a Plaintiff resident of Texas.  Blackbaud consequently denies the allegations in paragraph no. 1530.

1531.   The Amended Complaint does not identify a Plaintiff resident of Texas.  Blackbaud consequently denies the allegations in paragraph no. 1531.

1532.   The Amended Complaint does not identify a Plaintiff resident of Texas.  Blackbaud consequently denies the allegations in paragraph no. 1532.

1533.   Blackbaud denies the allegations in paragraph no. 1533.

1534.   Blackbaud denies the allegations in paragraph no. 1534.

1535.   Blackbaud denies the allegations in paragraph no. 1535.

1536.   The allegations in paragraph no. 1536 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIMS ON BEHALF OF THE UTAH SUBCLASS

### CLAIM 80: UTAH CONSUMER SALES PRACTICES ACT,
### Utah Code §§ 13-11-1, *et seq.*

1537.   Blackbaud incorporates its responses to paragraphs 1 through 1536 as if fully set forth herein. The allegations in paragraph no. 1537 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1538.   The allegations in paragraph no. 1538 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1539.   The allegations in paragraph no. 1539 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1540.   Blackbaud denies the allegations in paragraph no. 1540.

1541.   Blackbaud denies the allegations in paragraph no. 1541.

1542.   Blackbaud denies the allegations in paragraph no. 1542.

1543.   Blackbaud denies the allegations in paragraph no. 1543.

1544.   Blackbaud denies the allegations in paragraph no. 1544.

1545.   Blackbaud denies the allegations in paragraph no. 1545.

1546.   Blackbaud denies the allegations in paragraph no. 1546.

1547.   Blackbaud denies the allegations in paragraph no. 1547.

1548.   Blackbaud denies the allegations in paragraph no. 1548.

1549.   Blackbaud denies the allegations in paragraph no. 1549.

1550.   Blackbaud denies the allegations in paragraph no. 1550.

1551.   Blackbaud denies the allegations in paragraph no. 1551.

1552.   The allegations in paragraph no. 1552 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIMS ON BEHALF OF THE VERMONT SUBCLASS

## CLAIM 80: VERMONT CONSUMER FRAUD ACT,
### Vt. Stat. Ann. tit. 9, §§ 2451, *et seq*.

1553.   Blackbaud incorporates its responses to paragraphs 1 through 1552 as if fully set forth herein. The allegations in paragraph no. 1553 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1554.   The Amended Complaint does not identify a Plaintiff resident of Vermont. Blackbaud consequently denies the allegations in paragraph no. 1554.

1555.   The allegations in paragraph no. 1555 contain legal conclusions to which no response is required.   To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1556.   The allegations in paragraph no. 1556 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1557.   In response to paragraph no. 1557, Blackbaud admits that certain of its customers or former customers may be located in Vermont.  Any remaining allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1558.   Blackbaud denies the allegations in paragraph no. 1558.

1559.   Blackbaud denies the allegations in paragraph no. 1559.

1560.   Blackbaud denies the allegations in paragraph no. 1560.

1561.   Blackbaud denies the allegations in paragraph no. 1561.

1562.   Blackbaud denies the allegations in paragraph no. 1562.

1563.   Blackbaud denies the allegations in paragraph no. 1563.

1564.   Blackbaud denies the allegations in paragraph no. 1564.

1565.   Blackbaud denies the allegations in paragraph no. 1565.

1566.   Blackbaud denies the allegations in paragraph no. 1566.

1567.   Blackbaud denies the allegations in paragraph no. 1567.

1568.   Blackbaud denies the allegations in paragraph no. 1568.

1569.   Blackbaud denies the allegations in paragraph no. 1569.

1570.   Blackbaud denies the allegations in paragraph no. 1570.

1571.   Blackbaud denies the allegations in paragraph no. 1571.

1572.   The allegations in paragraph no. 1572 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIMS ON BEHALF OF THE VIRGIN ISLANDS SUBCLASS

## CLAIM 81: IDENTITY THEFT PREVENTION ACT,
### V.I. Code tit. 14 §§ 2208, *et seq.*

1573.   Blackbaud incorporates its responses to paragraphs 1 through 1572 as if fully set forth herein. The allegations in paragraph no. 1573 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1574.   The allegations in the second sentence of paragraph no. 1574 contain legal conclusions to which no response is required.   To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.   Blackbaud denies the remaining allegations in this paragraph.

1575.   The Amended Complaint does not identify a Plaintiff resident of the Virgin Islands. Blackbaud consequently denies the allegations in paragraph no. 1575.

1576.   Blackbaud denies the allegations in paragraph no. 1576.

1577.   Blackbaud denies the allegations in paragraph no. 1577.

1578.   The allegations in paragraph no. 1578 contain legal conclusions to which no response is required.   To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1579.   Blackbaud denies the allegations in paragraph no. 1579.

1580.   The allegations in paragraph no. 1580 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

### CLAIM 82: VIRGIN ISLANDS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT, V.I. Code tit. 12A, §§ 301, *et seq.*

1581.   Blackbaud incorporates its responses to paragraphs 1 through 1580 as if fully set forth herein. The allegations in paragraph no. 1581 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1582.   The allegations in paragraph no. 1582 contain legal conclusions to which no response is required.   To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1583.   The Amended Complaint does not identify a Plaintiff resident of the Virgin Islands. Blackbaud consequently denies the allegations in paragraph no. 1583.

1584.   In response to paragraph no. 1584, Blackbaud admits that certain of its customers or former customers may be located in the Virgin Islands.   Any remaining allegations in this paragraph are legal conclusions to which no response is required.   To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1585.   Blackbaud denies the allegations in paragraph no. 1585.

1586.   Blackbaud denies the allegations in paragraph no. 1586.

1587.   Blackbaud denies the allegations in paragraph no. 1587.

1588.   Blackbaud denies the allegations in paragraph no. 1588.

1589.   Blackbaud denies the allegations in paragraph no. 1589.

1590.   Blackbaud denies the allegations in paragraph no. 1590.

1591.   Blackbaud denies the allegations in paragraph no. 1591.

1592.   Blackbaud denies the allegations in paragraph no. 1592.

1593.   Blackbaud denies the allegations in paragraph no. 1593.

1594.   Blackbaud denies the allegations in paragraph no. 1594.

1595.   Blackbaud denies the allegations in paragraph no. 1595.

1596.   Blackbaud denies the allegations in paragraph no. 1596.

1597.   Blackbaud denies the allegations in paragraph no. 1597.

1598.   The allegations in paragraph no. 1598 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIM 83: VIRGIN ISLANDS CONSUMER PROTECTION LAW, V.I. Code tit. 12A, §§101, *et seq.*

1599.   Blackbaud incorporates its responses to paragraphs 1 through 1598 as if fully set forth herein. The allegations in paragraph no. 1599 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1600.   The allegations in paragraph no. 1600 contain legal conclusions to which no response is required.   To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1601.   The Amended Complaint does not identify a Plaintiff resident of the Virgin Islands. Blackbaud consequently denies the allegations in paragraph no. 1601.

1602.   The allegations in paragraph no. 1602 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1603.   Blackbaud denies the allegations in paragraph no. 1603.

1604.   Blackbaud denies the allegations in paragraph no. 1604.

1605.   Blackbaud denies the allegations in paragraph no. 1605.

1606.   Blackbaud denies the allegations in paragraph no. 1606.

1607.   Blackbaud denies the allegations in paragraph no. 1607.

1608.   Blackbaud denies the allegations in paragraph no. 1608.

1609.   Blackbaud denies the allegations in paragraph no. 1609.

1610.   Blackbaud denies the allegations in paragraph no. 1610.

1611.   Blackbaud denies the allegations in paragraph no. 1611.

1612.   Blackbaud denies the allegations in paragraph no. 1612.

1613.   Blackbaud denies the allegations in paragraph no. 1613.

1614.   Blackbaud denies the allegations in paragraph no. 1614.

1615.   The allegations in paragraph no. 1615 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIMS ON BEHALF OF THE WASHINGTON SUBCLASS

## CLAIM 84: WASHINGTON DATA BREACH NOTICE ACT, Wash. Rev. Code §§ 19.255.010, *et seq.*

1616.   Blackbaud incorporates its responses to paragraphs 1 through 1615 as if fully set forth herein. The allegations in paragraph no. 1616 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1617.   Blackbaud denies the allegations in paragraph no. 1617.

1618.   The allegations in paragraph no. 1618 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1619.   Blackbaud denies the allegations in paragraph no. 1619.

1620.   Blackbaud denies the allegations in paragraph no. 1620.

1621.   Blackbaud denies the allegations in paragraph no. 1621.

1622.   Blackbaud denies the allegations in paragraph no. 1622.

1623.   The allegations in paragraph no. 1623 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIM 85: WASHINGTON CONSUMER PROTECTION ACT,
### Wash. Rev. Code Ann. §§ 19.86.020, *et seq*.

1624.   Blackbaud incorporates its responses to paragraphs 1 through 1623 as if fully set forth herein. The allegations in paragraph no. 1624 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1625.   The allegations in paragraph no. 1625 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1626.   In response to paragraph no. 1626, Blackbaud admits that certain of its customers or former customers may be located in Washington.  Any remaining allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1627.   Blackbaud denies the allegations in paragraph no. 1627.

1628.   Blackbaud denies the allegations in paragraph no. 1628.

1629.   Blackbaud denies the allegations in paragraph no. 1629.

1630.   Blackbaud denies the allegations in paragraph no. 1630.

1631.   Blackbaud denies the allegations in paragraph no. 1631.

1632.   Blackbaud denies the allegations in paragraph no. 1632.

1633.   The allegations in paragraph no. 1633 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIMS ON BEHALF OF THE WEST VIRGINIA SUBCLASS

## CLAIM 86: WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT, W. Va. Code §§ 46A-6-101, *et seq*.

1634.   Blackbaud incorporates its responses to paragraphs 1 through 1633 as if fully set forth herein. The allegations in paragraph no. 1634 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1635.   The Amended Complaint does not identify a Plaintiff resident of West Virginia. Blackbaud consequently denies the allegations in paragraph no. 1635.

1636.   The allegations in paragraph no. 1636 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1637.   In response to paragraph no. 1637, Blackbaud admits that certain of its customers or former customers may be located in West Virginia.  Any remaining allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1638.   Blackbaud denies the allegations in paragraph no. 1638.

1639.   Blackbaud denies the allegations in paragraph no. 1639.

1640.   Blackbaud denies the allegations in paragraph no. 1640.

1641.   Blackbaud denies the allegations in paragraph no. 1641.

1642.   Blackbaud denies the allegations in paragraph no. 1642.

1643.   Blackbaud denies the allegations in paragraph no. 1643.

1644.   Blackbaud denies the allegations in paragraph no. 1644.

1645.   Blackbaud denies the allegations in paragraph no. 1645.

1646.   Blackbaud denies the allegations in paragraph no. 1646.

1647.   Blackbaud denies the allegations in paragraph no. 1647.

1648.   Blackbaud denies the allegations in paragraph no. 1648.

1649.   Blackbaud denies the allegations in paragraph no. 1649.

1650.   Blackbaud denies the allegations in paragraph no. 1650.

1651.   Blackbaud denies the allegations in paragraph no. 1651.

1652.   Blackbaud denies the allegations in paragraph no. 1652.

1653.   Blackbaud denies the allegations in paragraph no. 1653.

1654.   Blackbaud denies the allegations in paragraph no. 1654.

1655.   Blackbaud denies the allegations in paragraph no. 1655.

1656.   The allegations in paragraph no. 1656 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIMS ON BEHALF OF THE WISCONSIN SUBCLASS

## CLAIM 87: WISCONSIN DECEPTIVE TRADE PRACTICES ACT,
### Wis. Stat. § 100.18

1657.   Blackbaud incorporates its responses to paragraphs 1 through 1656 as if fully set forth herein. The allegations in paragraph no. 1657 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1658.   The allegations in paragraph no. 1658 contain legal conclusions to which no response is required.   To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1659.   The Amended Complaint does not identify a Plaintiff resident of Wisconsin. Blackbaud consequently denies the allegations in paragraph no. 1659.

1660.   Blackbaud denies the allegations in paragraph no. 1660.

1661.   Blackbaud denies the allegations in paragraph no. 1661.

1662.   Blackbaud denies the allegations in paragraph no. 1662.

1663.   Blackbaud denies the allegations in paragraph no. 1663.

1664.   Blackbaud denies the allegations in paragraph no. 1664.

1665.   Blackbaud denies the allegations in paragraph no. 1665.

1666.   Blackbaud denies the allegations in paragraph no. 1666.

1667.   Blackbaud denies the allegations in paragraph no. 1667.

1668.   Blackbaud denies the allegations in paragraph no. 1668.

1669.   Blackbaud denies the allegations in paragraph no. 1669.

1670.   The allegations in paragraph no. 1670 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1671.   The allegations in paragraph no. 1671 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

### CLAIM 88: WISCONSIN CONFIDENTIALITY OF HEALTH RECORDS LAW, Wis. St.§ 146.82, § 142.84

1672.   Blackbaud incorporates its responses to paragraphs 1 through 1671 as if fully set forth herein. The allegations in paragraph no. 1672 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1673.   The allegations in paragraph no. 1673 purport to characterize the law, which speaks for itself.  To the extent the allegations misconstrue or mischaracterize the law, Blackbaud denies the allegations.

1674.   The Amended Complaint does not identify a Plaintiff resident of Wisconsin. Blackbaud consequently denies the allegations in paragraph no. 1674.

1675.   The Amended Complaint does not identify a Plaintiff resident of Wisconsin. Blackbaud consequently denies the allegations in paragraph no. 1675.

1676.   The Amended Complaint does not identify a Plaintiff resident of Wisconsin. Blackbaud consequently denies the allegations in paragraph no. 1676.

1677.   Blackbaud denies the allegations in paragraph no. 1677.

1678.   Blackbaud denies the allegations in paragraph no. 1678.

1679.   Blackbaud denies the allegations in paragraph no. 1679.

1680.   The allegations in paragraph no. 1680 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIMS ON BEHALF OF THE WYOMING SUBCLASS

### CLAIM 89: COMPUTER SECURITY BREACH; NOTICE TO AFFECTED PERSONS, Wyo. Stat. Ann. §§ 40-12-502(a), *et seq*.

1681.   Blackbaud incorporates its responses to paragraphs 1 through 1680 as if fully set forth herein. The allegations in paragraph no. 1681 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1682.   The allegations in paragraph no. 1682 contain legal conclusions to which no response is required.   To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1683.   The Amended Complaint does not identify a Plaintiff resident of Wyoming. Blackbaud consequently denies the allegations in paragraph no. 1683.

1684.   Blackbaud denies the allegations in paragraph no. 1684.

1685.   Blackbaud denies the allegations in paragraph no. 1685.

1686.   Blackbaud denies the allegations in paragraph no. 1686.

1687.   Blackbaud denies the allegations in paragraph no. 1687.

1688.   The allegations in paragraph no. 1688 are a characterization of Plaintiffs' claims to which no response is required.   To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## CLAIM 90: VIOLATION OF THE WYOMING CONSUMER PROTECTION ACT, Wyo. Stat. Ann. § 40-12-101, *et seq*.

1689.   Blackbaud incorporates its responses to paragraphs 1 through 1688 as if fully set forth herein. The allegations in paragraph no. 1689 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to pursue this claim.

1690.   The allegations in paragraph no. 1690 contain legal conclusions to which no response is required.  To the extent a response is required and the allegations are contrary to law or fact, Blackbaud denies the allegations.

1691.   The Amended Complaint does not identify a Plaintiff resident of Wyoming. Blackbaud consequently denies the allegations in paragraph no. 1691.

1692.   Blackbaud denies the allegations in paragraph no. 1692.

1693.   Blackbaud denies the allegations in paragraph no. 1693.

1694.   Blackbaud denies the allegations in paragraph no. 1694.

1695.   Blackbaud denies the allegations in paragraph no. 1695.

1696.   Blackbaud denies the allegations in paragraph no. 1696.

1697.   The allegations in paragraph no. 1697 are a characterization of Plaintiffs' claims to which no response is required.  To the extent a response is required, Blackbaud denies that Plaintiffs are entitled to the relief requested.

## IX.   RESPONSE TO PRAYER FOR RELIEF

The paragraphs under the heading "Prayer for Relief" on pages 422 through 423 of the Amended Complaint, including the numbered and unnumbered paragraphs, do not contain allegations to which a response is required.  To the extent these paragraphs of the Amended Complaint contain any allegations to which a response is required, Blackbaud denies the

allegations. Blackbaud denies that Plaintiffs are entitled to any relief whatsoever from Blackbaud, including but not limited to the relief requested under the heading of the Amended Complaint labeled "Prayer for Relief."

Blackbaud denies any remaining allegations in Plaintiffs' Amended Complaint to the extent not expressly admitted above, and otherwise denies that it is liable to Plaintiffs for any of the requests for relief set forth in Plaintiffs' Amended Complaint.

## X.    ADDITIONAL DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiffs, Blackbaud pleads the following defenses:

### FIRST DEFENSE

The Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs lack standing to assert their claims under Article III of the United States Constitution.

### THIRD DEFENSE

Plaintiffs lack prudential standing to assert their claims.

### FOURTH DEFENSE

Plaintiffs' claims fail because they have not suffered any recoverable form of damages.

### FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by their failure to exercise due care and diligence to avoid or mitigate any damages allegedly sustained.

### SIXTH DEFENSE

The alleged damages suffered by Plaintiffs, if any, were caused by the superseding and

intervening acts of others whose conduct Blackbaud did not control (*e.g.*, Blackbaud's customers).

### SEVENTH DEFENSE

Plaintiffs' claims are barred because any alleged harm is the result of the intervening and superseding criminal conduct of a third party, not Blackbaud.

### EIGHTH DEFENSE

Plaintiffs' claims are barred by the doctrine of contributory or comparative negligence.

### NINTH DEFENSE

Plaintiffs' recovery, if any, should be diminished by the proportion of Plaintiffs' own negligence or other fault under the doctrine of comparative fault.

### TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by lack of actual or proximate causation.

### ELEVENTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs' alleged damages, if any, were not reasonably foreseeable and because Plaintiffs' alleged damages are supported only with speculation and conjecture.

### TWELFTH DEFENSE

Under applicable law, Blackbaud does not owe a common law duty of care to Plaintiffs because, among other reasons, Blackbaud had no relationship with Plaintiffs and engaged in no transactions with Plaintiffs.

### THIRTEENTH DEFENSE

Plaintiffs' negligence claim is barred by the Due Process Clause of the United States Constitution because Blackbaud lacked adequate notice of an applicable common law duty of care.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the economic loss rule and/or the source of duty rule.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, or unclean hands including, without limitation, because Plaintiffs previously made their personal information public and/or because that information was previously exposed in prior unrelated data breaches.

## SIXTEENTH DEFENSE

Blackbaud at all times acted in good faith and in compliance with applicable laws and regulations.

## SEVENTEENTH DEFENSE

To the extent Plaintiffs seek exemplary or punitive damages, such awards are prohibited here under the Fifth and Fourteenth Amendments to the United States Constitution.

## EIGHTEENTH DEFENSE

To the extent Plaintiffs seek exemplary or punitive damages, the Amended Complaint is devoid of facts sufficient to constitute a cause of action allowing for such an award.

## NINETEENTH DEFENSE

Plaintiffs are barred from recovering in excess of any statutory caps on punitive damages that may apply in this action.

## TWENTIETH DEFENSE

Plaintiffs' claims may not properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure.

### TWENTY-FIRST DEFENSE

Plaintiffs' claims fail due to their failure to satisfy conditions precedent to suing under the laws on which Plaintiffs base some or all of their claims, including but not limited to Plaintiffs' failure to provide requisite written demands.

### TWENTY-SECOND DEFENSE

Plaintiffs' claims fail, in part, because Plaintiffs cannot maintain claims in a representative capacity under their state-law statutory causes of action, including for those states where they are not citizens.

### TWENTY-THIRD DEFENSE

Plaintiffs' claims fail to the extent the statutes or regulations upon which Plaintiffs rely do not provide individuals with a private right of action.

### TWENTY-FOURTH DEFENSE

Plaintiffs' Amended Complaint fails to plead claims of fraud with particularity and fails to plead that Blackbaud acted with scienter.

### TWENTY-FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation and/or repose.

### TWENTY-SIXTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs did not rely upon any alleged misrepresentations or omissions of Blackbaud or, alternatively, such reliance was not reasonable or justified.

### TWENTY-SEVENTH DEFENSE

Plaintiffs' claims fail due to the absence of any material misrepresentations, misleading

disclosures, and/or omissions made by Blackbaud to Plaintiffs upon which Plaintiffs could have reasonably or justifiably relied.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are barred by the defense of setoff where Plaintiffs received compensation or reimbursement from other sources for injury alleged as a result of the Ransomware Attack.

## TWENTY-NINTH DEFENSE

Plaintiffs' state law consumer protection claims are barred because Blackbaud's conduct did not rise to the level of being unfair, abusive, deceptive, or unlawful, and Blackbaud's conduct was not immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.

## THIRTIETH DEFENSE

Plaintiffs' state law consumer protection claims are barred to the extent they lack statutory standing to assert them and/or fail to satisfy the statutory definitions/requirements to assert their claims, including against an entity with which they had no direct relationship and that did not transact with individual consumers.

## THIRTY-FIRST DEFENSE

Some of Plaintiffs' state law consumer protection claims are barred because Plaintiffs have not purchased consumer goods or services from Blackbaud for primarily household purposes.

## THIRTY-SECOND DEFENSE

Blackbaud cannot be held liable under the California Consumer Privacy Act because it is a "service provider" and not a "business."

## THIRTY-THIRD DEFENSE

Blackbaud cannot be held liable under the California Consumer Privacy Act to the extent

that the entity to which Plaintiffs provided any information was a non-profit.

## THIRTY-FOURTH DEFENSE

Blackbaud cannot be held liable under the California Consumer Privacy Act to the extent that any information implicated by the Ransomware Attack was not personal information implicated by the provisions of Cal. Civ. Code § 1798.29 or Cal. Civ. Code § 1798.81.5.

## THIRTY-FIFTH DEFENSE

Blackbaud cannot be held liable under the California Consumer Privacy Act to the extent that it maintained reasonable data security measures.

## THIRTY-SIXTH DEFENSE

Blackbaud cannot be held liable under the California Consumer Privacy Act to the extent that Plaintiffs did not provide Blackbaud with an opportunity to cure any alleged violations of the statute and/or to the extent that Blackbaud remediated any alleged violations of the statute within thirty days of receiving notice of the alleged violations.

## THIRTY-SEVENTH DEFENSE

Blackbaud cannot be held liable under the California Confidentiality of Medical Information Act to the extent that the information impacted by the Ransomware Attack for any Plaintiff was not "medical information" under the statute.

## THIRTY-EIGHTH DEFENSE

Blackbaud cannot be held liable under the California Confidentiality of Medical Information Act on the basis that it is not a "provider" of healthcare.

## THIRTY-NINTH DEFENSE

Blackbaud cannot be held liable under the California Confidentiality of Medical Information Act on the basis that does not "provide software or hardware to consumers," including

to any Plaintiff.

## FORTIETH DEFENSE

Blackbaud cannot be held liable under the California Confidentiality of Medical Information Act to the extent that it did not disclose/release any medical information about any Plaintiff.

## FORTY-FIRST DEFENSE

Blackbaud cannot be held liable under the California Confidentiality of Medical Information Act to the extent that the threat actor responsible for the Ransomware Attack did not view any Plaintiffs' medical information.

## FORTY-SECOND DEFENSE

Blackbaud cannot be held liable under the California Confidentiality of Medical Information Act because Blackbaud did not collect or store their personal information for the diagnosis, treatment, or management of a medical condition.

## FORTY-THIRD DEFENSE

Blackbaud cannot be held liable under the California Confidentiality of Medical Information Act to the extent that it maintained reasonable data security measures to prevent the unauthorized disclosure/release of medical information.

## FORTY-FOURTH DEFENSE

Plaintiffs' claim under the Florida Deceptive and Unfair Trade Practices Act fails because Blackbaud did not engage in any unfair or deceptive acts or practices.

## FORTY-FIFTH DEFENSE

Plaintiffs' claims for injunctive relief, including under the Florida Deceptive and Unfair Trade Practices Act, fail because Plaintiffs are not at a substantial or imminent risk of future injury.

## FORTY-SIXTH DEFENSE

Blackbaud cannot be held liable under New York General Business Law § 349 because Blackbaud's software-as-a-service products are not consumer oriented.

## FORTY-SEVENTH DEFENSE

Blackbaud cannot be held liable under New York General Business Law § 349 because it did not engage in any unfair, deceptive, or misleading acts or practices.

## FORTY-EIGHTH DEFENSE

Blackbaud cannot be held liable under New York General Business Law § 349 to the extent that Plaintiffs did not rely on and/or were not exposed to any claimed unfair, deceptive, or misleading act or practice.

## XI.    **RESERVATION**

Blackbaud expressly and specifically reserves the right to amend this answer to add, remove, or modify defenses based on legal theories, facts, and circumstances that have been or will be divulged through discovery and/or further legal analysis of Plaintiffs' positions in this litigation.

## XII.    **JURY TRIAL DEMAND**

Blackbaud demands a jury trial for all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**WHEREFORE**, having fully answered Plaintiffs' Amended Complaint, Blackbaud requests that the Amended Complaint be dismissed with prejudice; that judgment be entered in Blackbaud's favor; that costs be taxed against Plaintiffs; and that Blackbaud be awarded such additional relief as the Court deems just and proper.

Dated: March 4, 2022                          Respectfully submitted,

                                              /s/ Celeste T. Jones
                                              Celeste T. Jones (Fed. ID # 2225)
                                              **BURR FOREMAN MCNAIR**
                                              1221 Main Street, Suite 1800
                                              Columbia, SC 29201
                                              Tele: (803) 799-9800
                                              Fax: (803) 753-3278
                                              ctjones@burr.com

                                              Ronald I. Raether, Jr.
                                              **TROUTMAN PEPPER**
                                              **HAMILTON SANDERS LLP**
                                              5 Park Plaza Suite 1400
                                              Irvine, CA 92614
                                              Tele: (949) 622-2722
                                              Fax: (949) 622-2239
                                              ron.raether@troutman.com

                                              Ashley L. Taylor, Jr.
                                              David N. Anthony
                                              Timothy J. St. George
                                              Ryan J. Strasser
                                              **TROUTMAN PEPPER**
                                              **HAMILTON SANDERS LLP**
                                              1001 Haxall Point
                                              Suite 1500
                                              Richmond, VA 23219
                                              Tele: (804) 697-1478
                                              Fax: (804) 697-1339
                                              ashley.taylor@troutman.com
                                              david.anthony@troutman.com
                                              timothy.st.george@troutman.com
                                              ryan.strasser@troutman.com

                                              Angelo A. Stio, III
                                              **TROUTMAN PEPPER**
                                              **HAMILTON SANDERS LLP**
                                              301 Carnegie Center
                                              Suite 400
                                              Princeton, NJ 08543
                                              Tele: (609) 951-4125
                                              Fax: (609) 452-1147
                                              angelo.stio@troutman.com

Cindy D. Hanson
**TROUTMAN PEPPER**
**HAMILTON SANDERS LLP**
600 Peachtree Street NE
Suite 3000
Atlanta, GA 30308
Tele: (404) 885-3830
Fax: (404) 885-3900
cindy.hanson@troutman.com

Amy Pritchard Williams
Joshua D. Davey
**TROUTMAN PEPPER**
**HAMILTON SANDERS LLP**
301 South College Street
Suite 3400
Charlotte, NC 28202
Tele: (704) 916-1503
Fax: (704) 998-4051
amy.williams@trouman.com
joshua.davey@troutman.com

Tambry L. Bradford
**TROUTMAN PEPPER**
**HAMILTON SANDERS LLP**
350 S Grand Avenue
Suite 3400
Los Angeles, CA 90071
Tele: (213) 928-9805
Fax: (213) 928-9850
tambry.bradford@troutman.com

S. Mohsin Reza
**TROUTMAN PEPPER**
**HAMILTON SANDERS LLP**
401 9th Street NW, Suite 1000
Washington, DC 20004
Tele: (202) 274-1927
Fax: (703) 448-6510
mohsin.reza@troutman.com

J. Rutledge Young, III
**DUFFY AND YOUNG LLC**
96 Broad Street
Charleston, SC 29401
Tele: (843) 720-2044
Fax: (843) 720-2047

ryoung@duffyandyoung.com

*Attorneys for Defendant Blackbaud, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 4, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.


/s/ Celeste T. Jones
Celeste T. Jones

*Counsel for Defendant Blackbaud, Inc.*